## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST St. LOUIS DIVISION

DEMETRIUS ROSS, #K-52284,                       )
                                                )
           Plaintiff,                       )
                                                )
    -vs-                                        )        No. 15-309
                                                )
GREG GOSSETT, et al.,                           )
                                                )
           Defendants.                      )

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

NOW COME the Defendants, Adams, Robert; Albrecht, Steve; Anderson, Pat; Anderton, Khorey; Ankrom, Brendan; Arnett, Sarah; Ausbrook, Bradley; Bailey, Bryan; Bailey, Gene; Bailliez, Shawn; Baughman, Mike; Baylon, Derek; Baylor, Randy; Beasley, Stephanie; Berry, James; Berry, Nathan; Bottrell, Andrew; Bowers, Mark; Bowers, Mike; Boyd, Larry; Brace, Hubert; Brant, Christopher; Brooks, Kyle; Brown, Douglas; Brown, Kenny; Bruce, James; Bucco, Dennis; Buchanan, Zachariah; Butler, Kim; Cales, Christopher; Campbell, Aaron; Cannon, Matt; Caron, Chase; Carter, Fredrick; Carter, Jarrod; Cartwright, Kevin; Cissell, James; Clark, Bradley; Clary, Ethan; Cogdal, Vincent; Compton, Charles; Conklin, Nick; Conrad, Steven; Conrad, Timothy; Cotton, Dawayne; Craddock, Angela; Curry, Josh; Dams, Jason; Davis, Benny; Davis, Ryan; Dean, Michael; Dees, Matt; Degroof, Rene; Derenzy, Drew; Dilg, Dwight; Dircks, Justin; Donjon, Kyle; Dorethy, Robert; Duncan, Stephen; Easton, Bryan; Ebers, Scott; Eckelberry, Justin; Eldridge, Olin; Ellinger, Lisa; Elliot, Blake; Engelage, Justin; Engelage, Wesley; English, David; Eovaldi, Frank; Finney, Keneth; Fluder, Matt; France,

1

Joseph; Fricke, Charles; Furlow, Jason; Gangloff, Andrew; Ginder, Jason; Gladney, Edwin; Goble, Maury; Gosnell, James; Gossett, Greg; Gregson, Shane; Guetersloh, Brian; Hamilton, Akeem; Hammers, Justin; Hanks, Mark; Harmon, Dustin; Harper, Jerry; Harrington, Noble; Harris, Kendall; Harris, Richard; Heiman, Tracy; Heinzmann, Ayla; Hepp, Joel; Hermetz, David; Herzog, Bradley; Hirch, Kevin; Holder, David; Hough, Seth; Howell, Shayne; Hughey, Kyle; Hughey, William; Hunter, Brandon; Jenkins, Curtis; Jenkins, Marcus; Jester, Jason; Johnson, Brad; Johnson, James; Johnson, Justin; Johnson, Kevin W.; Jones, Anthony; Jones, John; Jones, Michael; Jones, Tyler; Kamp, Robert; Kidd, Jeffrey; Koch, John; Krammer, Erik; Kulich, Brian; Lamb, Scott; Laminack, Michael; Lampley, Nicholas; Lewis, Ben; Line, Doug; Livingston, Brian; Lloyd, Brandon; Lloyd, James; Lockhart, Alexander; Lohnes, Nick; Luker, Chris; Maragni, John; Martin, Dale; Mason, Doug; Massey, Kyle; Mays, Andrew; McAllister, Timothy; McBride, Jeremy;   McCann, Ray; McCormick, Walter; McMillan, Jay; Mennerich, Lucas; Migeron, Jason; Milam, Jacob; Mohr, John; Moll, Alex; Monical, Dale; Monroe, Wesley; Morrill, Canduce; Morris, Jason; Moser, Andrew; Mullin, Dan; Myers, William; Nalley, Nick; Ochs, Travis; Parker, Lee; Passmore, Robert; Patterson, Jeremiah; Perkins, Gary;  Phelps, Andy; Phillips, Jared; Piper, Brian; Porter, Kenny; Provence, Larry; Pulliam, Donald ; Ralston, Trent; Renk, Rory; Restoff, John; Richard, Steven; Rigdon, James; Rivett, Robert; Roeckeman, Zach; Rowland, Trevor; Sappington, Chad; Sawyer, Stephen; Scott, Minh; Senn, Anthony; Shehorn, Samuel; Shelton, Eric; Shoultz, Ron;  Simmons, Mitch; Skaggs, Jamie; Smith, Derek; Smith, Kenneth; Smith, Randy; Smith, Shane; Stark, Gary; Stein, Cally; Stolworthy, Donald; Stout, Andy; Stuck, Thomas (Brad); Stufflebeam, Mike; Tanner, Jerry; Tate, Sierra; Taylor, Sam; Thomason, Maryellen; Thompson, Ashley; Thompson, Frank; Thousand, Tammy; Tribble,

