IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST St. LOUIS DIVISION

| | |
|---|---|
| DEMETRIUS ROSS, #K-52284, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 15-309 |
| | ) |
| GREG GOSSETT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JOACHIM'S  MOTION TO DISMISS**

The Defendant, LORETTA JOACHIM, by and through her attorney, Lisa Madigan, Attorney General for the State of Illinois, provides the following memorandum of law in support of her motion to dismiss filed pursuant to Fed. R. Civ. Pro Rule 12(b)(1) and Rule 12(b)(6):

**INTRODUCTION**

On March 19, 2015, Plaintiff filed a complaint against Defendants pursuant to 42 U.S.C. § 1983 and included pendant tort claims. (Doc.1).  Plaintiff's complaint states that he is suing "on behalf of himself and all others similarly situated" for alleged violations related to institutional searches in Illinois Department of Corrections facilities.  Plaintiff sued almost 240 named individuals, as well as "Unknown Members of Tactical Team Known As 'Orange Crush.'" (Doc.1, pp. 1-3).  Although Plaintiff requests class certification in his complaint, at present this is only an action by one inmate against 236 officers.

Plaintiff was at Illinois River Correctional Center for all times relevant to his complaint. (Doc.1, p. 8, ¶ 7).  He claims that a "shakedown" was conducted of each cell house at the facility at Illinois River in April 2014.  Plaintiff also included allegations that similar searches were done

at Menard Correctional Center, Big Muddy River Correctional Center, and Lawrence Correctional Center in 2014. (Doc.1, pp. 17-18, ¶ 36). Plaintiff divided his complaint into five counts:

>Count I: Eighth Amendment cruel and unusual punishment;

>Count II: § 1983 Conspiracy;

>Count III: Eighth Amendment failure to intervene;

>Count IV: Prison Rape Elimination Act; and

>Count V: Intentional infliction of emotional distress.

(Doc.1).

Defendant Joachim was one of the individuals named in the complaint alleged to be assigned to Illinois River Correctional Center. (Doc. 1, p. 8, ¶ 8). Defendant moves to dismiss Plaintiff's complaint. First, Defendant moves for dismissal because Plaintiff fails to state a claim showing he is entitled to relief from the Defendant. Second, Plaintiff fails to adequately plead his claim of conspiracy. Finally, Plaintiff's claim of intentional infliction of emotional distress is barred by sovereign immunity.

## ARGUMENT

### I. DEFENDANT MOVES PURSUANT TO FEDERAL RULE 12(b)(6) BECAUSE PLAINTIFF FAILS TO STATE A CLAIM SHOWING HE IS ENTITLED TO RELIEF FROM THE DEFENDANTS.

Federal Rule 8 provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint in this suit fails to comply with the pleading rules. Plaintiff filed a 31-page complaint that names 236 individual Defendants but fails to adequately state a claim against any individual Defendant.

Plaintiff has sued more than 200 individuals but fails to describe with reasonable particularity any individual who may be responsible for his claims. Vicarious liability is inapplicable to §1983 suits; this means that "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The factual allegations regarding the shakedown at Illinois River in April 2014 (and the other shakedowns where Plaintiff was not present) allude generally to "Defendant Orange Crush Officers." The only individuals actually identified within the factual allegations of the complaint are a "Defendant Albright" (*see* Doc.1, p. 16, ¶¶ 29-30), who is not named anywhere else in the suit or in the caption, and the supervisors of the respective prisons described in the suit: Greg Gossett, Zach Roeckeman, Stephen Duncan, Kim Butler, and Joseph Yurkovich. (Doc.1).

The need for some identification is particularly important to this suit, which contains claims of unconstitutional uses of force, failure to intervene to stop the unconstitutional use of force, and intentional infliction of emotional distress. (Doc.1, Counts I, III, & V). These claims require identification of those alleged to be responsible individuals for an individualized inquiry into their state of mind. As the Seventh Circuit wrote in Harper v. Albert:

> In order for courts to satisfy the mandate to inquire into the state of mind of prison officials who have allegedly caused a constitutional violation . . . it is most imperative that we are provided with identified culprits; for without minds to examine, we cannot conduct an individualized inquiry.

