IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD SMITH, # R07226,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-00248-SMY |
| ) | |
| **SALVADOR GODINEZ,** ) | |
| **KIM BUTLER,** ) | |
| **BRADLEY CLARK,** ) | |
| **RICHARD HARRINGTON, and** ) | |
| **UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ronald Smith, an inmate currently in the custody of the Illinois Department of Corrections ("IDOC"), incarcerated at Western Illinois Correctional Center, brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The complaint arises out of events that occurred in April 2014 while Plaintiff was an inmate at Menard Correctional Center ("Menard"). Plaintiff alleges that his rights were violated during a strip search and cell shakedown conducted by the Orange Crush Tactical Team at Menard in April 2014. Plaintiff asserts constitutional, federal, and Illinois state law claims.

### Merits Review Under 28 U.S.C. § 1915A

The complaint is before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may

be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## The Complaint

Sometime in April 2014, Plaintiff's housing unit at Menard was searched by the Orange Crush Tactical Team. Plaintiff can only identify by name one of the many officers involved, Bradley Clark. The search began with officers ordering all inmates to strip. Plaintiff, along with all of the other inmates on the unit, was then subjected to a visual strip search which included bending over, spreading his buttocks and lifting his genitals, and then opening his mouth using his fingers. Following the strip search, Plaintiff and the other inmates were ordered to get dressed, face the wall and keep their heads down. Officers then proceeded to handcuff the inmates' wrists behind their backs. The inmates were then ordered to line up so that their genitals came in contact with the buttocks of the man in front of them, "nuts-to-butts." Officers flanked the line, batons in hand, pushing and prodding inmates and also laughing. While Plaintiff was standing in line, Officer Bradley Clark forcefully pushed Plaintiff's head and neck down, inflicting pain. Defendants Harrington and Butler were observing the whole time. The

inmates were then ordered to march in this formation (genitals touching) to the chapel.

Once in the chapel, Plaintiff and other inmates were forced to stand in a stress position for "a prolonged period of time," causing Plaintiff to fall to the floor and urinate on himself. Plaintiff was given medical attention and, only then, was he allowed to sit.

Plaintiff maintains that the strip search and movement orders were purposely conducted in a humiliating manner, maliciously and sadistically. He further contends that the Orange Crush Tactical Team was acting pursuant to an IDOC policy and practice, at least sanctioned by Director Salvador Godinez, and overseen in this instance by Defendants Harrington and Butler, who were present and participated in the shakedown, use of force by Officer Bradley Clark, and the march to the chapel. Plaintiff also observes that neither Harrington, Butler, Clark nor any of the unidentified members of the Orange Crush Team intervened to stop what was occurring. Furthermore, Plaintiff faults IDOC Director Godinez for not providing a procedure for reporting the sexual abuse and harassment caused by the strip search and genital contact, as mandated by the Rape Elimination Act.

Plaintiff seeks injunctive and monetary relief.

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's Complaint raises allegations similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff could potentially be a

member of that class. Due to the similarities between the two cases and the need to consolidate judicial resources, Plaintiff's case was transferred to the undersigned judge.

With the above in mind, the Court will evaluate Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Complaint asserts the following claims.

- **COUNT 1:** **IDOC Director Godinez, in his official and individual capacities, implemented the policy, practice and procedures for the Orange Crush Tactical Team's actions;**
- **COUNT 2:** **All Defendants inflicted unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search, shakedown, and related actions, in violation of the Eighth Amendment;**
- **COUNT 3:** **All Defendants failed to intervene to prevent the violation of Plaintiff's rights, in violation of the Eighth Amendment;**
- **COUNT 4:** **All Defendants violated the Prison Rape Elimination Act, 42 U.S.C. § 15607; and**
- **COUNT 5:** **All Defendants intentionally inflicted emotional distress in violation of Illinois state law.**

Although the Complaint references due process and equal protection, no Fourteenth Amendment claims have been stated under the *Twombly* pleading standard. Any intended Fourteenth Amendment claims should be considered dismissed without prejudice.

Given the similarity between Plaintiff's Complaint and the Complaint in *Ross*, the fact that the Complaint in *Ross* was permitted through screening, and the fact that a motion to dismiss was denied in *Ross* (*see Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76) the Court is of the opinion that Counts 1, 2, 3, and 5 cannot be dismissed in this case, at this time.

However, Count 4 shall be dismissed. In *Ross,* the Court granted Defendant's motion to dismiss a claim premised upon the Prison Rape Elimination Act ("PREA") (*see Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76). In that Order, the Court noted:

> While the PREA was intended in part to "increase the accountability of prison officials" and to "protect the Eighth Amendment rights of Federal, State, and local prisoners" (42 U.S.C. §15602), nothing in the language of the statute establishes a private right of action. In fact, the section of the statute addressing prevention and prosecution is directed toward the National Institute of Corrections which is appropriated funds for establishing an informational clearinghouse, conducting training and compiling annual reports for Congress regarding the activities of the Department of Justice regarding prison rape abatement. 42 U.S.C.A. § 15604. The statute otherwise establishes findings of facts, sets forth statistics, recites research, adopts standards and provides for grant money.
>
> Further, no court that has considered the issue has found that a private right of action exists under the statute. *Amaker v. Fischer,* 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014). *See Also Krieg v. Steele,* 599 F. App'x 231, 232 (5th Cir.2015) (citing cases); *Collen v. Yamaoka*, No. CIV. 14-00577 SOM, 2015 WL 793085, at *3 (D. Haw. Feb. 25, 2015) (citing cases); *Porter v. Jennings,* 2012 WL 1434986, at *1 (E.D.Cal. Apr. 25, 2012) (citing cases).

Adopting that same reasoning here, the Court finds that the PREA does not create a private cause of action. As such, Count 4 in this case, which is identical to Count 4 in the *Ross* case, shall be dismissed with prejudice.

One final note concerning identifying individual members of the Orange Crush Tactical Team: these individuals must be identified with particularity before service of the Complaint can occur on them. Where a prisoner's Complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNTS 1, 2, 3,** and **5** against Defendants **SALVADOR GODINEZ, KIM BUTLER, BRADLEY CLARK, RICHARD HARRINGTON, and UNKNOWN PARTIES** who are members of the Orange Crush Tactical Team.

**IT IS FURTHER ORDERED** that **COUNT 4** (the Prison Rape Elimination Act claim) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this case shall be **CONSOLIDATED** with *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW for all further proceedings.  *Ross v. Gossett* shall be the lead case.  All future pleadings shall be filed in *Ross v. Gossett* and contain case number 15-cv-309-SMY-SCW.  The Clerk of Court is **DIRECTED** to let the record in *Ross v. Gossett* reflect this consolidation.

The Clerk of Court shall prepare for Defendants **SALVADOR GODINEZ, KIM BUTLER, BRADLEY CLARK, and RICHARD HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of this Memorandum and Order, and a copy of the Complaint in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **UNKNOWN PARTIES** (members of the Orange Crush Tactical Team) until such time as Plaintiff has identified specific team members by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint **in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW** and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties*

*consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 11, 2016**

s/ STACI M. YANDLE
United States District Judge