IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD TENNEY, #A-73555,  )<br>  )<br>   Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br> JOHN BALDWIN,  )<br> RICHARD HARRINGTON,  )<br> KIMBERLY BUTLER,  )<br> JOSEPH YURKOVICH, MRS. HILL,  )<br> MENARD CORRECTIONAL CENTER,  )<br> IDOC, and UNKNOWN PARTIES,  )<br>  )<br>   Defendants.  ) | Case No. 16-cv-00115-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Edward Tenney, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his rights were violated during a strip search and cell shakedown conducted by the Orange Crush Tactical Team at Menard in April 2014. Plaintiff asserts constitutional, federal and Illinois state law claims.

On March 11, 2016, the Court stayed this case pursuant to a motion filed by Plaintiff. (*See* Doc. 10). On April 27, 2016 and again on May 11, 2016, Plaintiff filed motions requesting that the stay be lifted. For the reasons given therein, Plaintiff's motions to lift the stay (Docs. 14 and 15) are **GRANTED**. The stay in this case shall be lifted and the Court will proceed with its preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of

the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## The Complaint

On April 12, 2014, Plaintiff's housing unit at Menard was searched by the Orange Crush Tactical Team. (Doc. 1, p. 8). Plaintiff was unable to identify specific members of the Orange Crush Tactical Team because they were wearing ski masks and/or had their faces painted. *Id*. at 13. In addition, none of the Orange Crush officers was wearing a name badge. *Id*.

Plaintiff, along with all of the other inmates on the unit, was ordered to strip naked and was subjected to a search. *Id*. The inmates were then ordered to dress, but were not allowed to put on any undergarments. Plaintiff was ordered to place his hands behind his back in an awkward position and then handcuffed from behind. *Id*. He was then pushed into a line of other inmates who were proceeding down the back stairs to the gym. As the inmates were filing down the stairs, officers yelled, poked, pushed and hit the inmates, including Plaintiff, in the head. *Id*. The officers also pushed the inmates into one another. *Id*.

Once in the gym, Plaintiff and the other inmates were forced to line up along the wall and stand in the same position for several hours. During this time, members of the Orange Crush team poked, hit and yelled profanities at them. At one point, Plaintiff was in such excruciating pain from standing in the same stress position for such a long time that he began to move in line. When Plaintiff moved, an officer slapped him and pushed his face into the wall while yelling, "Don't you fucking move!" *Id*. at 9.

Finally, Plaintiff and the other inmates were ordered to return to their cells. While marching back to their cells, officers again yelled profanities at them and poked them with their sticks. *Id*. Upon returning to his cell, Plaintiff discovered that his property had been tossed about and that several items were either destroyed (i.e., a television and handheld fan) or missing. *Id*. Plaintiff asserts that his missing property had been purchased at the prison commissary and, therefore, would not be considered contraband. *Id*. Moreover, Plaintiff's shakedown slip indicated that no contraband had been identified. *Id*.

Following the incident, Plaintiff submitted a grievance to Defendant Hill, the grievance counselor. After receiving no response from her, Plaintiff wrote Defendant Hill a letter inquiring about the grievance, but he never received a response. *Id*. at 18.

Plaintiff maintains that he still has pain in his neck and shoulders as a result of this incident. *Id*. at 10. He further contends that Defendants Harrington and Butler (warden and assistant warden at Menard at the time, respectively) were present during the shakedown and did nothing to stop it. *Id*. at 12.

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's Complaint raises allegations similar to the

pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff could potentially be a member of that class. Due to the similarities between the two cases and the need to consolidate judicial resources, Plaintiff's case was transferred to the undersigned judge.

With the above in mind, the Court turns now to Plaintiff's Complaint. To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** **Eighth Amendment claim against all Defendants for inflicting unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search, shakedown, and related actions**
>
> **COUNT 2:** **Conspiracy under 42 U.S.C. § 1983, in that Defendants agreed to deprive Plaintiff of his constitutional rights and protect one another from liability**
>
> **COUNT 3:** **Eighth Amendment claim for failure to intervene to prevent the violation of Plaintiff's constitutional rights**
>
> **COUNT 4:** **Violation of the Prison Rape Elimination Act, 42 U.S.C. § 15607**
>
> **COUNT 5:** **Intentional infliction of emotional distress under Illinois state law**
>
> **COUNT 6:** **Claim against Defendant Hill for failing to respond to Plaintiff's grievances regarding the strip search, shakedown, and related actions**

**Claims Passing Threshold Review: Counts 1, 2, 3, and 5**

Counts 1 through 5 raise the same claims as Counts 1 through 5 in *Ross*. Given the similarity between Plaintiff's claims and the claims in *Ross* and the fact that a motion to dismiss was denied in *Ross* (as to Counts 1, 2, 3, and 5) (*see Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76), the Court is of the opinion that Counts 1, 2, 3, and 5 cannot not be dismissed in this case at this time.

