IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST St. LOUIS DIVISION

| | |
|---|---|
| DEMETRIUS ROSS, #K-52284, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 15-309 |
| ) | |
| GREG GOSSETT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE
ILLINOIS DEPARTMENT OF CORRECTIONS**

The ILLINOIS DEPARTMENT OF CORRECTIONS ("the Department"), by and through its attorney, Lisa Madigan, Attorney General of the State of Illinois, provides the following in support of its motion seeking dismissal from this suit:

**INTRODUCTION**

This action has been consolidated with a number of related actions filed in the Southern District of Illinois concerning facility shakedowns and strip searches at various Illinois Department of Corrections facilities within the State of Illinois. The suits were brought pursuant to 42 U.S.C. § 1983 and common law tort.

One of the consolidated cases, *Tolliver v. Wexford et al.*, USDC-SDIL Case No. 16-130, added the Department as a party to this suit. Yet, the Department is not a person who may be sued pursuant to section 1983 and any claim against the State or its agencies is barred regardless of the relief sought. Further, injunctive relief is already available in *Ross* because the Plaintiffs are proceeding against the Acting Director of the Department in his official capacity for the purpose of carrying out any injunctive relief. For these reasons, the Department should be dismissed from this consolidated action.

**Argument**

I. **THE ILLINOIS DEPARTMENT OF CORRECTIONS IS NOT SUBJECT TO SUIT UNDER 42 U.S.C. §1983 AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).**

A motion to dismiss under Rule 12(b)(6) is brought when the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1965 (2007). And the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555, 127 S.Ct. At 1965.

It is well-established that states and their agencies are not people and cannot be defendants under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 62 (1989). The Department is not a "person" who may be sued under § 1983, and thus should be dismissed because no constitutional claim may be brought against the Department.

II. **PLAINTIFF'S CLAIMS AGAINST THE ILLINOIS DEPARTMENT OF CORRECTIONS ARE BARRED BY SOVEREIGN IMMUNITY AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1).**

A motion attacking subject matter jurisdiction is properly brought as one to dismiss the case under Federal Rule of Procedure 12(b)(1). *Rittmeyer v. Advance Bancorp, Inc.*, 868 F. Supp. 1017, 1021 (N.D. Ill. 1994). Once subject matter jurisdiction is challenged, the plaintiff bears the burden to establish that all jurisdictional requirements have been satisfied. *MSA Realty Corp. v. State of Ill.*, 794 F. Supp. 267, 271 (N.D. Ill. 1992)(citing *Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

The merit review entered concerning *Tolliver* added the Department as a Defendant in this suit for injunctive relief.  [See case no. 15-309, d/e 102].  Plaintiff's claims against the Department for injunctive relief are barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (claims for injunctive relief against a State or a State Agency are barred by the Eleventh Amendment unless the State has consented to the lawsuit).  The Department should be dismissed as a result of sovereign immunity barring any claim against a state or a state agency regardless of relief sought.

Further, the main case in this consolidated action, *Ross*, named the Acting Director of the Department in his official capacity for carrying out any injunctive relief.  [Case no. 15-309, d/e 1, p. 12, ¶18].  The presence of the Director in his official capacity allows for injunctive relief as a possibility, if the evidence supports such relief

WHEREFORE, the Department respectfully requests that this Court dismiss it from this suit.

                                            Respectfully submitted,

                                            The Illinois Department of Corrections,

                                                  Defendant,

                                            LISA MADIGAN, Attorney General
                                            for the State of Illinois,

                                            Attorney for Defendant,

Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 785-4555                          BY:     s/Lisa A. Cook
lcook@atg.state.il.us                     Lisa A. Cook
Of Counsel.                                      Assistant Attorney General

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEMETRIUS ROSS, #K-52284, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 15-309 |
| GREG GOSSETT, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2016, I electronically filed MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE ILLINOIS DEPARTMENT OF CORRECTIONS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>  jon@loevy.com
>  mike@loevy.com
>  sarah@loevy.com
>  alanmills@comcast.net

Respectfully Submitted,

s/ Lisa A. Cook
Lisa A. Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706
Phone: (217) 785-4555
Fax: (217) 524-5091
E-Mail: lcook@atg.state.il.us