IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS ROSS, *on behalf of himself and all others similarly situated*,

        Plaintiff,

vs.

GREG GOSSETT, *et al.*,

        Defendants.

Case No. 15-cv-309-SMY-PMF

**ORDER**

This matter is before the Court on Defendant Officer William Carroll's Motion for Stay Pursuant to Servicemembers Civil Relief Act (Doc. 83) wherein Defendant moves, pursuant to 50 U.S.C. § 3932, for a stay of the proceedings against him while he is on active military duty. Defendant was out of the country and on active duty when the Complaint was served on the Lawrence Correctional Center. However, he does not challenge service of the summons at this time. Rather, because he again entered active military duty on July 3, 2015 for a period of 400 days (see Doc. 83-1, p. 5), and because he has received some notice of this action, he seeks a stay of the proceedings against him until mid-October 2016.

The relevant portion of the Servicemembers Civil Relief Act states as follows:

> **(b) Stay of proceedings**
>
> **(1) Authority for stay**
> At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.
>
> **(2) Conditions for stay**
> An application for a stay under paragraph (1) shall include the following:

> **(A)** A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> **(B)** A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932 (formerly cited as 50 App. U.S.C. § 522).

Carroll's application meets the requirements for a stay with one exception: no communication from the commanding officer was included with Defendant's motion as required by §3932(b)(2)(B). Thus, a stay is not mandatory in this case. However, a court has discretion to grant a stay under its inherent power to manage its docket. *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053, 1054 (S.D.Ill.2006), citing *Landis v. North American Co.*, 299 U.S. 248(1936). That discretion must be exercised with principles of fairness in mind. *Id*.

The Court finds that a stay is warranted under these circumstances and therefore **GRANTS** Defendant's motion. Further, the Court **ORDERS** Defendant to file a status report on or before October 17, 2016 to inform the Court of his availability to participate in his defense in this matter.

**IT IS SO ORDERED.**

**DATE: July 23, 2015**                                        s/ *Staci M. Yandle*
                                                                               **STACI M. YANDLE**
                                                                               **DISTRICT JUDGE**