IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ROSS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.   15-cv-309-SMY-SCW |
| | ) |
| GREG GOSSETT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**WILLIAMS, Magistrate Judge:**

On November 16, 2016, this matter came before the Court on a Discovery Dispute Conference. The following memorializes the Court's findings and rulings at that hearing.

1. **Redactions of Operations Orders**

The Court understands that Defendants have legitimate security concerns, especially regarding certain individuals' names. However, an attorneys' eyes only protective order will adequately protect the IDOC's security interests and would not be unmanageable. Additionally, some of the redacted information appears to be highly relevant to the claims in the case. All of it is at least somewhat relevant. The needs of this case dictate disclosure. Therefore, the Court **ORDERS** that the unredacted operations orders be produced to Plaintiffs' counsel. However, the unredacted orders may only be viewed by attorneys for Plaintiffs. The information contained in the

redactions shall not be conveyed to anyone outside Plaintiffs' counsel. If, however, Plaintiffs' counsel believes that any portion of the originally redacted provisions need to be discussed with any client, then Plaintiffs' counsel shall meet and confer with Defendants' counsel. If counsel cannot reach an agreement, then the parties are directed to contact the undersigned's chambers to schedule a Discovery Dispute Conference.

Since Defendants have indicated their intent to appeal the undersigned's order on this matter to the district judge, implementation of the order as to production of the operations orders is **STAYED** pending the outcome of the appeal. This stay applies to *only* the undersigned's order as to pertains to production of the unredacted operations orders. Should the district judge affirm the undersigned's order, the Defendants shall have 14 days from the date of such affirming order to produce the unredacted copies of the operations orders. However, should Defendants decide not to appeal the undersigned's order, then production of the unredacted operations orders shall be completed no later than **November 30, 2016**.

2. Discovery of ESI Relating to "Supervisors"

The Court finds that email traffic relating to the shakedowns at issue is highly relevant and further finds that the Defendants have waived their objection to the request for such emails. While Defendants seek Plaintiffs to propose ESI search terms, the Court directs that the proper way to go forward is for counsel for Defendants to interview the supervisors from whom Plaintiffs seek responsive emails and ask these

individuals what they recall regarding email communication relating to the shakedown. Upon concern raised by Defendants as to the exact scope of the term "supervisors", the Court finds the scope to include the following finite list of individuals:

- Facility TACT Commander;
- Facility Assistant TACT Commander;
- Southern Region TACT Commander;
- Central Region TACT Commander;
- Statewide TACT Commander;
- Chief of Operations for IDOC;
- Deputy Chief of Operations for IDOC;
- Central Deputy Director for IDOC;
- Southern Deputy Director for IDOC;
- Facility Warden; and
- Facility Assistant Warden.

Counsel for Defendants is directed to interview the individuals listed above in order to determine the existence and/or type of email traffic to or from the individuals relating to the shakedowns at issue no later than **December 14, 2016**. Responsive emails shall be produced upon identification on a rolling basis.

### 3. Supplemental Discovery Production

Defense counsel indicates, after a meeting with representatives from the relevant facilities, that institutional directives can be produced within 14 days. However, there is no timeframe as to the supplemental production for the remaining documents. The Court will give IDOC a timeframe. Defendants are **ORDERED** to complete all supplemental production no later than **December 14, 2016**.

Finally, the Court directs the parties to conduct another meet and confer on discovery matters no later than **November 30, 2016**. This matter is set for a telephone

Discovery Dispute Conference on **December 14, 2016 at 3:00 p.m.** before the undersigned.

**IT IS SO ORDERED**.
DATED:	11/21/2016

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge