## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

DEMETRIUS ROSS, #K52284,      )
      )
     Plaintiff,      )
      )
  -vs-      )     No. 15-309-SMY-SCW
      )
GREG GOSSETT, et al.,      )
      )
     Defendants.      )

### APPEAL OF MAGISTRATE'S RULING ON DISCOVERY DISPUTE

Defendants, ADAMS, ROBERT; ALBRECHT, STEVE; ANDERSON, PAT;

ANDERTON, KHOREY; ANKROM, BRENDAN; ARMSTRONG, BROOKE (OFFICER);

ARNETT, SARAH; AUSBROOK, BRADLEY; BAILEY, BRYAN; BAILEY, GENE;

BAILLIEZ, SHAWN; BAUGHMAN, MIKE; BAYLON, DEREK; BAYLOR, RANDY;

BEASLEY, STEPHANIE; BERRY, JAMES; BERRY, NATHAN; BOTTRELL, ANDREW;

BOWERS, MARK; BOWERS, MIKE; BOYD, LARRY; BRACE, HUBERT; BRANT,

CHRISTOPHER; BROCK, DAVID; BROOKS, KYLE; BROWN, BUD; BROWN, DOUGLAS;

BROWN, KENNY; BRUCE, JAMES; BUCCO, DENNIS; BUCHANAN, ZACHARIAH;

BUTLER, KIM; CALES, CHRISTOPHER; CAMPBELL, AARON; CANNON, MATT;

CARIE, JANA; CARON, CHASE; CARTER, FREDRICK; CARTER, JARROD;

CARTWRIGHT, KEVIN; CHENAULT, JR., JOHN; CISSELL, JAMES; CLARK, BRADLEY;

CLARY, ETHAN; COGDAL, VINCENT; COMPTON, CHARLES; CONKLIN, NICK;

CONRAD, STEVEN; CONRAD, TIMOTHY; COTTON, DAWAYNE; CRADDOCK,

ANGELA; CURRY, JOSH; DAMS, JASON; DAVIS, BENNY; DAVIS, RYAN; DEAN,

MICHAEL; DEES, MATT; DEGROOF, RENE; DERENZY, DREW; DILG, DWIGHT;

DIRCKS, JUSTIN; DONJON, KYLE; DORETHY, ROBERT; DUNCAN, STEPHEN; DUST,

DANIEL; EASTON, BRYAN; EBERS, SCOTT; ECKELBERRY, JUSTIN; ELDRIDGE,

OLIN; ELLINGER, LISA; ELLIOT, BLAKE; ENGELAGE, JUSTIN; ENGELAGE, WESLEY;

ENGLISH, DAVID; EOVALDI, FRANK; FINNEY, KENETH; FLUDER, MATT; FRANCE,

JOSEPH; FRICKE, CHARLES; FURLOW, JASON; GANGLOFF, ANDREW; GILREATH,

MICHAEL; GINDER, JASON; GLADNEY, EDWIN; GOBLE, MAURY; GOSNELL, JAMES;

GOSSETT, GREG; GREGSON, SHANE; GUETERSLOH, BRIAN; HAMILTON, AKEEM;

HAMMERS, JUSTIN; HANKS, MARK; HARMON, DUSTIN; HARPER, JERRY;

HARRINGTON, NOBLE; HARRINGTON, RICHARD; HARRIS, KENDALL; HARRIS,

RICHARD; HEIMAN, TRACY; HEINZMANN, AYLA; HEPP, JOEL; HERMETZ, DAVID;

HERZOG, BRADLEY; HIRCH, KEVIN; HOLDER, DAVID; HOUGH, SETH; HOWELL,

SHAYNE; HUGHEY, KYLE; HUGHEY, WILLIAM; HUNTER, BRANDON; JENKINS,

CURTIS; JENKINS, MARCUS; JESTER, JASON; JOACHIM, LORETTA; JOHNSON,

BRAD; JOHNSON, JAMES; JOHNSON, JUSTIN; JOHNSON, KEVIN W.; JONES,

ANTHONY; JONES, JOHN; JONES, MICHAEL; JONES, TYLER; KAMP, ROBERT; KIDD,

JEFFREY; KOCH, JOHN; KRAMMER, ERIK; KULICH, BRIAN; LAMB, SCOTT;

LAMINACK, MICHAEL; LAMPLEY, NICHOLAS; LEWIS, BEN; LINE, DOUG;

