IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT

OF ILLINOIS

**FILED**

**FEB 2 6 2018**

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

|  |  |
|---|---|
| DEMETRIUS ROSS, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 3:15-cv-00309 |
|  | ) |
|  | ) |
| vs. | ) |
|  | ) |
|  | ) |
| GREG GOSSETT, CHRIS WHITE, et al., | ) ) |
| Defendants. | ) ) |

## MOTION FOR NOTICE UNDER RULE 23(b)(3) AS A CLASSMEMBER

NOW COMES Plaintiff, Charles Dent, pro se, as a class member in the above entitled cause, respectfully submit this motion for notice pursuant to Rule(b)(3), as a class member. In support of said motion, plaintiff/classmember states the following:

1. On March 19, 2015, the instant action was filed, Demetrius Ross, on behalf of himself and all others similarly situated. Case No. 3:15-cv-00309. [Doc. 1].

2. Attorneys' of record in this cause were Mike Konovitz, Jon Loevy, and Sarah Grady of the Law Firm of Loevy & Loevy, and-

Alan Mills, and Nicole Schult, of the Uptown People's Law Center.

3. Parties Defendants' Chris White, et al., Defendants' were all employees of the IDOC, and all members of the Orange Crush team assigned to Big Muddy River C.C. At all times relevant to the events at issue in this case, these defendants' were acting under the color of law and within the scope of their employment with the IDOC. [Doc. 1]. At par.9 pp. 9.

4. Plaintiff Demetrius Ross sought to pursue claims both for himself individually and for a class of others similarly situated ( The class ) , Pursuant to Rule 23(b)(2) and 23(b)(3) Fed. R.Civ. P., [Doc. 1], at par. 39, pp. 19.

5. The named plaintiff Demetrius Ross also sought to seek to represent a class consisting of the following people, all individuals housed at Illinois River, Big Muddy River, Lawence, and Menard C.C. who were subjected to the 2014 shakedown and all prisoners who were confined to those facilities presently or who may be so confined in the future. Injunctive relief was also sought to cease the unconstitutional custom, practice and policies of the Tactical Team (Orange Crush). [ Doc. 1], at par. 40, pp. 19.

6. According to the original complaint, and the IDOC's website, in mid-May 2014 at the time the tactical team, carried out the same shakedown at Big Muddy River C.C., there were 1,878 men housed at Big Muddy River C.C. Plaintiff was one of those men

2

who was housed at Big Muddy River C.C. and subject to the identical tactics of orange crush that violated plaintiff rights.

7. Plaintiff arrived at Big Muddy River C.C. On July 6, 2012, and subject to and suffered the same injuries as other class members, which were physical injuries, including aggravated migraine headaches, dizzyness, lightheadeness, blurred vision, and severe pain in plaintiff neck and back from the march and being handcuffed for 3 to 4 hours, being instructed to keep your head down at all times. Plaintiff was subject to the sprip search, and was forced to place his hands in his mouth after spreading his cheeks and raising his penis and testicals. Plaintiff was also subject to nuts to butts, head pushed down several times with force. Plaintiff lost property and was humilated and suffered physical and psychological pain.

8. It has come to plaintiff attention that this lawsuit was settled and damages awarded to the plaintiff/classmembers. When a court certifies a class, it generally orders notice to the class. In damage cases certified under Rule 23(b)(3) class member each receive" the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." And individuals have the right to " opt out" (be excluded) from the class so they can pursue separate actions. Rule 23(d)(2)(A), Fed.R.Civ.P., (" the court may direct appropriate notice to the class"); see e.g. Wyandotte Nation v. City of Kansas City, Kansas, 214 F. R.D. 656-664 (D. Kan. 2003)(ordering notice). In Rule 23(b)(2) class actions where " incidental " money damages are at issue,

3

some courts have held that notice is required. In re Monumental
cite Ins. Co., 365 F.3d 408, 416-17 (5th Cir. 2004)(also allow-
ing opt-out in court's discretion), and others have directed-
it as a matter of discretion. See Ellis v. Costco Wholesale Corp.,
240 F.R.D. 627, 644 (N.D. Cal. 2007)(exercising discretion to
order notice in 23(b)(2) class when " incidental" money damages
involved).


