IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEMETRIUS ROSS, et al., on behalf of Themselves and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) GREG GOSSETT, et al., ) ) Defendants. ) | Case No. 15 C 0309 Hon. Staci M. Yandle, J. Hon. Stephen C. Williams, M.J. |

**MOTION TO APPOINT AND SUBSTITUTE ACACIA BROOKS
AS SPECIAL REPRESENTATIVE OF BRANDON BROOKS**

The undersigned counsel for the late Brandon Brooks respectfully request that the Court appoint Acacia Brooks, Brandon Brooks' wife at the time of his death, to serve as his Special Representative for the purpose of litigating his claims which survive his death. In support of this motion, they state as follows:

1. On September 24, 2015, Brandon Brooks filed a *pro se* complaint alleging violations of his constitutional rights and related claims arising from a shakedown conducted by the "Orange Crush" tactical team at Lawrence Correctional Center in July 2014. *See Brooks v. IDOC Director, et al.*, No. 15 C 1060 (S.D. Ill.), Dkt. 1.

2. The Court entered orders under the *Brooks v. IDOC Director* case caption re-assigning that case and consolidating it with the *Ross* putative class action. *See id.*, Dkts. 10, 21.

3.      On December 7, 2017, the Court in *Ross* appointed the undersigned counsel to represent all plaintiffs who had filed *pro se* claims which had been consolidated with the *Ross* case, including Brandon Brooks. Dkt. 424 at 2.

4.      Counsel for Mr. Brooks learned earlier this year that, regrettably, Mr. Brooks died on February 16, 2018. Counsel for Defendants filed a suggestion of death, Dkt. 448, and the Court entered an Order stating "Plaintiff Brooks' successor or representative shall have up to and including July 18, 2018 by which to file a motion seeking to substitute himself or herself in place of Plaintiff," Order dated April 25, 2018.

5.      Since that time, the undersigned counsel has worked to locate the late Mr. Brooks' relatives and successors in order to ensure that a proper representative can be substituted to prosecute his claims.

6.      As a result of conversations with those relatives and successors, counsel has learned the following information regarding Mr. Brooks:

   a. At the time of his death, Mr. Brooks did not have a valid will.

   b. Since his death, no estate has been opened for Mr. Brooks.

   c. Mr. Brooks' mother, Johnna Brooks, resides at 1159 East Walnut Street in Carbondale, IL.

   d. At the time of his death, Mr. Brooks was married to Acacia Brooks, who resides at 622 Almond Street in Carbondale, Illinois.

   e. Mr. Brooks has a minor child from a previous relationship. The mother of that minor child, Jessica Garrison, resides at 2568 Shirley Avenue in St. Louis, Missouri.

7. On information and belief, Mr. Brooks has no successors other than his wife and minor child listed above.

8. Counsel has spoken with Acacia Brooks and she is able and willing to serve as the Special Representative of Brandon Brooks, for the purpose of stepping into his shoes as Plaintiff and prosecuting his claims on his behalf.

9. Counsel has spoken with Johnna Brooks and Jessica Garrison and they have expressed agreement with the appointment of Acacia Brooks to serve as Special Representative for this purpose.

10. All of Mr. Brooks' successors and relatives listed above understand that the selection, appointment and substitution of Acacia Brooks as Special Representative will have no effect on the ultimate division and distribution of any funds recovered as a result of Mr. Brooks' claims, which will take place in accordance with Illinois probate law and only at such time as there are funds to distribute.

11. Federal district courts in Illinois have the power to appoint special administrators or representatives consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) ("The district court may appoint a 'special administrator' consistent with Illinois law . . . ."); *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing

attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

12. Illinois law provides for the appointment of a special representative for the purpose of prosecuting an action that survives a plaintiff's death. *See* 735 ILCS 5/2-1008(b). Specifically, "[i]f a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion," and "[i]f no petition for letters of office for the decedent's estate has been filed, the court may appoint a special representative for the deceased for the purpose of prosecuting the action." *Id. See also Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative).

13. The Seventh Circuit has explained that claims under 42 U.S.C. § 1983 alleging violations of a prisoner's Eighth Amendment rights survive that person's death, and may be prosecuted by a special representative appointed for the purpose of securing a recovery for the benefit of the deceased plaintiff's estate (and, ultimately, his or her successors as the beneficiaries of that estate). *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994).

14. Federal Rule of Civil Procedure 25 provides that "[i]f a parties dies and the claim is not extinguished, the court may order substitution of the proper party." Once appointed, Acacia Brooks as Special Representative will be a proper party,

and counsel respectfully request that the Court substitute Acacia Brooks as the appointed Special Representative for Mr. Brooks.

15.  Pursuant to the requirements of 735 ILCS 5/2-1008(b) that a special representative notify all heirs and legatees of the fact "that an appointment has been made, the court in which the case was filed, the caption of the case, and a description of the nature of the case," as well as the requirement held by the Seventh Circuit that interested nonparties must be served with copies of a motion to substitute, *Atkins v. City of Chicago*, 547 F.3d 869, 873-74, undersigned counsel will serve a copy of this motion, a copy of Mr. Brooks' initial complaint (*Brooks v. IDOC Director, et al.*, No. 15 C 1060 (S.D. Ill.), Dkt. 1), a copy of the operative Second Amended Complaint in the *Ross* action (Dkt. 197), as well as a copy of the Court's ultimate disposition of the motion, on Johnna Brooks, Acacia Brooks, and Jessica Garrison, by U.S. Mail at the addresses listed above.

WHEREFORE the undersigned counsel on behalf of the late Plaintiff Brandon Brooks and his surviving spouse Acacia Brooks respectfully request that the Court appoint Acacia Brooks as Special Representative for the purpose of prosecuting his surviving legal claims, and substitute her as Plaintiff in his stead.

Respectfully submitted,
/s/ Sam Heppell
One of Brandon Brooks' Attorneys


Michael Kanovitz
Sarah Grady
Sam Heppell
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

Alan Mills
Nicole Schult
Elizabeth Mazur
UPTOWN PEOPLE'S LAW CENTER
4413 North Sheridan Rd.
Chicago, IL 60640
(773) 769-1410


**CERTIFICATE OF SERVICE**

    I, Sam Heppell, an attorney, certify that on July 18, 2018 I caused the foregoing Motion to Appoint and Substitute Acacia Brooks as Special Representative of Brandon Brooks to be filed using the Court's CM/ECF system, which effected service on all counsel of record. In addition, I caused to be sent via U.S. Mail a copy of this motion and copies of the additional papers referenced in paragraph 15 above to Johnna Brooks, Acacia Brooks and Jessica Garrison at the above-listed addresses for those individuals.


/s/ Sam Heppell
One of Brandon Brooks' Attorneys