**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEMETRIUS ROSS,** *on behalf of himself* *and all others similarly situated,* **et al.,** | ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 15-CV-309-SMY** |
| **vs.** | ) | |
| | ) | |
| **GREG GOSSETT, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiffs' Motion for Class Certification was granted on March 26, 2020 and the following class was certified (Doc. 519):

> All prisoners housed at Menard Correctional Center between April 4, 2014 and April 16, 2014; Illinois River Correctional Center between April 21, 2014 and April 29, 2014; Big Muddy Correctional Center between May 12, 2014 and May 19, 2014; or Lawrence Correctional Center between July 7, 2014 and July 11, 2014.

On April 9, 2020, Defendants filed a Petition for Permission to Appeal Order Granting Class Certification and the Seventh Circuit Court of Appeals set a briefing schedule on the Petition. Now pending before the Court is Defendants' Motion to Stay Discovery and Class Notice Pending Appeal (Doc. 524). Plaintiffs' filed a response opposing the Motion (Doc. 526).

Under Federal Rule of Civil Procedure 23(f), "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." A stay may be granted if there is a "demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). Here, Defendants seek to stay discovery and a June 15, 2020 deadline for submitting a Joint Proposed Class Action Notice and

Class Action Notice Plan, asserting that proceeding with discovery during the pendency of their appeal would be burdensome and that class notices would be unnecessary if they successfully appeal certification.  Defendants have not made the necessary showing for a stay.

Defendants acknowledge that "a substantial amount of fact discovery has already taken place." (Doc. 524).  And, while they state their appeal is meritorious, they fail to demonstrate a "high probability" of error with respect to the certification ruling or that the cost of proceeding outweighs the cost of waiting.

Accordingly, Defendants' Motion to Stay Discovery and Class Notice Pending Appeal (Doc. 524) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 22, 2020**

**STACI M. YANDLE**
**United States District Judge**