2

Matthew;   Volk, Andrew; Walljasper, Cayd; Walsh, Robert; Ward, Nathan; Waters, Rene;

Watkins, James; Weber, Eric; Wenzel, Eric; Westerman, Aaron; Wilcoxen, Steve; Willis, Dallas;

Wilson, Brice; Winka Matthew; Winters, Carson; Wise, Lance; Witthoft, Jerry; Yonaka, Brad;

Yurkovich, Joseph; Zang, Caleb; Ziegler, Ryan; Zollars, Jason, by and through their attorney,

Lisa Madigan, Attorney General for the State of Illinois, pursuant to Fed. R. Civ. Pro Rule

12(b)(1) and Rule 12(b)(6) hereby file the instant Memorandum of Law in Support of Their

Motion to Dismiss, stating as follows:

## INTRODUCTION

On March 19, 2015, Plaintiff filed a complaint against Defendants pursuant to 42 U.S.C.

§ 1983 and included pendant tort claims.  (Doc.1).  Plaintiff's complaint states that he is suing

"on behalf of himself and all others similarly situated" for alleged violations related to

institutional searches in Illinois Department of Corrections facilities.  Plaintiff sued almost 240

named individuals, as well as "Unknown Members of Tactical Team Known As 'Orange

Crush.'"  (Doc.1, pp. 1-3).   Although Plaintiff requests class certification in his complaint, at

present this is only an action by one inmate against 236 officers.

Plaintiff was at Illinois River Correctional Center for all times relevant to his complaint.

(Doc.1, p. 8, ¶ 7).  He claims that a "shakedown" was conducted of each cell house at the facility

at Illinois River in April 2014.  Plaintiff also included allegations that similar searches were done

at Menard Correctional Center, Big Muddy River Correctional Center, and Lawrence

Correctional Center in 2014.  (Doc.1, pp. 17-18, ¶ 36).  Plaintiff divided his complaint into five

counts:

Count I:  Eighth Amendment cruel and unusual punishment;

Count II:  § 1983 Conspiracy;

3

Count III:  Eighth Amendment failure to intervene;

Count IV:  Prison Rape Elimination Act; and

Count V:  Intentional infliction of emotional distress.

(Doc.1).

Defendants move to dismiss Plaintiff's complaint.  First, Defendants move for dismissal because Plaintiff fails to state a claim showing he is entitled to relief from the Defendants. Second, Plaintiff fails to adequately plead his claim of conspiracy.  Third, Plaintiff lacks standing to sue for any claims arising out of a facility other than Illinois River, where he was located. Fourth, Plaintiff has no private cause of action to sue under the Prison Rape Elimination Act. Finally, Plaintiff's claim of intentional infliction of emotional distress is barred by sovereign immunity.

## ARGUMENT

### I.   DEFENDANTS MOVE PURSUANT TO FEDERAL RULE 12(b)(6) BECAUSE PLAINTIFF FAILS TO STATE A CLAIM SHOWING HE IS ENTITLED TO RELIEF FROM THE DEFENDANTS.

Federal Rule 8 provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's complaint in this suit fails to comply with the pleading rules.   Plaintiff filed a 31-page complaint that names 236 individual Defendants but fails to adequately state a claim against any individual Defendant.

Plaintiff has sued more than 200 individuals but fails to describe with reasonable particularity any individual who may be responsible for his claims.  Vicarious liability is inapplicable to §1983 suits; this means that "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft

4

v. Iqbal, 556 U.S. 662, 676 (2009).  The factual allegations regarding the shakedown at Illinois River in April 2014 (and the other shakedowns where Plaintiff was not present) allude generally to "Defendant Orange Crush Officers."  The only individuals actually identified within the factual allegations of the complaint are a "Defendant Albright" (*see* Doc.1, p. 16, ¶¶ 29-30), who is not named anywhere else in the suit or in the caption, and the supervisors of the respective prisons described in the suit:  Greg Gossett, Zach Roeckeman, Stephen Duncan, Kim Butler, and Joseph Yurkovich.  (Doc.1).

The need for some identification is particularly important to this suit, which contains claims of unconstitutional uses of force, failure to intervene to stop the unconstitutional use of force, and intentional infliction of emotional distress.  (Doc.1, Counts I, III, & V).  These claims require identification of those alleged to be responsible individuals for an individualized inquiry into their state of mind.  As the Seventh Circuit wrote in Harper v. Albert:

> In order for courts to satisfy the mandate to inquire into the state of mind of prison officials who have allegedly caused a constitutional violation . . . it is most imperative that we are provided with identified culprits; for without minds to examine, we cannot conduct an individualized inquiry.

400 F.3d 1052, 1065 (7th Cir. 2005) (internal quotations and citations omitted).  Instead of making a reasonable attempt to identify the particular persons responsible for his constitutional and tort claims, Plaintiff seeks via general, unspecified allegations, to hold 236 individuals individually liable for them.

The Seventh Circuit considered another issue similar to that raised here when it reviewed Fillmore v. Page, 358 F.3d 496 (7th Cir. 2004).  There the appellate court reviewed an inmate-plaintiff's Eighth Amendment force claims that had been dismissed by the district court.  The

5

inmate in that case sued 17 individuals who were separated into three different groups: those who had actual physical contact with the inmate, those who he accused of ordering or failing to intervene in the alleged abuse, and those who allegedly abused him but whom he was unable to identify. Id. at 501-502. After rejecting the Plaintiff's attempt to sue the third group—the group of unidentified individuals—under a joint liability theory, the appellate court ultimately remanded that portion of the case to allow additional inquiry into which officers could have been involved in the claims. Id. at 507-508.

There, the court wrote: "Fillmore's principal strategy is to allege a far-flung conspiracy to inflict punishment on him for his suspected role in the attack on the guards, and then to rely on the common law doctrine of joint liability to overcome his inability to identify exactly who was beating him." Id. at 507. The court noted that there are circumstances in which multiple defendants may be held jointly liable for an injury; however, it is "appropriate only where all of the defendants have committed the negligent or otherwise illegal act, and so only causation is at issue." Id.

Here, Plaintiff's complaint is based on a theory of joint liability of hundreds of prison employees. Plaintiff has sued them largely as one group; however, under the distinction made in *Fillmore*, this is not legally appropriate. Plaintiff cannot sue Defendants jointly without identifying or adequately pleading each individual's involvement. In this case, as in Fillmore, Plaintiff's Eighth Amendment claims arise under conditions concerning the use of force and failure to intervene; however, here, the Plaintiff fails to narrow the claims sufficiently so that the individual Defendants may understand the claims against them or investigate Plaintiff's claims. Due to the large number of named Defendants, this is not a case where the Plaintiff should be

allowed to proceed and conduct additional inquiry; the entire complaint should be stricken. See

Bell Atlantic Corp v. Twombly, 550 U.S. 544, 558 (2007) ("a district court must retain the power

to insist upon some specificity in pleading before allowing a potentially massive factual

controversy to proceed") (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459

U.S. 519, 528 n. 17 (1983).

Plaintiff has named "Unknown Members of Tactical Team Known As 'Orange Crush'"

in addition to the 236 named Defendants, indicating that Plaintiff is not even sure the 236 named

Defendants were the only ones involved in his claims.  Yet, Plaintiff fails to identify any

individual or "Doe" Defendant who actually had contact with him.  Plaintiff does not even

narrow the group down or identify a number of individuals who perpetrated an Eighth

Amendment violation or tort against him.  In fact, the complaint could be read as indicating

Plaintiff has no idea if even one of the named Defendants was personally involved in causing

Plaintiff's claimed injuries.  Instead of making a reasonable effort to ensure that he brought suit

against those who could be responsible, Plaintiff filed a buckshot complaint in an attempt to

require answers or discovery from people who could not all possibly be involved with his claims.

Moreover, to the extent Plaintiff fails to identify a particular Defendant personally

responsible for his claims concerning the use of force, his claims of failure to intervene must also

fail. Harper, 400 F.3d at 1066.  Because Plaintiff does not provide adequate allegations as to the

underlying Eighth Amendment claims, the claims against the individual wardens and supervisors

that are predicated on the alleged constitutional violations are also insufficient.  Plaintiff's

complaint should be stricken for failing to comply with the basic pleading rules.

In an opinion that is not binding in this Circuit but is well-articulated, the First Circuit Court of Appeals dismissed a complaint "embroidered in 39 pages laced with rhetoric and invective" because the factual allegations of the complaint were insufficient to state an actionable claim. Dartmouth Review v. Dartmouth College, 889 F.2d 13, 15 (1st Cir. 1989). The court went on to clarify that the federal pleading requirements are low but "minimal requirements are not tantamount to nonexistent requirements." Id. at 16 (quoting Gooley v. Mobil Oil Corp., 851 F.3d 513, 514 (1st Cir. 1988)). And, while it is easy to provide "[g]auzy generalities, unsupported, conclusions, subjective characterizations, and problematic suppositions," the need for sufficient factual allegations is "perhaps greater where allegations of civil rights violations lie at the suit's core." Id.

Ultimately, a complaint only requires "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. But "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal citations omitted). Here, Plaintiff's complaint is lengthy but is short on factual allegations against the individuals named in the suit. And, it is not plausible that more than 200 people inflicted the claimed harms to Plaintiff. Because Plaintiff fails to plead sufficient factual allegations against each Defendant, his complaint should be dismissed in its entirety.

## II. DEFENDANTS MOVE PURSUANT TO FEDERAL RULE 12(b)(6) TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM FOR FAILURE TO ADEQUATELY STATE A CLAIM.

In order to maintain a §1983 conspiracy claim, Plaintiff "must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and 2)

actual deprivations of those rights in the form of overt acts in furtherance of the agreement."

Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988).  The United States Supreme Court has

addressed the minimum pleading requirements necessary to state a cause of action for

conspiracy.  Bell Atlantic Corp., 550 U.S. 544.[1]  The court rejected the axiom of Conley v.

Gibson, 355 U.S. 41, 45-46 (1957) that a complaint should not be dismissed unless it appears

beyond doubt that a plaintiff can prove no set of facts which would entitle him to relief.  Bell

Atlantic, 127 S.Ct. at 1969 ("[A]fter puzzling the profession for 50 years, this famous

observation has earned its retirement.")  While a complaint does not need detailed factual

allegations, the obligation to provide the grounds of plaintiff's entitlement to relief requires more

than "labels and conclusions and a formalistic recitation of the elements of the cause of action

will not do.  Id. at 1964-65.  "Factual allegations must be enough to raise a right to relief above

the speculative level."  Id. at 1965.

In order to plead a claim based upon conspiracy, a plaintiff must plead enough factual

matters to suggest that an agreement was made.  Id.  "Asking for plausible grounds to infer an

agreement does not impose a probability requirement at the pleading stage; it simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal

agreement."  Id.  A complaint which does not meet the minimum requirement of pleading some

facts to infer that an illegal conspiracy has taken place, "should be exposed at the point of

minimum expenditure of time and money by the parties and the court."  Id. at 1966.  "[I]t is not

---

[1]Although the Bell Atlantic court was concerned with the facts which must be pleaded to
state a cause of action under the Sherman Act, the case was decided based upon the requirements
of Rule 8 of the Federal Rules of Civil Procedure, which are equally applicable to other federal
actions.   The Bell Atlantic standard has been found applicable in other causes of action.
Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007)(42 U.S.C. §1983); EEOC v. Concentra
Health Services, Inc., 496 F.3d 773 (7th Cir.2007)(Title VII).

enough for the complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief." Concentra Health Services, 496 F.3d at 777 (emphasis in original).

In Count II, Plaintiff purports to bring a claim of conspiracy pursuant to 42 U.S.C. §1983. However, the allegations of Count II are nothing more than the bare recitation of the elements of conspiracy and insufficient under the analysis of Twombly.    Plaintiff states "[d]efendants reached an agreement among themselves to deprive the prisoners housed at Illinois River, Big Muddy River, Lawrence, and Menard (including Ross) of their constitutional rights." (Doc. 1 ¶59).  It is also alleged "in furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant." (Doc. 1 ¶ 60).   The complaint does not provide the plausible grounds to infer an agreement or meeting of the minds for conspiracy. With the facts alleged within the complaint, it is not plausible that 236 named Defendants along with "unknown" defendants had a meeting of the minds and conspired to be part of a conspiracy to violate the rights of inmates at four different prisons at varying times.   A complaint consisting of nothing more than "'naked assertion[s]' devoid of 'further factual enhancement,'" must be dismissed for failing to meet the requirements of Rule 8.  Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp., 550 U.S. at 557.

III.    **DEFENDANTS MOVE TO DISMISS ALL CLAIMS ARISING OUT PRISONS OTHER THAN ILLINOIS RIVER CORRECTIONAL CENTER PURSUANT TO 12(b)(1) AS A RESULT OF PLAINTIFF'S LACK OF STANDING TO BRING SAID CLAIMS.**

Standing is a threshold requirement to any suit, originating from Article III's limitation of judicial power to the resolution of cases and controversies.  Allen v. Wright, 468 U.S. 737, 750 (1984).  To show that plaintiff has a sufficient interest to meet this requirement, plaintiff must

show that he has (1) suffered an injury in fact that is concrete and particularized and actual or imminent, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Kyles v. J.K. Guardian Security Services, 222 F.3d 289, 294 (7th Cir. 2000).  The party invoking federal jurisdiction has the burden of establishing the required elements of standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Plaintiff lacks standing to bring suit against the Defendants assigned to SORT units at Menard Correctional Center, Big Muddy River Correctional Center, and Lawrence Correctional Center.

The complaint brought by Plaintiff specifically alleges that he was housed at Illinois River.  (Doc. 1, ¶7).  Plaintiff's claimed injuries derive from the allegedly humiliating strip searches and unconstitutional force applied during an Illinois River shakedown.  (Doc. 1, ¶19-35).  Plaintiff also purports to bring claims against Defendants from different correctional facilities on the grounds that similar shakedowns were conducted at those facilities.  (Doc. 1, ¶36).  However, Plaintiff does not allege he was subjected to shakedowns at any correctional facility other than Illinois River.  (See Doc. 1).  Plaintiff does not have an injury "traceable" to the Defendants assigned to any correctional facility other than Illinois River Correctional Center. In fact, Plaintiff does not have an injury "traceable" to the Defendants that conducted shakedowns at Illinois River, but not within Plaintiff's cell house.  Because, Plaintiff lacks standing to bring suit against any Defendant assigned to a Sort team outside of Illinois River Correctional Center, those Defendants should be dismissed from the instant cause of action.

11

Further, any Defendant that did not conduct a shakedown within Plaintiff's cell house should also be dismissed, but the complaint does not articulate which Defendants participated in his search let alone searches of only other cell houses.

Neither Plaintiff's conspiracy claim nor his intent of seeking class certification provides the necessary "traceable" injury to the Defendants assigned outside of Illinois River Correctional Center.  Plaintiff's claim of conspiracy amongst the Defendants fails to create standing because he has failed to adequately plead such a claim as argued supra in Section II, particularly as to the alleged far flung conspiracy claimed by Plaintiff.

The class allegations fail to salvage standing, because "[i]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974).  A party must establish standing and may not rely on the standing of others to substitute for a lack of his own standing.  Sierra Club v. Morton, 405 U.S. 727.  A named defendant must have a valid cause of action against each defendant, and cannot rely on allegations of putative class members if they do not also have a claim against that defendant.   Crissen v. Gupta, 994 F.Supp.2d 937, 946 (S.D. Indiana 2014).

To the extent Plaintiff desires to rely on the "juridical link" doctrine adopted by the Seventh Circuit in Payton v. County of Kane, 308 F.3d 673 (2002), the facts of that case are entirely distinguishable.  In Payton, six former arrestees released on bail filed suit as class representatives against nineteen Illinois counties, claiming that the counties violated the class representatives' Eighth and Fourteenth Amendment rights by requiring them to pay bond fees (authorized by state law).  Id. at 675-66.  The named plaintiff's injuries were traceable only to

12

the actions of two Illinois counties.  Id.  The District Court dismissed the entire cause of action

for a lack of standing prior to reviewing class certification.  Id. at 677.  On appeal, the plaintiffs

argued the class has standing to sue all defendants who were "juridically linked"; they should

have been permitted to proceed with a class action against the two counties that directly injured

them; and they at the very least should not have dismissed the individual claims.  Id. at 676.

The Court found that the named plaintiffs stated a claim and had standing to bring

individual claims against the two counties for which they had traceable injuries.  Id. 676-77.  The

Court also determined the dismissal of the class action against the two counties was premature.

Id. at 377.    The Court then reviewed the application of the "juridical link" doctrine which

essentially states "if the plaintiffs as a group – named and unnamed – have suffered an identical

injury at the hands of several parties related by way of conspiracy or concerted scheme, or

otherwise" the claim could go forward even against defendants for which plaintiff's do not

directly trace their injury.  Id. at 678 citing LaMar v. H&B Novelty & Loan Co., 489 F.2d 461,

466 (9th Cir. 1973).  Important to the analysis of the Court was that the bail bond fee was

imposed by state statute and the individual defendants were for their purposes the arm of the

state. Payton, 308 F.3d at 680.  The Court determined "[i]f the defendants with whom the named

representative did not interact directly are following a common statute (and this common factor

assures that the representative has the same legal claim as the unnamed parties, - or, to use the

terminology other courts have adopted, the defendants are "juridically linked")," there is no

automatic preclusion under either standing principles or Rule 23.  Id. at 681-82.  The claim was

essentially that the statute was invalid and the defendants were merely the actors who complied

with the statute.  Id. at 680-82.

In the instant matter, Defendants are not alleged to have followed a common statute as the Defendants in Payton. To the extent Plaintiff has attempted to plead a conspiracy to link all Defendants together, he has failed to adequately state such a claim. See supra Section II. The claims of the Plaintiff are related to the application of force and strip searches that are alleged to have exceeded the bounds of the constitution. In force cases, "the "core judicial inquiry" is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." DeWalt v. Carter, 224 F.3d 607, 619 (7th Cir. 2000), quoting Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Thus, each Defendant must have used force with the subjective intent of maliciously and sadistically causing harm to a plaintiff. Force cases require an individualized analysis as to the circumstances surrounding the force applied to each plaintiff and the subjective intent of each defendant instead of the uniform application of a statute applied in Payton.

Similarly, only those searches maliciously motivated and totally without penological justification are considered unconstitutional. Meriwether v. Faulkner, 821 F.2d 408, 418 (7th Cir. 1987). Thus a review of any damages claim would again require a case by case analysis of the circumstances and the subjective intent of the Defendant. The claims brought by Plaintiff are not the type that could be "juridically linked" and thus there must be standing to bring suit against all Defendants. Since Plaintiff lacks a traceable injury against Defendants from Big Muddy River, Lawrence, and Menard as required under the standing analysis, those Defendants should be dismissed. A viable class action complaint against all the Defendants cannot be brought by just

14

Plaintiff as a class representative.  A viable complaint would require each named Defendant to have caused a "traceable injury" to a class representative.  Plaintiff has failed to even show a traceable injury as to any of the Defendants present at Illinois River Correctional Center.

## IV.   DEFENDANT STOLWORTHY MOVES TO DISMISS THE PRISON RAPE ELIMINATION ACT CLAIM PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM.

In Count IV, Plaintiff seeks injunctive relief under Section 1983 for Defendant Stolworthy's alleged failure to comply with the regulations promulgated under the Prison Rape Elimination Act ("PREA").  (Doc. 1 pg 26-27).   PREA is intended to address the issue of prison rape.  It authorizes grant money and creates a commission to study the issue.  See 42 U.S.C. §15601 et seq.  The enforcement mechanism provided by Congress for non-compliance with the provisions of PREA is the withholding of grant monies.  42 U.S.C. §15607(e)(2).  Plaintiff has failed to even allege the State of Illinois is subject to the provisions of PREA by the acceptance of grant monies subject to its provisions.  See Complaint.  Even assuming the provisions of PREA were applicable to Illinois and were violated, there is no basis in law for a private cause of action under Section 1983 to enforce PREA violations.

"[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under §1983 or under an implied right of action."  Gonzaga Univ. v. Doe, 536 U.S. 273, 286 (2002).  As District Courts have recognized within the Seventh Circuit, there is nothing in PREA that suggests a congressional intent to create a private cause of action.  Schuenke v. Wisconsin Depart. of Corrections, 2014 WL 905529 *3 (W.D. Wis.); Meeks v. Wisconsin Resource Center, 2015 WL 847481 *2 (E.D. Wis.); Rivera v. Drake, 2010 WL 1172602 *3 (E.D. Wis.).  Plaintiff's claims in

15

Count IV should be dismissed with prejudice because there is no private cause of action under

PREA.

**V.     DEFENDANTS MOVE TO DISMISS PLAINTIFF'S STATE LAW CLAIM PURSUANT TO 12(b)(1) BECAUSE IT IS BARRED BY STATE SOVEREIGN IMMUNITY**.

Plaintiff has plead a pendent state law tort claim for intentional infliction of emotional

distress against all Defendants.  (Doc. 1 pg 28 Count V).  However, this claim is barred by

sovereign immunity.  The Eleventh Amendment does not by itself shield individuals like the

Defendants from Federal Court jurisdiction over State law tort claims. Magdziak V. Byrd, 96

F.3d 1045, 1048 (7th Cir. 1996); citing Benning v. Board of Regents of Regency Universities,

928 F.2d 778-79 (7th Cir. 1991).    However, the Seventh Circuit has stated that the Federal

Courts are bound by State rules of immunity regarding State law causes of actions.  Magdziak, at

1048.  Thus, this Court must look to Illinois rules governing immunity.

The Illinois Constitution of 1970 abolished sovereign immunity "except as the General

Assembly may provide by law."  Ill. Const. 1970 art. XIII, ¶ 4.  The legislature then enacted the

State Lawsuit Immunity Act, which provides that except as provided in the Illinois Public Labor

Relations Act [5 ILCS 315/1], the Court of Claims Act [705 ILCS 5/1], the State Officials and

Employees Ethics Act [5 ILCS 430/1-1], Section 1.5 of this Act, and, except as provided in and

to the extent provided in the Clean Coal FutureGen for Illinois Act [20 ILCS 1107/1], the State

of Illinois shall not be made a defendant or party in any court.  745 ILCS 5/1 (West 2014)).  The

Court of Claims has exclusive jurisdiction to hear and determine any claim against the state

founded upon any law of the State of Illinois ***.  705 ILCS 505/8(a) (West 2014).  The purpose

of sovereign immunity is to protect the state from interference with the performance of

16

governmental functions and to preserve and protect state funds.  People ex rel. Manning v. Nickerson, 184 Ill. 2d 245, 248, 702 N.E.2d 1278, 1280 (1998).

Under Illinois law, the applicability of sovereign immunity does not depend on the formal designation of the defendants in the action.  Jackson v. Alverez, 358 Ill.App.3d 555, 559 (2005). An action brought against a State employee in his individual capacity is viewed as having been brought against the State if there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority, (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment, and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.  Healy v. Vaupel, 133 Ill.2d 295, 309 (1990).

In the instant matter, Plaintiff sued the Defendants for acts allegedly committed within the course of their employment and pursuant to state policy.  Applying the three factor test outlined in Healy indicates that this Court lacks jurisdiction over the state law claim.  No Defendant is alleged to have acted outside the scope of his or her employment, but only to have performed a function of his or her employment duties (conducted shakedowns) pursuant to Departmental policy. (Doc. 1, ¶37, 86).  In fact, Plaintiff explicitly alleges that the Defendants acted within the scope of their employment. (Doc. 1, ¶37).  The law requires Plaintiff show that each Defendant acted for personal reasons unrelated to intent to serve his employer. Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois, 248 Ill.App.3d 599, 617 (1st Dist. 1993).  Plaintiff's own conclusory allegations that the Defendants were acting under an official state policy cuts against him and makes this a claim against the State.

17

Second, the duty of performing shakedowns and strip searches in a constitutional manner is not owed to the public generally independent of Defendants' State employment. Since Plaintiff alleges only that Defendants performed their employment duties pursuant to state policy and did not breach a duty generally owed to the public, the intentional infliction of emotional distress claim is against the State and belongs in the Court of Claims. Accordingly, this Court lacks jurisdiction over Plaintiff's state law claim.

**CONCLUSION**

Plaintiff's complaint should be dismissed for the reasons articulated above. The pleading should be stricken in its entirety for failing to adequately state a claim for relief. Further, the conspiracy claim is not properly pleaded. Plaintiff also lacks standing to sue for actions that allegedly happened at prisons other than Illinois River Correctional Center. Plaintiff also may not sue under the Prison Rape Elimination Act.

Furthermore, Plaintiff's tort claims are barred by sovereign immunity. Alternatively, if the Court enters judgment for Defendants on the federal claims, the state court claims should be dismissed as well, since jurisdiction over them is pendent to the federal claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

WHEREFORE, Defendants respectfully request that this Court grant their motion to dismiss Plaintiff's complaint.

Respectfully submitted,

Greg Gossett, et al.,

Defendants,

LISA MADIGAN, Attorney General
for the State of Illinois,

Attorney for Defendants,

Robert L. Fanning #6296345
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-2077                                      BY:     s/ Robert L. Fanning
                                                                    Robert L. Fanning
Of Counsel.                                                    Assistant Attorney General

## CERTIFICATE OF SERVICE
### No. 15-309

I hereby certify that on May 29, 2015, I electronically filed Defendants' Memorandum of

Law in Support of their Motion to Dismiss, with the Clerk of the Court using the CM/ECF

system which will send notification of such filing(s) to the following:

Sarah Grady, Mike Kanovitz
 and Jon Loevy
Loevy & Loevy
312 North May St., Suite 100
Chicago, IL.   60607
(312) 243-5900
jon@loevy.com
mike@loevy.com
sarah@loevy.com

   s/ Robert L. Fanning
Robert L. Fanning #6296345
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-2077 Phone
(217) 782-8767 Fax
E-Mail: rfanning@atg.state.il.us