400 F.3d 1052, 1065 (7th Cir. 2005) (internal quotations and citations omitted). Instead of making a reasonable attempt to identify the particular persons responsible for his constitutional and tort claims, Plaintiff seeks via general, unspecified allegations, to hold 236 individuals individually liable for them.

3

The Seventh Circuit considered another issue similar to that raised here when it reviewed Fillmore v. Page, 358 F.3d 496 (7th Cir. 2004). There the appellate court reviewed an inmate-plaintiff's Eighth Amendment force claims that had been dismissed by the district court. The inmate in that case sued 17 individuals who were separated into three different groups: those who had actual physical contact with the inmate, those who he accused of ordering or failing to intervene in the alleged abuse, and those who allegedly abused him but whom he was unable to identify. Id. at 501-502. After rejecting the Plaintiff's attempt to sue the third group—the group of unidentified individuals—under a joint liability theory, the appellate court ultimately remanded that portion of the case to allow additional inquiry into which officers could have been involved in the claims. Id. at 507-508.

There, the court wrote: "Fillmore's principal strategy is to allege a far-flung conspiracy to inflict punishment on him for his suspected role in the attack on the guards, and then to rely on the common law doctrine of joint liability to overcome his inability to identify exactly who was beating him." Id. at 507. The court noted that there are circumstances in which multiple defendants may be held jointly liable for an injury; however, it is "appropriate only where all of the defendants have committed the negligent or otherwise illegal act, and so only causation is at issue." Id.

Here, Plaintiff's complaint is based on a theory of joint liability of hundreds of prison employees. Plaintiff has sued them largely as one group; however, under the distinction made in Fillmore, this is not legally appropriate. Plaintiff cannot sue Defendants jointly without identifying or adequately pleading each individual's involvement. In this case, as in Fillmore, Plaintiff's Eighth Amendment claims arise under conditions concerning the use of force and failure to intervene; however, here, the Plaintiff fails to narrow the claims sufficiently so that the

individual Defendants may understand the claims against them or investigate Plaintiff's claims. Due to the large number of named Defendants, this is not a case where the Plaintiff should be allowed to proceed and conduct additional inquiry; the entire complaint should be stricken. See Bell Atlantic Corp v. Twombly, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed") (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528 n. 17 (1983).

Plaintiff has named "Unknown Members of Tactical Team Known As 'Orange Crush'" in addition to the 236 named Defendants, indicating that Plaintiff is not even sure the 236 named Defendants were the only ones involved in his claims.  Yet, Plaintiff fails to identify any individual or "Doe" Defendant who actually had contact with him.  Plaintiff does not even narrow the group down or identify a number of individuals who perpetrated an Eighth Amendment violation or tort against him.  In fact, the complaint could be read as indicating Plaintiff has no idea if even one of the named Defendants was personally involved in causing Plaintiff's claimed injuries.  And, Plaintiff provides no factual allegations against Defendant Joachim.  Instead of making a reasonable effort to ensure that he brought suit against those who could be responsible, Plaintiff filed a buckshot complaint in an attempt to require answers or discovery from people who could not all possibly be involved with his claims.

Moreover, to the extent Plaintiff fails to identify a particular Defendant personally responsible for his claims concerning the use of force, his claims of failure to intervene must also fail.  Harper, 400 F.3d at 1066.  Because Plaintiff does not provide adequate allegations as to the underlying Eighth Amendment claims, the claims against the individual wardens and supervisors

5

that are predicated on the alleged constitutional violations are also insufficient. Plaintiff's complaint should be stricken for failing to comply with the basic pleading rules.

In an opinion that is not binding in this Circuit but is well-articulated, the First Circuit Court of Appeals dismissed a complaint "embroidered in 39 pages laced with rhetoric and invective" because the factual allegations of the complaint were insufficient to state an actionable claim. Dartmouth Review v. Dartmouth College, 889 F.2d 13, 15 (1st Cir. 1989). The court went on to clarify that the federal pleading requirements are low but "minimal requirements are not tantamount to nonexistent requirements." Id. at 16 (quoting Gooley v. Mobil Oil Corp., 851 F.3d 513, 514 (1st Cir. 1988)). And, while it is easy to provide "[g]auzy generalities, unsupported, conclusions, subjective characterizations, and problematic suppositions," the need for sufficient factual allegations is "perhaps greater where allegations of civil rights violations lie at the suit's core." Id.

Ultimately, a complaint only requires "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. But "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal citations omitted). Here, Plaintiff's complaint is lengthy but is short on factual allegations against the individuals named in the suit. And, it is not plausible that more than 200 people inflicted the claimed harms to Plaintiff. Because Plaintiff fails to plead sufficient factual allegations against each Defendant, his complaint should be dismissed in its entirety.

## II. DEFENDANT MOVES PURSUANT TO FEDERAL RULE 12(b)(6) TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM FOR FAILURE TO ADEQUATELY STATE A CLAIM.

In order to maintain a §1983 conspiracy claim, Plaintiff "must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and 2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988). The United States Supreme Court has addressed the minimum pleading requirements necessary to state a cause of action for conspiracy. Bell Atlantic Corp., 550 U.S. 544.[1] The court rejected the axiom of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that a complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts which would entitle him to relief. Bell Atlantic, 127 S.Ct. at 1969 ("[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement.") While a complaint does not need detailed factual allegations, the obligation to provide the grounds of plaintiff's entitlement to relief requires more than "labels and conclusions and a formalistic recitation of the elements of the cause of action will not do. Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In order to plead a claim based upon conspiracy, a plaintiff must plead enough factual matters to suggest that an agreement was made. Id. "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for

---

[1] Although the Bell Atlantic court was concerned with the facts which must be pleaded to state a cause of action under the Sherman Act, the case was decided based upon the requirements of Rule 8 of the Federal Rules of Civil Procedure, which are equally applicable to other federal actions. The Bell Atlantic standard has been found applicable in other causes of action. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007)(42 U.S.C. §1983); EEOC v. Concentra Health Services, Inc., 496 F.3d 773 (7th Cir.2007)(Title VII).

enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Id.  A complaint which does not meet the minimum requirement of pleading some facts to infer that an illegal conspiracy has taken place, "should be exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 1966.  "[I]t is not enough for the complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief." Concentra Health Services, 496 F.3d at 777 (emphasis in original).

In Count II, Plaintiff purports to bring a claim of conspiracy pursuant to 42 U.S.C. §1983. However, the allegations of Count II are nothing more than the bare recitation of the elements of conspiracy and insufficient under the analysis of Twombly.  Plaintiff states "[d]efendants reached an agreement among themselves to deprive the prisoners housed at Illinois River, Big Muddy River, Lawrence, and Menard (including Ross) of their constitutional rights." (Doc. 1 ¶59).  It is also alleged "in furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant." (Doc. 1 ¶ 60).  The complaint does not provide the plausible grounds to infer an agreement or meeting of the minds for conspiracy. With the facts alleged within the complaint, it is not plausible that 236 named Defendants along with "unknown" defendants had a meeting of the minds and conspired to be part of a conspiracy to violate the rights of inmates at four different prisons at varying times.  A complaint consisting of nothing more than "'naked assertion[s]' devoid of 'further factual enhancement,'" must be dismissed for failing to meet the requirements of Rule 8.  Ashcroft, 556 U.S. at 678 (quoting Bell Atl. Corp., 550 U.S. at 557.

### III. DEFENDANT MOVES TO DISMISS PLAINTIFF'S STATE LAW CLAIM PURSUANT TO 12(b)(1) BECAUSE IT IS BARRED BY STATE SOVEREIGN IMMUNITY.

Plaintiff has pleaded a pendent state law tort claim for intentional infliction of emotional distress against all Defendants. (Doc. 1 pg 28 Count V). However, this claim is barred by sovereign immunity. The Eleventh Amendment does not by itself shield individuals like the Defendants from Federal Court jurisdiction over State law tort claims. Magdziak V. Byrd, 96 F.3d 1045, 1048 (7th Cir. 1996); citing Benning v. Board of Regents of Regency Universities, 928 F.2d 778-79 (7th Cir. 1991). However, the Seventh Circuit has stated that the Federal Courts are bound by State rules of immunity regarding State law causes of actions. Magdziak, at 1048. Thus, this Court must look to Illinois rules governing immunity.

The Illinois Constitution of 1970 abolished sovereign immunity "except as the General Assembly may provide by law." Ill. Const. 1970 art. XIII, ¶ 4. The legislature then enacted the State Lawsuit Immunity Act, which provides that except as provided in the Illinois Public Labor Relations Act [5 ILCS 315/1], the Court of Claims Act [705 ILCS 5/1], the State Officials and Employees Ethics Act [5 ILCS 430/1-1], Section 1.5 of this Act, and, except as provided in and to the extent provided in the Clean Coal FutureGen for Illinois Act [20 ILCS 1107/1], the State of Illinois shall not be made a defendant or party in any court. 745 ILCS 5/1 (West 2014)). The Court of Claims has exclusive jurisdiction to hear and determine any claim against the state founded upon any law of the State of Illinois ***. 705 ILCS 505/8(a) (West 2014). The purpose of sovereign immunity is to protect the state from interference with the performance of governmental functions and to preserve and protect state funds. People ex rel. Manning v. Nickerson, 184 Ill. 2d 245, 248, 702 N.E.2d 1278, 1280 (1998).

Under Illinois law, the applicability of sovereign immunity does not depend on the formal designation of the defendants in the action. Jackson v. Alverez, 358 Ill.App.3d 555, 559 (2005). An action brought against a State employee in his individual capacity is viewed as having been brought against the State if there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority, (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment, and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State. Healy v. Vaupel, 133 Ill.2d 295, 309 (1990).

In the instant matter, Plaintiff sued the Defendants for acts allegedly committed within the course of their employment and pursuant to state policy. Applying the three factor test outlined in Healy indicates that this Court lacks jurisdiction over the state law claim. No Defendant is alleged to have acted outside the scope of his or her employment, but only to have performed a function of his or her employment duties (conducted shakedowns) pursuant to Departmental policy. (Doc. 1, ¶37, 86). In fact, Plaintiff explicitly alleges that the Defendants acted within the scope of their employment. (Doc. 1, ¶37). The law requires Plaintiff show that each Defendant acted for personal reasons unrelated to intent to serve his employer. Management Ass'n of Illinois, Inc. v. Board of Regents of Northern Illinois, 248 Ill.App.3d 599, 617 (1st Dist. 1993). Plaintiff's own conclusory allegations that the Defendants were acting under an official state policy cuts against him and makes this a claim against the State.

Second, the duty of performing shakedowns and strip searches in a constitutional manner is not owed to the public generally independent of Defendants' State employment. Since Plaintiff alleges only that Defendants performed their employment duties pursuant to state policy and did not breach a duty generally owed to the public, the intentional infliction of emotional

distress claim is against the State and belongs in the Court of Claims. Accordingly, this Court lacks jurisdiction over Plaintiff's state law claim.

## CONCLUSION

Plaintiff's complaint should be dismissed for the reasons articulated above. The pleading should be stricken in its entirety for failing to adequately state a claim for relief. Further, the conspiracy claim is not properly pleaded. And, Plaintiff's tort claims are barred by sovereign immunity. Alternatively, if the Court enters judgment for Defendants on the federal claims, the state court claims should be dismissed as well, since jurisdiction over them is pendent to the federal claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

WHEREFORE, Defendant respectfully requests that this Court grant her motion to dismiss Plaintiff's complaint.

                Respectfully submitted,

                LORETTA JOACHIM,

                Defendant,

                LISA MADIGAN, Attorney General
                for the State of Illinois,

                Attorney for Defendant,

Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 785-4555                BY:   s/ Lisa Cook
lcook@atg.state.il.us                    Lisa Cook
Of Counsel.                             Assistant Attorney General

**CERTIFICATE OF SERVICE**
No. 15-309

I hereby certify that on July 1, 2015, I electronically filed Memorandum of Law in Support of Defendant Joachim's Motion to Dismiss, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Sarah Grady, Mike Kanovitz
 and Jon Loevy
Loevy & Loevy
312 North May St., Suite 100
Chicago, IL.   60607
(312) 243-5900
jon@loevy.com
mike@loevy.com
sarah@loevy.com

Alan Mills and Nicole Schult
Uptown People's Law Center
4413 North Sheridan Rd.
Chicago, IL.   60640
(773) 769-1410
alanmills@comcast.net

   s/ Lisa A.Cook_____
Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 785-4555 Phone
(217) 782-8767 Fax
E-Mail: lcook@atg.state.il.us