### **Claims Subject to Dismissal: Counts 4 and 6**

In the same order in *Ross* in which the Court denied the Defendants' motion to dismiss as to Counts 1, 2, 3, and 5, the Court granted Defendants' motion to dismiss as to Count 4, the Prison Rape Elimination Act ("PREA") claim. (*See Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76). In that Order, the Court noted:

> While the PREA was intended in part to "increase the accountability of prison officials" and to "protect the Eighth Amendment rights of Federal, State, and local prisoners" (42 U.S.C. §15602), nothing in the language of the statute establishes a private right of action. In fact, the section of the statute addressing prevention and prosecution is directed toward the National Institute of Corrections which is appropriated funds for establishing an informational clearinghouse, conducting training and compiling annual reports for Congress regarding the activities of the Department of Justice regarding prison rape abatement. 42 U.S.C.A. § 15604. The statute otherwise establishes findings of facts, sets forth statistics, recites research, adopts standards and provides for grant money.
>
> Further, no court that has considered the issue has found that a private right of action exists under the statute. *Amaker v. Fischer,* 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014). *See Also Krieg v. Steele,* 599 F. App'x 231, 232 (5th Cir.2015) (citing cases); *Collen v. Yamaoka*, No. CIV. 14-00577 SOM, 2015 WL 793085, at *3 (D. Haw. Feb. 25, 2015) (citing cases); *Porter v. Jennings,* 2012 WL 1434986, at *1 (E.D.Cal. Apr. 25, 2012) (citing cases).

*Id*. at 8. Adopting that same reasoning here, the Court finds that the PREA does not create a private cause of action. As such, Count 4 in this case, which is identical to Count 4 in the *Ross* case, shall be dismissed with prejudice.

Plaintiff raises an additional claim, Count 6, which was not raised in the *Ross* complaint. Under Count 6, Plaintiff asserts a claim against Defendant Hill, a grievance counselor, for failing to respond to his grievances regarding the strip search and shakedown.

Courts have consistently held that prison grievance procedures are not constitutionally mandated and thus the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct" cannot be a basis for liability under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Here, Plaintiff does not allege that Defendant Hill was involved in any way in the alleged unconstitutional strip search and shakedown. Thus, the Court shall dismiss Count 6 with prejudice. Since this is the only count asserted against Defendant Hill, she shall be dismissed without prejudice from this action.

## Additional Defendants Subject to Dismissal

In the caption, Plaintiff has listed John Baldwin, director of the Illinois Department of Corrections, as a defendant. However, he makes no mention of him anywhere else in the Complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Furthermore, Defendant Baldwin cannot be held liable for the alleged violation of Plaintiff's

constitutional rights merely because he is the director of the Illinois Department of Corrections. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Thus, Defendant Baldwin shall be dismissed from this action without prejudice.

In addition, Plaintiff cannot maintain his suit against Defendant Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Likewise, the Menard Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. For these reasons, Defendants Menard Correctional Center and Illinois Department of Corrections are dismissed from this action with prejudice.

### Unknown Members of the Orange Crush Tactical Team

One final note concerning identifying individual members of the Orange Crush Tactical Team: these individuals must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

### Pending Motions

Because Plaintiff has been granted *in forma pauperis* status, his motion for service of process at government expense (Doc. 3) is unnecessary and, therefore, **DENIED AS MOOT**.

Plaintiff's motion for recruitment of counsel (Doc. 4) remains **PENDING** and shall be referred to United States Magistrate Judge Williams for a decision.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNTS 1, 2, 3,** and **5** against Defendants **HARRINGTON, BUTLER, YURKOVICH,** and **UNKNOWN MEMBERS OF THE ORANGE CRUSH TACTICAL TEAM**.

**IT IS FURTHER ORDERED** that **COUNT 4** (the Prison Rape Elimination Act claim) and **COUNT 6** (the grievance claim) are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants **HILL, BALDWIN, ILLINOIS DEPARTMENT OF CORRECTIONS,** and **MENARD CORRECTIONAL CENTER** are **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that this case shall be **CONSOLIDATED** with *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW for all further proceedings. *Ross v. Gossett* shall be the lead case. All future pleadings shall be filed in *Ross v. Gossett* and contain case number 15-cv-309-SMY-SCW. The Clerk of Court is **DIRECTED** to let the record in *Ross v. Gossett* reflect this consolidation.

The Clerk of Court shall prepare for Defendants **HARRINGTON, BUTLER,** and **YURKOVICH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of this Memorandum and Order, and a copy of the complaint in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the **UNKNOWN MEMBERS OF THE ORANGE CRUSH TACTICAL TEAM** until such time as Plaintiff has identified specific team members by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading **to the complaint in** *Ross v. Gossett*, **Case No. 15-cv-309-SMY-SCW** and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on Plaintiff's motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 12, 2016**

                 s/ STACI M. YANDLE

                 **United States District Judge**