LIVINGSTON, BRIAN; LLOYD, BRANDON; LLOYD, JAMES; LOCKHART,

ALEXANDER; LOHNES, NICK; LUKER, CHRISTOPHER; MARAGNI, JOHN; MARTIN,

DALE; MASON, DOUG; MASSEY, KYLE; MAYS, ANDREW; MCALLISTER, TIMOTHY;

MCBRIDE, JEREMY; MCCANN, RAY; MCCORMICK, WALTER; MCMILLAN, JAY;

MENNERICH, LUCAS; MIGERON, JASON; MILAM, JACOB; MOHR, JOHN; MOLL,

ALEX; MONICAL, DALE; MONROE, WESLEY; MOORE, ROGER; MORRILL,

CANDUCE; MORRIS, JASON; MOSER, ANDREW; MULLIN, DAN; MYERS, WILLIAM; NALLEY, NICK; OCHS, TRAVIS; PARKER, LEE; PARKS, WENDY; PASSMORE, ROBERT; PATTERSON, JEREMIAH; PERKINS, GARY; PHELPS, ANDY; PHILLIPS, JARED; PIPER, BRIAN; PORTER, KENNY; PROVENCE, LARRY; PULLIAM, DONALD; RALSTON, TRENT; RENK, RORY; RESTOFF, JOHN; RICHARD, STEVEN; RICHEY, BRANDON; RIGDON, JAMES; RIVETT, ROBERT; ROECKEMAN, ZACH; ROWLAND, TREVOR; SAPPINGTON, CHAD; SAWYER, STEPHEN; SCOTT, MINH; SENN, ANTHONY; SHEHORN, SAMUEL; SHELTON, ERIC; SHOULTZ, RON; SHURTZ, TYSON; SIMMONS, MITCH; SKAGGS, JAMIE; SMITH, DEREK; SMITH, KENNETH; SMITH, RANDY; SMITH, SHANE; STARK, GARY; STEIN, CALLY; STOLWORTHY, DONALD; STOUT, ANDY; STUCK, THOMAS (BRAD); STUFFLEBEAM, MIKE; TANNER, JERRY; TATE, SIERRA; TAYLOR, SAM; THOMASON, MARYELLEN; THOMPSON, ASHLEY; THOMPSON, FRANK; THOUSAND, TAMMY; TRIBBLE, MATTHEW; VAUGHN, BEN; VOLK, ANDREW; WALLJASPER, CAYD; WALSH, ROBERT; WARD, NATHAN; WATERS, RENE; WATKINS, JAMES; WEBER, ERIC; WENZEL, ERIC; WESTERMAN, AARON; WHITE, CHRIS; WILCOXEN, STEVE; WILLIAMS, FRED; WILLIS, DALLAS; WILSON, BRICE; WINKA, MATTHEW; WINTERS, CARSON; WISE, LANCE; WITTHOFT, JERRY; YONAKA, BRAD; YURKOVICH, JOSEPH; ZANG, CALEB; ZIEGLER, RYAN; and ZOLLARS, JASON, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Southern District Local Rule 73.1(a), and Fed. R. Civ. Pro. 72(a), hereby appeal in part the ruling of Magistrate Judge Stephen C. Williams in his Order of November 21, 2016 [d/e 203] regarding the parties' discovery dispute, and state the following in support:

## INTRODUCTION

This case proceeds as a putative class action, in which plaintiffs allege violations of state law and the constitutional rights of inmates housed at four correctional centers during a series of shakedowns in 2014, conducted by the SORT (Special Operations Response Team) and Tactical Team of the Illinois Department of Corrections.

On November 16, 2016, the parties appeared before Magistrate Judge Williams by telephone for a discovery dispute conference requested by plaintiffs' counsel. Three topics were discussed: the redacting of Operations Orders, Electronically Stored Information relating to "supervisors," and the timeline for supplemental discovery production.

After Magistrate Judge Williams had reviewed position letters from each party, and compared the unredacted and redacted versions of the Operations Orders, he ruled that defendants must produce unredacted copies of the Operations Orders to plaintiffs' counsel by November 30, with the proviso that they are to be limited to attorneys' eyes only. [d/e 203, p 1-2].

Defendants appeal the Magistrate Judge's ruling regarding the redacting of the Operations Orders on the basis that requiring defendants to release such sensitive information, which would threaten the safety and security of the entire prison system, is contrary to law. Defendants respectfully state the following in support:

## ARGUMENT

An Operations Order is a document generated prior to a facility wide shakedown of inmate living areas and other units in a correctional center, as is at issue in this case. Defendants have submitted redacted and unredacted versions of the Operations Orders contemporaneously with this motion. The Operations Orders relating to the 2014 shakedowns involved in this matter

contain highly sensitive information, including information about Security Threat Groups

("STG") and  the affiliations of particular offenders within those groups, the staff radio

communications to be utilized during the operations, the strategic placement of staff while

participating in the operation, the internal workings of the various correctional centers where the

operations took place, and techniques utilized to locate contraband during the shakedowns of the

facilities.   The information contained in these Operations Orders is of such a sensitive nature

that they are not even shared with the Tactical Team members involved in the operations; rather,

their distribution is limited to only certain high-ranking members of the command staff.

Under Southern District Local Rule 73.1(a) and Fed. R. Civ. Pro. 72(a), a party may

appeal a Magistrate Judge's order making a ruling in a matter within 14 days of its entry, and  the

District Court shall set aside any portion of the order found to be clearly erroneous or contrary to

law.

In the context of due process cases brought by prisoners, objections to the disclosure of

documents or information, which are based on safety and security concerns need only establish

the existence of a *bona fide* security justification for nondisclosure.  *Piggie v. Cotton*, 344 F. 3d

674, 679 (2003 7th Cir.).  Revealing the type of information contained in the Operations Orders

in this case would enable inmates to organize, for the purpose of undermining the goals of the

shakedowns, and would compromise the authority of staff.  It also would permit offenders to

plan escapes and would facilitate assaults on staff members.

Defendants have furnished a privilege log to plaintiffs' counsel, cataloguing the

redactions and supplying the rationale for the redactions in the orders.   Fed. R. Civ. Pro 26(b)(5)

provides that a privilege log need only describe the documents in a manner that does not reveal

the information sought to be protected.   It is the position of the defendants in this matter  that the

privilege log they have provided, when read in conjunction with the redacted documents themselves, will allow plaintiffs to ascertain the pertinent information, as the entire documents are not redacted.  Defendants have submitted the privilege log to the Court contemporaneously with this motion.

Furthermore, plaintiffs are not harmed by the nondisclosure of the information that has been redacted from the Operations Orders.  The issue in this case is the manner in which shakedowns were conducted at four facilities in 2014.  Whether the shakedowns were conducted pursuant to a valid penological justification is certainly an issue, and the plaintiffs have already received information through other sources regarding the reasons these shakedowns were conducted (locating Security Threat Group materials and other contraband).  What is not at issue are the *specific* incidents that give rise to the need for the shakedowns, nor are the specific logistical concerns associated with such an operation, and this is all the Operations Orders reveal beyond, what the plaintiffs already possess.  This specific information does not tend to make any fact in consequence more or less true.  As plaintiffs can fully prosecute their case based on the information they already possess, they are not harmed by the nondisclosure of the information.

The defendants have clearly demonstrated a *bona fide* security justification for not disclosing the entire Operations Orders, such that, when Judge Williams ordered them to be disclosed in an unredacted form, he acted contrary to law.

### RELIEF REQUESTED

Defendants respectfully request that the redactions in the Operations Orders remain in place, to protect the safety and security of the Illinois Department of Corrections and its correctional centers.

Should the Court find that further explanation regarding the safety concerns raised by the Operations Orders would assist in reaching a decision on this appeal, defendants certainly are willing to produce representatives from the Illinois Department of Corrections, who could explain those concerns during an *in camera* proceeding.

WHEREFORE, for the above and foregoing reasons, defendants respectfully request that this Honorable Court set aside the portion of the Magistrate Judge's Order of November 21, 2016 [d/e 203] regarding the Operations Orders.

Respectfully submitted,

ROBERT ADAMS, et al.,

Defendants,

Susannah J. Price, #6316973           LISA MADIGAN, Illinois Attorney General,
Assistant Attorney General
500 South Second Street                Attorney for Defendants,
Springfield, Illinois  62701
(217) 557-7081 Phone            By:  s/Susannah J. Price
(217) 524-5091 Fax               SUSANNAH J. PRICE
Email: sjprice@atg.state.il.us       Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| DEMETRIUS ROSS, #K52284, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 15-309-SMY-SCW |
| | ) | |
| GREG GOSSETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2016, the foregoing document, *Appeal of Magistrate's Ruling on Discovery Dispute,* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sarah Grady          sarah@loevy.com

Mike Kanovitz      mike@loevy.com

Jon I. Loevy          jon@loevy.com

Alan Mills             alanmills@comcast.net

Respectfully Submitted,

s/ Susannah J. Price
Susannah J. Price, #6316973
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 557-7081 Phone
(217) 524-5091 Fax
E-Mail:  sjprice@atg.state.il.us