9. Plaintiff as a class member did not receive notice as a class
member pursuant to damages under Rule 23(b)(3), nor under Rule
23(b)(2) for declaratory injunctive relief. Plaintiff is a class
member and was one of the 1,878 men housed at Big Muddy River
C .C.., in mid-May 2014, when plaintiff was subject to the same
unconstitutional conduct by defendants' as was plaintiff Deme-
trius Ross, and was similarly situated. When attorney of record
first filed this action in March 2015, plaintiff and 1,000's
of inmates that was still housed at Big Muddy River C.C. wrote
attorney's Alan Mills, Uptown People's Law Center, and attorney
Sarah Grady of Loevy & Loevy , and was advised that when there
is some sort of resolution, the class members would be notified.
The attorney's of record informed plaintiff and other class mem-
bers to keep them informed if their address change. Plaintiff
was transfered from Big Muddy River C.C. On May 10, 2016. As
soon as plaintiff arrived at Shawnee C.C. plaintiff wrote counsel
of record informing them of his change of address. Therefore
plaintiff should have received notice. Nor was the settlement
posted in a memorandum at Shawnee C.C.

WHEREFORE,Plaintiff/classmember, Charles Dent, # N-42308, pro
se request that this honorable court require counsel of record,-

4

and the court to give plaintiff notice pursuant to Rule 23(b)
(3) of any settlement that has occurred, and notice of the inju-
nctive relief. And any other relief this court deems appropria-
te and just.

I, Plaintiff/classmember, Charles Dent, # N-42308, pro se sta-
tes under penalty of perjury that this motion is true and accu-
rate on information and belief.

Dated: February 17, 2018

Respectfully Submitted

/S/

Charles Dent # N-42308

Shawnee C.C. 6665 St.

Rt. 146 East, Vienna,

Illinois 62995

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS ROSS, on behalf of himself
PLAINTIFF and all others simila-)
rly situated, plaintiffs.      )
vs.                            )   NO. 3:15-cv-00309
                               )
GREG GOSSETT, CHRIS WHITE, et )
DEFENDANT (S) al., Defendants. )

### CERTIFICATE OF SERVICE

TO: Clerk of the court of          Lisa Madigan, Attorney General

the Southern District of Ill       of Illinois, 500 S. Second St.

750 Missouri Ave. P.O. Box 249     Springfield, Illinois 62701

East St. Louis, Illinois 62202

TO: Mike Kanovitz, Jon Loevy, Sarah    Alan Mills, Nicole Schult

Grady, Loevy and Loevy             Uptown People's Law Center

312 North May St., Suite 100       4413 North Sheridan Rd.

Chicago, Illinois 60607            Chicago, Illinois 60640


The undersigned, having first been sworn under oath, hereby certifies and

states that he has placed the attached Plaintiff/classmember Charles Dent

motion for notice under Rule 23(b)(3) as a classmember
_____, in the U.S. MAIL with proper prepaid postage at the

Shawnee Correctional Center, Vienna, Illinois, 62995, on this 17th day of

February _____, 20 18.

Charles Dent                        AFFIANT
ID NO. # N-42308
SHAWNEE CORRECTIONAL CENTER
6665 ST. RT. 146 EAST
VIENNA, IL. 62995


SUBSCRIBED AND SWORN TO BEFORE ME

THIS____DAY OF_____,20____.

_____
NOTARY PUBLIC

2/20/2018


Office Of The Clerk
750 Missouri Avenue
P.O. Box 249
East St. Louis, Illinois 62201


RE: Dent v. Dennison et al., case No. 17-1356-MJR-SCW, and
Case Demetrius Ross, on behalf of himself and all others simi-
larly situated, v. Greg Gossett, Chris White, et al., Case No.
3:15-cv-00309

Dear Ms. Tammy McMannis, Deputy Clerk;

I hope this brief letter finds you well and in the best of health
and spirits. Enclosed with this letter is two separate motions
for two different cases. The first is a motion for Entry upon
Land for Inspection in Dent v. Dennison, et al., Case 3:17-cv-
1356-MJR-SCW. In that paricular case the court order that plai-
ntiff pay a partial filing fee of $ 34.34. My sister Diane Dent
will be making arrangments with the clerks office to pay that
partail filing fee this week. The other case is a motion for
notice under Rule 23(b)(3) as a classmember. The case is Deme-
trius Ross, on behalf of himself and all others similarly situa-
ted v. Greg Gossett, Chris White, et al., Case No. 3:15-cv-00309,
I am filing this motion as a class member. Also enclosed is a
Exhibit and letter that I sent you on January 4, 2018, however
it was returned to me based on me forgeting to place East St.
Louis on the envelope. Thank you for filing these motions.

Sincerely Charles Dent
# N-42308 pro se

neopost
02/21/2018
US POSTAGE $001.63
FIRST-CLASS MAIL
ZIP 62995
041M11225797

Charles Oak # N42308

Shawnee C.C.

6665 State Route 146 East

Vienna, Illinois 62995

Office of The Clerk

750 Missouri Avenue

P.o. Box 249

East St. Louis, Illinois

62201

CLEARED
U.S. MARSHALS

RECEIVED

FEB 2 6 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE