IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS (EAST ST. LOUIS DIVISION)

DENNIS L. BAILEY, ID. No. B-44818
also on behalf of himself and all others
similarly situated. (plaintiffs)

RE: JURISDICTION:
[Federal Question] Appeal et:

SCANNED AT STATEVILLE CC and E-mailed 06/29/20 by MC 63 pages
date Initials No.

(ROSS v. GOSSETT et al.)

Assigned to: Judge Staci M Yandle

Related Case: 3:17-cv-00494-SMY

Cause: 42: 1983. Prisoner Civil Rights

SUMMARY

NOW COMES the plaintiff DENNIS BAILEY proceed pro se. (hereinafter referred to as "Bailey" hereinafter)" and respectfully requests this Honorable Court to allowed his "COMPLAINT" first filed April 13. 2015 in the Court of Claims, State of Illinois Case No. 15-CC-3493. approximately 27 days prior to (ROSS v. Gossett et al.) filed in this court March 19. 2015. My claim denied March 1. 2017. one issue raised in the respondent's motion to dismiss, court lacked jurisdiction over constitution claims et. Bailey's re-filed his complaint in the circuit court of Randolph County. IL. Post-Deprivation. due process violation et. No. 18-SC-116. on or about December 14. 2017 (Among other things) "On July 8. 2019. the circuit court dismissed.

Bailey's complaint; one issue raised in the Respondent's motion to dismiss. [court' lacked jurisdiction]. On December 2. 2019. Bailey's re-filed his previous complaint (Amended Petition) constitutional laws removed and newly discovered evidence (Ross v. Gossett et al.) [See: Exhibit-A: (1-of-57 pages)] (All Exhibit's attached in the back section of this letter).

The court of claims. denied Bailey's re-filed complaint March 19, 2020. filed date. [See: Exhibit-B (2 pages)] and Final order June 15, 2020: [See: Exhibit-C. (2 pages)]

## [LEGAL QUESTION]

PLEASE TAKE NOTICE. the plaintiff Bailey requests that his Complaint and issue's be added and Docket to the pending (Ross v. Gossett et al) class action "Status" et: and he has written attorney Sarah Copeland Grady. of Loevy & Loevy lawfirm: for legal representation et, where he was advised to contact this Court's pertaining to what steps need to be taken. for timely filed et.

#
Also. Bailey requests [Amend] all Counts pertaining to (nutts to butts)

Stateville Correctional Center
Route 53. P.O. Box 112
Joliet. Illinois 60434

Respestfully submitted.

By: Dennis Bailey 6.30.2020

FILED
COURT OF CLAIMS
DEC 02 2019
Secretary of State and
Ex-Officio Clerk Court of Claims

IN THE COURT OF CLAIMS

STATE OF ILLINOIS

[Exhibit-A]

DENNIS LEE BAILEY, I.D. No. B-44819 )
Claimant. )

-VS- ) DOCKET NO. ( )

KEITH BENEFIELD, is being sued in his official capacity and as an agent and / or employer by the State of Illinois, and the Illinois Department of Corrections. )

Amount Claimed: $ 5.000.00

The cost of property plus expenses et.

KIMBERLY BUTLER, is being sued in her official capacity and as an agent and / or employer by the State of Illinois, and the Illinois Department of Corrections )

STATE OF ILLINOIS, and the Illinois DEPARTMENT OF CORRECTIONS. is being sued directly under state official. home municipal corporation organized and existing under the laws of the State of Illinois. )

Respondents. )

MOTION TO RE-FILE AN COMPLAINT: [CASE NO. 15-CC-3493]

[AMENDED PETITION]

[ORAL ARGUMENT REQUESTED] Sec. 790.210

By: Dennis Bailey. pro se.
Claimant in this cause.

FILED
COURT OF CLAIMS
DEC 02 2019
Secretary of State and
Ex-Officio Clerk Court of Claims

IN THE
STATE OF ILLINOIS COURT
OF CLAIMS

DENNIS R. BAILEY
Plaintiff/Petitioner

Vs. No. 15-CC-3493

STATE OF ILLINOIS
Defendant/Respondent

## PROOF/CERTIFICATE OF SERVICE

TO: State of Ill. Court of Claims
Deputy Clerk Office-Inmate Concerns
630 South College Street
Springfield, IL. 62756
(1 org 1 copy)
Indigent

TO: State of Illinois Atty. Gen. Office
Hon. Kwame Raoul-Atty. Gen./Assist. [illegible]
500 S. Second Ste-Court of Claims Div.
Springfield, IL 62701
(1 copy)

PLEASE TAKE NOTICE that on November 25, 2019, I placed the attached or enclosed documents in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service cause

- Motion To Re-File An Complaint 9-of-9 pgs; Appendix Section Exhibits 47 pgs--Total= 56 pgs.

DATED: Nov. 25 2019

/s/ Dennis Bailey
Name: Dennis Bailey
IDOC#: R-44818
Address: Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

Subscribed and sworn to before me this 25 day of November 2019.

Cheryl Kettmann
Notary Public

OFFICIAL SEAL
CHERYL KETTMANN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/15/23

# POST- DEPRIVATION REMEDIES

## (DUE PROCESS VIOLATION) - (EVIDENCE: NEWLY DISCOVERED)

NOW COMES the Claimant DENNIS BAILEY. proceed pro se. and respectfully requests this Honorable Court to GRANT this motion to allow him to Re-file his previously filed complaint in pursuant to 735 ILCS 5/13-217 et. and enter a judgment against the Respondents in the sum of $5.000.00 [FIVE THOUSAND] U.S. Currency. in this cause. [705 ILCS 505/8(d)]

In Support Thereof. Claimant STATES as FOLLOWS:

1). The Claimant is currently incarcerated within the Illinois Department of Corrections ("I.D.O.C") at Stateville Correctional Center in Joliet IL.

2). On April 27. 2015. the Claimant filed a Complaint in this court. seeking reimbursement for property and legal document trashed after an S.O.R.T. team shake-down and compensation for emotional damage's related to the loss. Case No. 15-CC-3493 ( Claimant. complaint.) [See: Exhibit-A: 7 pages:] (enclosed in the back section "Appendix" of this complaint)

* The Claimant repeats and realleged in his complaint dated April 27. 2015. Page 1. of-7 On page 2 disregard line 8 and 9 Bill of Particulars Item Description (on page 3) disregard Personal Box Damage $80.00 Claimant has not been charged: "Intentional and Negligent Infliction of Emotional Distress page 3 will be re-argue in Re-filing complaint. page 5: Argument disregard All Constitution Claims. and line 13: disregard.

3). (Among other things) On or about November 1, 2016 the Respondent's filed an motion to dismiss with Memorandum of law to support the motion to dismiss.

4). On January 13. 2017 the Claimant filed an Response motion and memorandum of law. et. to the Respondent's motion to dismiss al..

5). (Among other things) On March 1. 2017. this Court of Claims. summarily Granted the Respondent's motion to dismiss. thereby dismissing Claimant's Complaint.

6). On March 31. 2017. the Claimant filed a Petition for Rehearing. arguing that the Court of Claims overlooked the facts that he presented evidence to contradict Respondent's arguments and that "Respondent's" had no defense (merits) as to Claimant's destroyed. trashed and loss property. (Petition generally No. 15-CC-3493)

7). On April 6. 2017 the Respondent's filed an Objection motion to Claimant's petition for rehearing. On June 14. 2017 the Court of Claims "Denied" Claimant petition for rehearing.

8). On July 28. 2017 (mailing date) the Claimant filed an motion for Notice of Appeal in this court. "Where he were advised by the fifth district Appellate Court that he can proceed this Complaint in the circuit court [See: Exhibit - B: at Exh.-31. (29 pages) dated November 6. 2017.]

9). On or about December 14. 2017 and March 21. 2018 the plaintiff's filed an Notice of Intention to Commerce action in Small Court. seeking reimbursement for property damages. and intentional emotional damages et., related to the loss. for the sum of $5.000.00 [FIVE THOUSAND] That the Claimant repeats and realleged his Complaint [See: Exhibit - B. dated November 6. 2017. Case out of Randolph County No. 18-SC-116] with the

exceptions. line 9: Bill of Particulars: (page 4) Claimant has not been charged with state issue property "Personal Box" sum of $40.00 / page 6 7. and 8 All Constitution Laws..

10). (Among other things) On May 14. 2019 the Defendant's filed an motion to dismiss et. (1). Plaintiff's claim is barred by res judicata (2) Plaintiff's claim is barred by sovereign immunity and (3) this Court lacks subject matter jurisdiction.

11). On July 5. 2019. the Plaintiff's filed an Response Motion to the Defendant's motion to dismiss et.

12). On July 8. 2019. the circuit court dismissed the Plaintiff's complaint. giving no legitimate reasons.

13). On July 18. 2019. the Plaintiff's filed an notice of appeal to the circuit court. Wherefore the plaintiff's were unable to pay for prepare the transcripts $100.00 clerk's filing fee's August 12. 2019. Plaintiff's request is DENIED. [See: Exhibit - C:] Where the Appellate Court allowed him to proceed as, an, poor person.

[REASONS FOR RE-FILING]

14). All Constitution Laws has been removed: as the Respondent argue in their motion to dismiss: V. The Court of Claims Lack Jurisdiction Over Constitional [See: The State Motion to Dismiss P. 7 and 8 No. 15-CC-3493] Claims...

- That the Claimant redress these [Issues] that his T.V. has been severely damages. that it no longer being used. volume damages all due to Respondent's negligence et.

(B). That by the Respondent's negligent intentional trashing his legal documents caused the Claimant (could not afford additional copies) unrepairable damages. he suffer the consequence of the Court's "LAST RESORT" dismissing his criminal case. [See: Exhibit-D]

(C). That legal documents trashed by the Respondent's has caused the Claimant to have his civil case of amount requested $5.000.000.00 [FIVE MILLION] to be DENIED; not timely filed Supreme Court of the United States; (BAILEY v. LANDEROS ET AL.) No. 16 M 123. [See: Exhibit-E]

(D). Under the "NEWLY DISCOVERED EVIDENCE" the Respondent Warden Kimberly; Butler. named as an defendant in an class action lawsuit still pending. (waiting for class certification) (ROSS v. GOSSETT. ET AL.) No. 15-cv-00309. U.S. District Court of the Southern District of Illinois. East St. Louis Division: (COUNTS) - Conspiracy - Intentional Infliction of Emotional Distress et., these misconduct undertaken intentionally with malice, and / or with reckless indifference to the rights of the Plaintiffs.

These widespread policies and practices were allowed to flourish because the defendant's [Butler] directly encouraged the very type of misconduct at issue in this case. and failed to provide adequate training and supervision. This information explained why the Claimant timely filed grievance dated April 12, 2014: after the incident April 9. 2014. "were destroyed" and witnesses never investigated.

(E). It is undisputed that when Claimant was sent to segregation, his property was still in the cell-unit into the control of correctional officer's. [See: Exhibit-B P.I. at C. D. and E. Pages. 15. 16. 18. 19. 20. 24-29]

Where the Respondent state institution takes exclusive control of the inmate's property, a bailment is created. Aesbery v. State of Illinois 32 Ill. Ct. Cl 127 (1978). While the Respondent has possession of the bailed property, loss of the property raises the presumption of negligence that the Respondent must rebut by evidence that his specific property items at issue transfered into the exclusive control of the Respondent and have not been returned. Lucien v. State of Illinois. 42 Ill Ct. Cl 402. 412 (1993).

The Claimant has not received any shakedown or inventory slips. and it's nowhere in the record that he has. it's Evidence that the Respondent's actions are intentionally to COVER-UP. the grievance's process and the TRASHING of the Claimant property et.,

(F). [INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRASS ET..]

In order to state a cause of action for intentional infliction of emotional distrass, a plaintiff must assert (1). the defendant's conduct was extreme and outrageous; (2). the defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) the defendant's conduct actually cause emotional distress. Cangemi v. Advocate South Suburban Hospital, 364 Ill. App. 3d 446. 470 (1st Dist. 2006).

In this case, the Claimant's were informed by other inmates (Witnesses) in cell four gallery, cells 36 and 38 that they over-heard [the Respondent] C/o Benefield, very angry because he had to packed up inmates [the Claimant] Bailey and McCullum property alone, (cell 37). that he complained. this is not his "profanity used" job. that S.O.R.T. should have packed items themselves, knowingly and intentionally trashed inmates property, slamming things around in the cell (37). the Claimant afterward, during released from segregation April 9, 2014. notice numberous items missing et. See: [Exhibit-A P. 3, 4, 5] and [Exhibit-B: P. 5, 6, and 7]

There no other explaination for Respondent's actions [extreme and outrageous] and severe, that he had to deal with gang member's and was bully to pay three times the amount for supplys et. and when he was unable to make the full payments. he subtain physical injuries, during an allercation.

[TRASHED LEGAL DOCUMENTS]

Caused irreparable damages: (A). the Claimant last opportunity for an ruling on his criminal charges. Case out of Will County, IL No. 04-CF-1066. that he's unable to raised this issue any further. [United States Supreme Court] (See: Exhibit-D); all due to the Respondent's trashing his documents. He served his twenty four years sentence; when in fact count one (alibi witness) and count two an actual innocence claim, niether been ruled upon in State's court. and (B). the Claimant's case out of the United States District Court for the Northern District of Illinois, Eastern Division No. 04-C-6201.

lawsuit re-filed amended complaint requesting $ 5.000.000.00 (FIVE MILLION). that he's been unable to get certain documents into the court's. results. his civil case being denied [See: Exhibit - B; P.1. date November 30. 2016 and (P.2.) dated May 15. 2017] In spite other's plaintiff's being compensated (Class Action) for the exact same counts the claimant's raised.

The claimant presented an legitimate claim that the Respondent's conduct. were so extreme and went beyond all possible bounds of decency and regarded as intolerable in a civilized society and further that all requirement were met to entitle him to $ 4.670.00 in damage's. for intentional and negligent infliction of emotional distress et. and Under the Newly Discovered Evidence. supports the Respondent's has a pattern of disregarding Inmates rights. Cover-ups. and Conspiracy. (ROSS v. GOSSETT)

## IN CONCLUSION

For the above reasons. the claimant redress his complaint. additional physical and mental injuries legal materials trashed an T.V. severely damage et. Property damages. in the sum of: $ 329.90. Wherefore. the Claimant ask this Court to enter a judgment against the Respondent's to pay the entirety requested FEE'S of [$ 5.000.00] (FIVE THOUSAND) U.S. CURRENCY and the cost of any court's fee's and further relief that this Court's deems just and appropriate under the circumstances in this cause.

Respectfully submitted.

By: Dennis Bailey. Claimant pro se.

IN THE
STATE OF ILLINOIS COURT
OF CLAIMS

DENNIS E. BAILEY
Plaintiff/Petitioner

Vs. No. 15-CC-3493

STATE OF ILLINOIS
Defendant/Respondent

**PROOF/CERTIFICATE OF SERVICE**

TO: State of Ill. Court of Claims
Deputy Clerk Officer Inmate Concerns
630 South College Street
Springfield, IL 62756
(1 orig. 1 copy)
Indigent

TO: State of Illinois Atty. Gen. Office
Hon. Kwame Raoul-Atty. Gen. / Attn: Kendal
500 S. Second Str.-Court of Claims Div.
Springfield, IL 62701
(1 copy)

PLEASE TAKE NOTICE that on November 25, 20 19, I placed the attached or enclosed documents in the institutional mail at Stateville Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service cause

Motion To Re-File An Complaint 9-of-9 pgs; Appendix Section Contains 47 pgs. Total: 56 pgs.

DATED: Nov. 25, 2019

/s/ Dennis Bailey
Name: Dennis Bailey
IDOC#: R-44818
Address: Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

Subscribed and sworn to before me this 25 day of November 20 19.

Cheryl Kettmann
Notary Public

OFFICIAL SEAL
CHERYL KETTMANN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/15/23

# [APPENDIX SECTION]

(Exhibit's and other Documents)

PAGES

(A). The Claimant First filing Complaint date April 27 2015. Court of Claims No. 15-CC-3493 (7 pages) . . . . . . . . . . . . . . . . 2.7

(B). The Claimant Re-filed Complaint in the Circuit Court of the twentieth judicial circuit Randolph. County. IL. No. 18-SC-116. Advised to filed by the fifth district Appellate Court (29 pages). . . . . . . 3.6.7.8

(C). Circuit Court of Randolph County Denied the Claimant Appeal, because he's unable to pay the cost of prepare the Transcripts at: fifth district Appellate Court Clerk order. No. 5-19-0300 (2 pages) . . . . . . . . . 4

(D). Supreme Court of Illinois. denied the Claimant petition for rehearing Criminal case because he was unable to properly support claim with documents that were trashed by the Respondent's No. 121450 (1 page) . . . . . . . 5.7

(E). U.S. of the Supreme Court the Claimant were unable to properly prepare his lawsuit in an timely manner due to trashed documents, No. 16M123; (2 pages). . . . . 5

Also enclosed: (F). Notice of Filing: Certificate of Service (G). Certificate of Service. Request for Admission. (H). Request for Admission. (I). Motion for Production of Documents (J). Motion for leave to file in Forma Pauperis. re-newed. (5 pgs)

Total: 46

IN THE COURT OF CLAIMS
STATE OF ILLINOIS.

FILED
COURT OF CLAIMS
APR 27 2015
Secretary of State and
Ex-Officio Clerk Court of Claims

Exh.-A

| | |
|---|---|
| DENNIS LEE BAILEY, (B-44818)<br>Claimant,<br><br>-vs-<br><br>STATE OF ILLINOIS, and the<br>ILLINOIS DEPARTMENT of CORRECTIONS.<br>Respondent. | DOCKET NO 15CC3493<br><br>Amount Claimed: $ 641.65<br><br>THE COST OF PROPERTY PLUS EXPENSES ET., |

## COMPLAINT

1). This claim sounding in tort, is for the conversion of the Claimant's Property et., by the State of Illinois and the Department of Corrections and is filed pursuant to Illinois Compiled Statutes, 705 ILCS 505/8 (d).

In Support Thereof, the Claimant, STATES as FOLLOWS:

2). Claimant is and was at all times pertinent, an inmate held in custody by the Respondent.

(a). On April 6, 2014 and for some time prior, Claimant owned and possessed the property listed in the accompanying Bill of Particulars.

(b). Claimant kept said property in his assigned cell at the Menard Correctional Center.

(c). On April 6, 2014 Claimant was ordered transferred from North One, gallery four; cell: 37, to Chaplin building during shakedown, to North Two, Segregation, Claimant was not permitted to take his personal property with him.

(d). At transfer time, an unknown officer (come to be known as officer Benefield) agent or employee of the Respondents took control of Claimant's Property as listed in the Bill of Particulars.

Exh.-R: 2.0 l-7

(e). Upon arrival, after being released from North Two, unit Segregation April 9, 2014. To: North One unit, Claimant was advised to sort out cell-mate and his ptoperty in the shower, (property boxes sitting out-side north one unit, on the ground) Claimant was informed by c/o Benefield that our property is missing, to just filed an grievance's, upon sorting out said, property boxes, in the shower, Claimant notice about his missing property and damaged property box.

(f). Respondent's have refused to return claimant's property to him, and refused to repair or replace damaged property box.

3). Claimant has not previously presented this claim to any State Department or the State of Illinois or officers thereof.

4). Claimant is the rightful owner of this claim.

5). Claimant has made no assignment or transfer of this claim, or interest therein, has been made.

6). Claimant is justly entitled to amount of this claim and has filed within the statutory time limit.

7). Claimant believes the facts stated in this Complaint are correct and true.

8). This claim has not been filed in any other court of the United States.

9). **BILL OF PARTICULARS**

The following Bill of Particulars states the amount claimed thereof which is pertinent to this claim.

| Item Description | Value |
|---|---|
| One Webster dictionary (middle size) | $4.50 |
| One Book title 'Niggas to Gods Part Two (by Akil) | $14.95 |
| One cable cord, and One ear bud, | $8.00 |
| One playing card | $1.20 |

Exh.-A. 3-of-7

| Item | Amount |
|---|---|
| One, Ear bud extension cord; (swing shot cord) | $3.00 |
| One colgate red toothpaste | $2.18 |
| One, nail clipper | $1.62 |
| One, Afro pick | .90 |
| Two, Bars of antibactriel soap | $1.62 |
| Two, coffee cup | $1.40 |
| three, Soap dish, | $1.23 |
| Chess pieces, (still have board) | $4.00 |
| "Clothes" One, Gym shorts(XXL) | $3.50 |
| One, T-shirt (XXL) | $1.50 |
| One, Boxes (XL) | $1.50 |
| Pair of Top and Bottom 'Termals' | $8.oo |
| Two, pair of socks | .80 |
| [Personal Box] | $80.00 |
| | Total: $141.56 |

## Intentional And Negligent Infliction Of Emotional Distress

Claimant received a small amount of money from his eighty one year old mother, (only source of income; Social Security check) to buy hygiene, items, small amount of food, and used to defend his criminal charges et., Now he have to used it toward this Complaint, legal fee's, copies order, and case laws and mailing fee's.

During a course of three week's, Claimant was without toothpaste, and other hygiene items, and unable to watch his T.V. (No cable cord and ear buds) [See: Counselor Appeal; grieve's officers P.2 dated Aug. 19, 2014] That he have to deal with other's inmates that he normally wouldn't have to come in contact with, for legal materials, assistance, writing, typing (that Claimant has a disability that prevent him from writing with State's ink pens) [See: Exhibit-A; attached to an section in this Complaint; pending Mandamus, Case out of Randolph County, IL. No. 13-MR-86]; and borrowing items destroyed by Respondent.[ Request: $500.00 damages and expenses ]

10). Claimant is not an executor, administrator, guardian or other representative of this claim.

11). Claimant has exhausted all available administrative remedies/ grieve's.

## GRIEVANCES SUMMARY [Trashed Property and Destroyed Property Box; by c/o's ]

The Claimant filed an grievance dated [April 12, 2014] after the incident April 9,2014 of his missing property et., advised by c/o Benefield

also mailed A.R.B. an identical copy of grieve's as 'PROOF' that he mailed counselor Mr. grabberhouse grieve's dated April 12, 2014, through counselor drop box, mailing system (cell-bars). Exh- A ; 4-of-7

For the sole purpose to informed A.R.B. that this institution 'Menard' correctional officer's have an pattern of trashing or destroying inmates grievance's, when issue's concerns themselves. [Supplement April 21, 2014; 1-of-1 pgs. and 1-of-2 pgs. newly discover evidence] requested Witnesses, to be investigated before any ruling or responds et., That witnesses observed and over-heard c/o Benefield seem very angry, that he had to pack-up inmates McCullum and Bailey property in cell (4-37) alone, it was confirmed c/o actions were knowingly, intentionally and out of malicious; throwing away items, slamming property boxes et., [A.R.B. stamped dated return grievance April 29, 2014, Leslie McCarty, statement inmate provided grievance dated April 12, 2014 is within timeframe DR. 504.810]

[Second Grievance's dated August 9, 2014 ] Bailey explained to Counselor Grabberhouse several time, May and June 2014; why he hasn't received an reponds concerning his grieve's filed April 12, 2014; wherefore Bailey was told several times that I.A. (Internal Affairs) have his grieve's and he have to wait for responds.

On June 30, 2014 Bailey discussed grieve's dated 4.12.2014; (No respond) with different assigned counselor Mr. Niepert, during four gallery visit. Bailey advised Niepert to question his witnesses who is down the gallery and get an statement, Niepert refused; stated 'Inmates have NO credibility.

Where Niepert advised Bailey he have not seen his grieve's datad; 4.12.2014, to write another, Bailey wrote his second grieve's dated: 8.9.2014, and enclosed previously written package April 12, 2014 with A.R.B. Leslie McCarty responds to review over incident in proper timeframe.

Counselor Niepert refused to investigate any witnesses or question c/o Benefield about the incident. "Responds August 11, 2014 [Sic] out of timeframe et.,

Bailey appeal counselor Niepert [August 19, 2014] TO grievance officer Linda Carter [ARGUMENT] That A.R.B. specify stated that grieve's dated: April 12, 2014, presented in the proper timeframe within D.R. 504.810; to conduct investigation et.,

Exh-R: 5-d-7

Grievance officer's D. Dwight responds dated: [August 26, 2014] )agreed with counselor's that grieve's is not in proper timeframe; IGNORED A.R.B., decision (issue will not be addressed further) Bailey mailed grievance officer's D. Dwight denied decision to A.R.B., September 12, 2014 that this institution "Menard" failure to comply with A.R.B. requests...

Bailey received an responds from A.R.B. Leslie McCarty, that she already addressed this issue; inmate filed stamped: April 29, 2014,[dated, October 7, 2014]

Section 790.55 Discovery (b) Grievance will be conducted in accordance with the Civil Practice law [735 ILCS 5/Art. 11]

## ARGUMENT

The Due process Clauses prohibit governments, including prison officials from depriving [inmates] of life, liberty or property without due process of law U.S. Const. Amends V, XIV.

Here, Claimant informed A.R.B. with an timely filed grievance package [identical copy he sent to Counselor drop box mailing system] to take notice that this institution have an pattern of trashing or destroying inmates grievance's when against c/o's et., [See: Exhibit-B; Affidavit's; enclosed in an section of this complaint, "other inmates that grieve's mailed to counselor was either misplaced or lost et.,] "Even though A.R.B. responds Leslie McCarty clearly stated that Grieve's dated April 12, 2014 in the proper timeframe in accordance to Section 504.810.

Respondent intentionally refused to acknowledge or investigate any Claimant witnesses or c/o Benefield, who must as admitted to trashing property et., and not issuing a shakedown slip or any explanation as to why items were taking et., The Court said that conduct amounting to deliberate indifferance may shock the conscience where the officials realistcally have time to deliberate, but when unforeseen circumstances demand. "instant judgment" intent to cause harm must be shown in order to shock the conscience. Sacramento v. Lewis, 523 U.S. at 852-53.

Prisoners have the right to call witnesses when doing so is not "unduly hazardous" to institutional safety or correctional goals. See: Edwards v. Balisok, 520 U.S. 641, 646-47, 117 S. Ct. 1584 (1997) (refusing

Exh-A 6-d-7

to call any witnesses was an obvious procedural defect). Williams v. Wilkinson, 122 F. Supp. 2d 894, 904 & n. 10 (S.D. Ohio 2000) (intentionally disallowing plaintiff's witnesses supported a due process claim).

The Court held a prisoner had exhausted when he did everything necessary to exhaust but his grievance simply disappeared, and he received no instruction as to what if anything to do about it, ACCORD, Wilkerson v. Jenkins, 2010 WL 384737, *3 (D. Md. Jan. 27, 2010) (Similar to Dole) (Noting rules contained no instructions what to do when a grievance was apparently lost) report and recommendation adopted 2008 WL 4601081 (E.D. Cal. Oct. 15, 2008) [Failure to exhaust is Affirmative Defense] See: Walker v. Sheahan, 526 F. 3d 973, 979 (7th Cir. 2008).

12). The Claimant further states that his Social Security Number is 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.

13). **WHEREFORE**, Claimant asks this Court to enter a judgment against the Respondents in the sum of $641.65

DATE: April 22, 2015

s/s Dennis Bailey
D.O.C. # B-44818
Menard Correctional Center
P.O. Box 1000
Menard, Illinois 62259

**AFFIDAVIT**

DENNIS LEE BAILEY, being duly sworn on oath States that he is the attached cause. He has read the foregoing complaint and states the contents thereof are true and correct to the best of his knowledge.

I further declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not

Exh.-A: 7-of-7

taken either frivolously or maliciously and that I believe foregoing matter is taken in good faith.

Signed on this 22 day of 2015
2015.

Dennis Bailey
Affiant:

COPY

trashing and destroying plaintiff's Bailey property et. (2) Intentional and negligent infliction of emotional distress et.

Exhibit – B:
1-of-29

MOTION FOR LEAVE TO FILE AN COMPLAINT IN THIS COURT

This Claim sounding in Tort is for the conversion of Plaintiff DENNIS BAILEY in pro se. fashion. (hereinafter referred to "Plaintiff" hereinafter) PROPERTY EE. by the State of Illinois and the Department of Corrections, and is filed pursuant to Civil Practice Law [735 ILCS 5/Art. 11] et. and the Rules of the Supreme Court of Illinois.

In Support Thereof; Plaintiff STATES as FOLLOWS:

1). Plaintiff is and was at all times pertinent, an inmate held in custody by the defendant's.

(a.) On April 6, 2014 and for some time prior, Plaintiff owned and possessed the property listed in the accompanying Bill of Particulars.

(b.) Plaintiff kept said property in his assigned cell at the Menard Correctional Center.

(c.) On April 8, 2014 Plaintiff was ordered transferred from North One, gallery four; cell 37: to Chaplin building during shakedown, to North Two, Segregation, Plaintiff was not permitted to take his personal property with him.

(d.) At transfer time, an unknown officer (came to be known as officer Benefield) agent or employee of the Defendants took control of Plaintiff's property as listed in the Bill of Particulars.

(e) Upon arrival, after being released from North Two, Segregation unit, April 9, 2014, to North One unit, Plaintiff was advised to sort out his cell-mate and his property in the shower, ( property

Exh-B: 2-of-29

COPY

boxes sitting out-side North One housing unit, on the ground) Plaintiff was informed by c/o Benefield that some of our property is missing, to just filed an grievance's, upon sorting out said, property boxes in the shower, Plaintiff notice numberous items missing and damaged property box.

(f.) Plaintiff's filed an timely grievance April 12, 2014. The Defendant's have refused to return or replace plaintiff's property to him, and refused to repair or replace damaged property box.

3). Plaintiff has previously presented this claim in the (State of Illinois) Court of Claim, filed date: April 27, 2015.

4). Plaintiff is the rightful owner of this claim.

5). Plaintiff's was advised by the Appellate Court, that he can proceed this claim in the circuit court See: [Exhibit-A: dated November 6, 2017] after a Notice of Appeal requested. [See: Exhibit-B: filed date, July 13, 2017] attached in the back section of this complaint.

6). Plaintiff is justly entitled to amount of this claim and has filed within the statutory time limit.

7). Plaintiff believes the facts stated in this Complaint are correct and true.

8). This claim has been filed in the Court of Claims, State of Illinois. April 27, 2015, Docket No. 15-CC-3493

9). The following Bill of Particulars states the amount claimed thereof which is pertinent to this claim.

BILL OF PARTICULARS

| Item Description | Value |
|---|---|
| One Webster dictionary (middle size) | $4.50 |

Exh.-B 3-of-29

COPY

| | |
|---|---|
| One Book title "Niggaz to Gods Part two" (by Akil) | $ 19.95 |
| One cable cord, and One ear bud. | $ 8.00 |
| One playing card. One. Ear bud extension cord: (swing shot cord) | $ 1.20 and $ 3.00 |
| One colgate red toothpaste. One nail clipper. One. Afro pick | $ 2.18., .90 and $ 1.62 |
| Two. bars of antibactrial soap. Two. coffee cup. Three. soap dish. | $ 1.62, $ 1.40. and $ 3.23 |
| Chess pieces. (still have board), "CLOTHES" One. gym shorts (XXL) | $ 4.00 and $ 3.50 |
| One. T-shirt (XXL). One. Boxer short (XL) Two. pair of socks | $ 1.50, $ 1.50 and .80 |
| Pair of top and bottom "Termals" and [Personal Box; state property] | $ 8.00, 40.00 |
| One. KTV damages et. "trashed legal documents" | $ 180.00, $ 50.00 |
| Total: | $ 329.90 |

Intentional And Negligent Infliction Of Emotional Distress Et.

The Plaintiff received a small amount of money from his. now eighty five year old mother. (only source of income; Social Security check). to buy hygiene products. small amount of food. defend his criminal charges et. Now he have to used "income" toward filing Complaints, legal fee's. copies, case laws and mailing fee's.

During a course of three week's: Plaintiff was without toothpaste, and other hygiene items, and unable to watch his T.V. (No cable cord and ear buds) [See: Exhibit-C; "Counselor Appeal" grieve officers P.2 dated Aug. 18. 2014] That he had to deal with other inmates that he normally wouldn't have to come in contact with, for legal materials, assistance, writing, typing (that he has an major disability, that prevent him from writing with State's issue ink pens [See: Exhibit-D; "Mandamus Complaint" case out of Randolph County. IL. No. 13-MR-24]; and borrowing items destroyed by the Defendant's.

Failure to properly investigate Plaintiff's complaint in the Court of Claims (2) allowed the Defendant's to used delay tactics and (3). Failure to enter an order for default judgment. [REQUESTS: damages and Expenses] $ 4,670.10

COPY

Evh.-8
4-08-29

10). Plaintiff is not an executor, administrator, guardian or other representative of this claim.

11). Plaintiff has exhausted all available administrative remedies / grieve's.

GRIEVANCES SUMMARY TRASHED PROPERTY AND DESTROYED PROPERTY BOX, ET..

The Plaintiff filed an grievance date [April 12. 2014] after the incident April 9. 2014. concerning his missing property et., he was advised by c/o Benefield. to filed an grieve's. He also mailed A.R.B. an identical copy of grieve's as "PROOF" that he mailed counselor Mr. Grabberhouse grieve's dated April 12. 2014. through counselor drop box: mailing system, for the sole purpose to informed A.R.B. that this institution "Menard" correctional officer's have an pattern of trashing or destroying inmates grievance's, when issue's concern themselves. [See: Supplement Exhibit-E; dated April 21. 2014. 1-of-1 and 1-of-2 pgs. newly discovered evidence] requested witnesses, to be investigated before any ruling or responds et.,

That witnesses observed and over-heard c/o Benefield seem very angry. that he had to pack-up inmate McCallum and Plaintiff property in cell:(4-37) alone, it was confirmed c/o actions were knowingly, intentionally and out of malicious; throwing away item, slamming property boxes et. [See: Exhibit-F; A.R.B. stamped dated return grievance April 29. 2014. Leslie McCarty, statement: inmate provided grievance dated April 12. 2014 is within timeframe DR. 504. 810]

[Second Grievance's dated: August 9. 2014] Bailey explained to Counselor Grabberhouse several time. May and June 2014, why he hasn't received an responds concerning his grieve's filed April 12. 2014; wherefore Bailey was told several times that I.A. (Internal Affairs) have his grieve's and he have wait for responds.

On June 30. 2014. Bailey discussed grieve's dated 4.12.2014 (No Respond) with different assigned

COPY

Exh.-8
5-uc-29

counselor Mr. Niepert. during four gallery visit. Bailey advised Niepert to question his witnesses who was down the gallery and get an statement. Niepert refused: stated "Inmates have no credibility."

Where Niepart advised Bailey he have not seen his grieve's dated: 4.12.2014. to write another. Bailey wrote his second grieve's dated: 8.9.2014. and enclosed previously written package April 12.2014 with A.R.B. Leslie McCarty responds to review over incident in proper timeframe. Counselor Niepert refused to investigate any witnesses or question C/o Benefield about the incident. "Respond" August 11. 2014 [Sic] out of timeframe et.

Bailey appeal counselor Niepert [August 19. 2014] to grievance officer Linda Carter. [ARGUMENT] That A.R.B.. specify stated. that grieve's dated: April 12. 2014. presented in the proper timeframe within D. R. 504.810: to conduct an investigation et.

Where Grievance Officer's D. Dwight responds dated: [August 26. 2014] agreed with counselor's that grieve's is not in proper timeframe. "IGNORED" A.R.B.. decision (issue will not be addressed further) Bailey mailed grievance officer's D. Dwight denied decision to A.R.B.. September 12. 2014. that this institution "Massed" failure to comply with A.R.B. requests...

Bailey received an respond from A.R.B: Leslie McCarty. that she already addressed this issue: inmate filed stamped: April 29. 2014. [dated: October 2 2014] Section 790.55 Discovery (b) Grievance will be conducted in accordance with the Civil Practice Law [735 ILCS 5/Art. II]

## ARGUMENT

The Due process Clauses prohibit governments. including prison officials from depriving [inmates] of life. liberty or property without due process of law U.S. Const. Amends V. XIV.

COPY

Exh.-B 6-F-29

Here. Plaintiff informed A.R.B. with an timely filed grievance package[identical copy he sent to Counselor drop box mailing system] to take notice that this institution have an pattern of trashing or destroying inmates grievance's when against staff member's et., [See: Exhibit-G AFFIDAVIT'S; enclose'd. "other inmates that grieve's mailed to counselor was either misplaced or lost et."] Even though A.R.B. responds Leslie McCarty clearly stated that Grieve's dated April 12, 2014. in the proper timeframe in accordance to Section 504.810.

Defendant's intentionally refused to acknowledge or investigate any Plaintiff witnesses or % Benefield. who must ae admitted to trashing et. said property. The Court said that conduct amounting to deliberate indifference may shock the conscience where the officials realistcally have time to deliberate, but when unforeseen circumstances demand, "instant judgment" intent to cause harm must be shown in order to shock the conscience. Sacramento v. Lewis, 523 U.S. at 852-53.

"Prisoners have the right to call witnesses when doing so is not "unduly hazardous" to institutional safety or correctional goals. See: Edwards v. Balisok, 520 U.S. 641, 646-47, 117 S. Ct. 1584 (1997) (refusing to call any witnesses was an obvious procedural defect). Williams v. Wilkinson, 122 F. Supp. 2d 894, 904 & n. 10 (S.D. Ohio 2000) intentionally disallowing plaintiff's witnesses supported a due process claim).

The Court held a prisoner had exhausted when he did everything necessary to exhaust but his grievance simply disappeared, and he received no instruction as to what if anything to do about it. ACCORD, Wilkerson v. Jenkins, 2010 WL 384737, & 3 (D. Md. Jan. 27, 2010) (Similar to Dole) (Noting rules contained no instructions what to do when grievance was apparently lost) report and recommendation adopted 2008 WL 4601081 (E.D. Cal. Oct. 15, 2008)[Failure to exhaust is Affirmative Defense] See: Walker v.

COPY

Sheahan, 528 F. 3d 973, 979 (7th Cir. 2008).

Exh.-B: 7-of-29

## REASON FOR RE-FILING [5,000.00 FIVE THOUSAND REQUESTED]

That the Plaintiff filed this Complaint on April 27, 2015 in the Court of Claims, seeking reimbursement for property lost (trashed) and damaged, during a cell shaken down and monetary compensation for intentional emotional damages related to the loss. Plaintiff seeks damages in the amount of $641.65 for his lose property, and emotional distress. [See: Exhibit-D:]

The Respondent's failed to answer or plead, in spite of Court Order, where several motion for default judgment were filed and DENIED: October 5, 2015, December 11, 2015 and July 5, 2016. Further, the Respondent's argues "MOTION TO DISMISS" Claimant complaint should be dismissed because he failed to plead causes of action for negligent and intentional emotional distress. (2). Claimant claims for negligent and intentional infliction of emotional distress were not timely filed (3). Claimant failed to exhaust his available remedies pursuant to 705 ILCS 505/25 and (4) Court of Claims lack jurisdiction over constitutional claims.

On March 1, 2017, the Court of Claims summarily GRANTED the Respondent's motion to dismiss, with out any other explaination. Claimant APPEAL [See: Exhibit-B] In the Respondent's (motion to dismiss) central argument: that the Court of Claims, Lack Jurisdiction to address the Claimant constitutional violations. ' In according to Respondent's: the Claimant filed this Complaint in the wrong court. "Court of Claims" thereby relief cannot be granted, and the merit of his complaint hasn't been properly adjudicated.

[$5,000.00 REQUESTED] That the Plaintiff's redress his complaint additional physical and mental injuries, legal materials trashed, and T.V. damage et. In citing: Elliott v. Willis, (1992) 92 Ill. 2d 530, 545, 65 .Dec. 852, 442 N.E. 2d 163) If this Court find that the facts of the



Exh-B: 8-of-29

IN THE
CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
RANDOLPH COUNTY ILLINOIS

DENNIS L. BAILEY
Plaintiff/Petitioner

Vs.

KIMBERLY BUTLER ET AL.
Defendant/Respondent

No. ( )

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk's Office of the Circuit Courthouse
Hon. Sherry Johnson (Randolph Co. Clerk)
One Taylor Street -
Chester, Illinois 62233
(1 copy) Intagrand

TO: Office of the Illinois Atty General
Hon. Lisa Madigan (Attorney General)
500 South Second Street,
Springfield, Illinois 62706

PLEASE TAKE NOTICE that at: 11:00 AM/PM December 12, 2017, I placed the documents listed below in the institutional mail at Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

Caused: Notice Of Intention To Commence Action Small Court Claim: 10-of-10 pages' Exhibit's contains: 24 pages Total: (35 pages)

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: Dec. 12 2017

/s/ Dennis Bailey
Name: Dennis Bailey
IDOC No. B-44818
Menard Correctional Ctr.
POB 1000
Menard, IL
62259

Revised 4/15/16

COPY

Exhibit's 9-of-28 B see below

occurrance here cannot be precisely determined from the plaintiff complaint, he should be permitted to plead again announced by the Supreme Court.

WHEREFORE, the Plaintiff ask this Court to enter a judgment against the Defendant's in the sum of ($5,000.00) "FIVE THOUSAND U.S. CURRENCY."

Respectfully submitted.

DATE: December 12 2017.

By: /s/ Dennis Bailey plaintiff pro se.
Register No. B-44818
Menard Correctional Center
P.O. Box 1000
Menard, Illinois 62259

9.

# "EXHIBIT'S SECTION"

Title: PAGE(S)

(A). Fifth District, STATE OF ILLINOIS Appellate Court (1 page) 3.

(B). Motion to leave to Filed: Notice of Appeal "Court of Claims" (3 pages) 3, 8

(C). Plaintiff's appeal to Grievance Officer's Linda Carter "August 19, 2014" (2 pages) 4.

(D). Plaintiff's Mandamus Petition (copy of defendants introduction) (1 page) 4, 7

COPY

Exh-8: 10-of-29

(E). Plaintiff's Supplement Appeal: to grievance officer's April 12, 2014 (2 pages) 5

(F). Administrative Review Board "Responds" from grieve's mailed out same time grieve's submitted into institution mailbox system (1 page) 5.

(G). Affidavit's of other inmates whom grieve's was either trashed, lost or misplaced et (3 pgs) 7.

[Other Grieve's mention in this Complaint Et.]

* Dated: April 12, 2014, and part TWO con't Legal documents trashed et. (3 pages) 5, 6, 7

* A.R.B., plaintiff's letter, to confirmed grieve's was also mailed to Counselor's. (1 page) (stamped dated April 29, 2014) 5.6

* August 9, 2014: Second Grieve's to Counselor's (2 pages) 5.6

* ~~Application to Sue as a poor person, and Menard Corr. Center Trust Fund (Trust Stmt) (5 pages)~~ LAST PAGES.

TOTAL: 28 pages.



Exh.-B 11-06-17

[Exhibit-A]



JOHN J. FLOOD
CLERK
(618) 242-3120

STATE OF ILLINOIS
APPELLATE COURT
FIFTH DISTRICT
14TH & MAIN STREETS
P.O. BOX 867
MT. VERNON, IL 62864-0018

November 6, 2017

Dennis Bailey
Reg. No.: B-44818
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

Dear Mr. Bailey:

My office is in receipt of a "Motion for Status Up-Date" which references a case you have in the Court of Claims. I am returning these documents to you because this matter is not in the Appellate Court. The Court of Claims Act does not provide for the review of decisions of the Court of Claims. Accordingly, decisions of the Court of Claims are generally not subject to judicial review. The Illinois Supreme Court has allowed a narrow exception to this rule, however under this narrow exception cases are not appealed to the appellate court, but rather proceed through the circuit court.

Sincerely,

[signature]

John J. Flood, Clerk

JJF/dsk
Enclosure

COPY

[Exhibit-B]

IN THE COURT OF CLAIMS
STATE OF ILLINOIS

Exh.-B 12-of-29

FILED
COURT OF CLAIMS
JUL 13 2017
Secretary of State and
Ex-Officio Clerk Court of Claims

DENNIS LEE BAILEY,

Claimant-Appellant.

-vs-

STATE OF ILLINOIS, and the

ILLINOIS DEPARTMENT of CORRECTIONS.

Respondent- Appellees.

DOCKET NO. 15 CC 3493

Amount Claimed: $ 641.65

The cost of property plus expenses et.,

## MOTION TO LEAVE TO FILED: NOTICE OF APPEAL

NOW COMES the Claimant-Appellant proceed pro se., respectfully requests this Honorable Court's to entered an order for Notice of Appeal in pursuant to Cir. R. 1917 et. from a Complaint seeking Reimbursement for trashed Property; judgment ordered entered March 1, 2017. in this cause.

In Support Thereof. Claimant-Appellant STATES as FOLLOWS:

1. Claimant is currently incarcerated within the Department of Corrections (I.D.O.C.) at Menard Correctional Center in Menard, Illinois.

2. On April 27, 2015. Claimant filed a Complaint seeking reimbursement for property and legal documents et. trashed by Correctional Officer's after an S.O.R.T. team shake down and compensation for emotional damage's et. related to the loss. (Complaint. generally)

COPY

Exh.-B: 13-of-29

3. (Among other things) On March 1. 2017 this Court of Claims, summarily Granted the Respondent's Motion to Dismiss. thereby dismissing Claimant's Complaint.

4. On March 31, 2017. Claimant filed a Petition for Rehearing arguing that the Court of Claims overlooked the Facts that he presented, evidence to contradict Respondent's arguments and that "Respondent's" had no defenses as to his destroyed, trashed and loss property. (Petition, generally)

5. On April 6, 2017. the Respondent's filed an Objection motion to Claimant's petition for rehearing

6. On June 14, 2017 the Court of Claims "Denied" Claimant petition for rehearing.

7. It appearing to the Court of Claims. Commissioner Hon. Patricia Murphy. and Deputy Clerk. that the above named Claimant desires to Appeal from the order entered by the Court on March 1. 2017 and June 14, 2017 and the Claimant is Indigent and requests appointment of counsel and a report of the proceeding free of charge.

8. Further. that he has an meritorious claim and relief should be granted in the Appellant flavor.

WHEREFORE, the Claimant-Appellant prays this Honorable Court GRANT this motion to APPEAL to the Fifth District Appellate Court, in this cause.

---

Respectfully submitted

By: DENNIS BAILEY Claimant-Appellant
Register No. B-44818 · (pro se.)
Menard Correctional Center, P.O. Box 1000
Menard. Illinois 62259

\# Please Take Notice: In Claimant's Petition for Rehearing, that he be permitted to plead again at [at.3] Appellate Court requested FEE'S amount claimed $ 5,000.00 [FIVE THOUSAND IN U.S. CURRENCY]

COPY

Exh.-B: 19-of-29

FILED
COURT OF CLAIMS
JUL 13 2017
Secretary of State and
Ex-Officio Clerk Court of Claims

IN THE

COURT OF CLAIMS - STATE OF ILLINOIS

DENNIS LEE BAILEY
Plaintiff/Petitioner

Vs.

STATE OF ILLINOIS et al.
Defendant/Respondent

No: 15-CC-3493

## PROOF/CERTIFICATE OF SERVICE

TO: [illegible]
[illegible]
P.O. Box 220 [illegible]
Energy, Illinois 62933-0220
[illegible]

TO: [illegible] State Attorney General
[illegible]
500 South Second Street
Springfield, Illinois 62701
[illegible]

PLEASE TAKE NOTICE that at: 11:00 AM/PM, June 28, 2017, I placed the documents listed below in the institutional mail at: Menard Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.:

Motion to Leave to File an Notice of Appeal 3-of-3 pages

Pursuant to 28 USC 1746; 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: June 28 2017

/s/ Dennis Bailey
Name: Dennis Bailey
IDOC No. B-44919
Menard Correctional Ctr.
POB 1000
Menard, IL 62259

Revised 4/15/16

COPY

Ex.-B: 15-cc-24

[Exhibit-C]

TO: Grievance Officer,
Linda Carter

FROM: Bailey, Dennis
I.D. No. B-44818

DATE: August 19. 2014

[RE: Correctional Officer Trashed
And Damage Property]

To Whom this Concern:

I am appealing counselor 8.11.2014 response; to enclosed: grievance's dated: April 12. 2014 and re-filed (second) August 9. 2014. That Bailey informed and warned (A.R.B.) this institution will intentionally destroy, or misplace his timely filed grieve's dated 4.12.2014; mailed to counselor Gabberhouse et. [See: enclosed: Letter to A.R.B. dated April 22. 2014; 1-of-1 page]

Wherefore; enclosed (A.R.B.) return grievance dated: April 28. 2014 stamped; enter an order specific stated, Bailey grieve 4.12.2014 proper timeframe; [See: A.R.B. response: Leslie McCarty dated: 6.4.2014]

RECEIVED
SEP 18 2014
Office of Inmate Issues

(1.) of-2 pages

COPY

Exh.-B:
16-J-29

2-of-2

This Counselor Mr. Niepert failed to take any steps to investigate grieve issue's; where he had an opportunity to interview several Bailey's witnesses; during a four gallery visit. counselor responds "Inmates" NOT credible; further, Bailey didn't witness C/o trashing and destroying property et..

Bailey presented A.R.B. statement, that his grieve is in Proper Time frame... "Requesting this Grieve' Officer: investigate Menard C/o Benefield" he might admit to his wrong doing;" [See: grieve dated: 4.12.2014; Bailey advised by C/o to write a grievance concerning missing property et.. 'back side'] and requested witnesses... that personal property and BOX be replaced: as listed on back side of 2nd grieve's dated 8.9.2014.

RECEIVED
SEP 18 2014
Office Of Inmate Issues

"During a course of three weeks; Bailey was without toothpaste.. soap. and unable to watch his T.V. (no cable cord and ear buds) he barely ate and sleep; and had severe headaches et.

NOTE * witnesses moved from previous cells; [4-36 and 38] house to check housing clip board. for location

Bailey v. State
15-CC-3493

Exhibit 1
000015

COPY

[Exhibit-D]

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
RANDOLPH COUNTY, ILLINOIS

Exh.-B
17-06-29

DENNIS BAILEY, #B-44818, )
Plaintiff, )
-vs- ) No. 13-MR-86
RICHARD W. HARRINGTON, )
Defendant. )

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S AMENDED MANDAMUS PETITION

NOW COMES the Defendant, KIMBERLY BUTLER[1], by and through her Attorney, Lisa Madigan, Attorney General for the State of Illinois, pursuant to 735 ILCS 2-615 hereby files the instant memorandum of law in support of her Motion to Dismiss Plaintiff's Amended Petition, stating as follows:

INTRODUCTION

The Plaintiff, Dennis Bailey, is currently incarcerated within Illinois Department of Corrections ("IDOC") at Menard Correctional Center. Plaintiff has brought the instant matter against defendant arguing he is entitled to more law library time to use the typewriter or is entitled to possession of a long handled ink pen to compensate for an injured left wrist. Further, Plaintiff seeks surgery on his left wrist. Defendant moved to dismiss the Plaintiff's complaint pursuant to 2-615 because it failed to state a claim for mandamus relief. The Court granted Defendant's motion to dismiss.

The Plaintiff has now filed an Amended Mandamus Petition, and a supplement to the amended Petition. However, Plaintiff's amended petition is duplicative of his original

[1] Richard Harrington is no longer the Menard Correctional Center Warden. Kimberly Butler is now the Warden. Defendant Butler is substituted for Defendant Harrington pursuant to 735 ILCS 5/2-1008.

COPY

Exh.- B.
18-0429 [Exhibit- E]

1-of-2 pgs.

(I.D.O.C.)

OFFENDER'S GRIEVANCE (Continued) from previously filed to Counselor April 12. 2014; still pending:.

Offender: Dennis Bailey; I.D. No. B-44818
Date April 21. 2014

RE: [Personal Property Trashed] "Supplement"

Under the Newly Discover Act; please investigate Witnesses before any ruling or respond; [cell: 4-36 and 4-38]

RECEIVED
SEP 18 2014
Office Of Inmate Issues

I was further informed by several inmates (neighbors) in cell 4-36 and 4-38 after we came off lockdown April. 18. 2014. that they overheard and witness Correctional Officer.; April 8. 2014. cursing, smashing... throwing items in the trash can C/o very angry. that he had to pack-up property in cell 4-37.

Inmate Issue
APR 28 2014

They also confirmed C/o actions were knowingly, intentionally, vicious and malicious. throwing away items (mention in grievance's) also heard C/o slamming our property around. wherefore I notice my Property Box" damage, split down the middle, broken...

This the same C/o (mention in 4.12. 2014

COPY

Exh-B.
19-01-29

2-of-2

grievance's) that told me 4.9.2014 that alot of our property been thrown away: just file an grievance: [Sic] He could have been taking responsibility for intentionally trashing our items, or blaming Orange Crush;

An Investigation. Warrented..

* Note: I did not.. received ANY shake down slip. explaining.. why our legally brought (from this institution. commissary). property were trashed.

I do not have the funds or money. to buy same Items over again. I am unable to hear my. T.V., or defend. myself (legal folder, paper's threw away); or brush my.. teeth etc, I have to try and. borrow items from other inmates...

Inmate Issues
APR 28 2014

Respectfully submitted:

By: Dennis Bailey

* This supplement grievance's were forward to counselor Grabbechouse April 21, 2014 inmate mailing system: "counselor box"



Exh.-B. 20-ol-21 Exhibit - F

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: Bailey (Last Name) Dennis (First Name) (MI) B44818 (ID#)

Facility: Menard

☒ Grievance: Facility Grievance # (if applicable) ____________ Dated: 4/12/14 or ☐ Correspondence: Dated: ____________

Received: 4/29/14 (Date) Regarding: 4/6/14 - Orange Crush - Missing Property

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

- ☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☒ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on ____________ (Date)
- ☐ No justification provided for additional consideration.

Other (specify): Provide within DR504.810 timeframe.

Completed by: Leslie McCarty (Print Name) Leslie McCarty (Signature) 6/4/14 (Date)

Distribution: Offender, Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev.4/2013)

Bailey v. State
15-CC-3493

Exhibit 1
000008

STATE OF ILLINOIS )
COPY )
COUNTY OF RANDOLPH )

Exh.-B; 21-of-29

[Ex B] 1-of-3

AFFIDAVIT

I, DAVID BENTZ #S-03210 DO HEREBY DECLARE AND AFFIRM THAT THE FOLLOWING INFORMATION WITHIN THIS AFFIDAVIT IS TRUE AND CORRECT IN SUBSTANCE AND IN FACTS.

I, DAVID BENTZ #S-03210 HAVE BEEN A OFFENDER HOUSED WITHIN MENARD CORRECTIONAL CENTER FROM NOVEMBER 02, 2011 TO THIS PRESENT DATE OF NOVEMBER 28, 2012. FOR THE ENTIRE TIME THAT I HAVE BEEN HOUSED WITHIN MENARD CORRECTIONAL CENTER I HAVE HAD NOTHING BUT PROBLEMS OBTAINING GRIEVANCE FORMS AND MONNEY VOUCHERS FROM STAFF COUNSOLERS, AND OFFICERS. MONNEY VOUCHERS ARE USED FOR MAKEING/PAYING FOR LEGAL COPYS, AND TO SEND OUT LEGAL MAIL IN WHICH CREATES A HARDSHIP IN BOTH CORRESPONDING WITH THE COURTS AND MY LAWYER. FURTHERMORE THE GRIEVANCES THAT I HAVE BEEN ABLE TO OBTAIN FROM OTHER OFFENDERS THAT I HAVE FILED WITH THE COUNSOLER AND/OR GRIEVANCE OFFICE, I HAVE NEVER RECEIVED A REPLY TO ANY GRIEVANCE THAT I HAVE FILED HEAR AT MENARD CORRECTIONAL CENTER. THIS IS DO TO COUNSOLERS AND OFFICERS SIMPLY THROUGHING THE GRIEVANCES INTO THE TRASH INSTEAD OF FOLLOWING PROPER PROCEDURES. I HAVE ALSO HAD OFFICERS THREATEN ME AND GIVE ME HARD TIMES FOR EXHAUSTING THE GRIEVANCE PROCEDURES HEAR AT MENARD CORRECTIONAL CENTER.

PURSUANT TO 28 USC 1746, 18 USC 1621 OR 735 ILCS 5/1-109, I DECLARE, UNDER PENALTY OF PERJURY THAT EVERYTHING CONTAINED HEREIN IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I DO DECLARE AND AFFIRM THAT THE MATTER AT HAND IS NOT TAKEN EITHER FRIVOLOUSLY OR MALICIOUSLY AND THAT I BELIEVE THE FOREGOING MATTER IS TAKEN IN GOOD FAITH.

/S/ [signature]
DAVID BENTZ #S-03210
MENARD CORRECTIONAL CENTER
P.O. BOX #1000
MENARD, ILLINOIS.
62259

SIGNED BEFORE ME ON
THIS DAY 11th OF December, 2012
[signature]
NOTARY PUBLIC

BRAD S. BRAMLET
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
June 04, 2016



COPY

Exh.-B
22-1-21

[Ex. G. (2)]

STATE OF ILLINOIS }
COUNTY OF RANDOLPH } SS

# AFFIDAVIT

I, DAVID BENTZ #S-03210 DO HEREBY DECLARE AND AFFIRM THAT THE FOLLOWING INFORMATION WITHIN THIS AFFIDAVIT IS TRUE AND CORRECT IN SUBSTANCE AND IN FACTS.

I, DAVID BENTZ #S.03210 AN OFFENDER WITHIN MENARD CORRECTIONAL CENTER SINCE NOVEMBER 02, 2011, AND HAVE BEEN HOUSED WITHIN THE EAST HOUSE IN CELL 704 FOR OVER A MONTH. DURING MY STAY WITHIN MENARD CORRECTIONAL CENTER I HAVE WITNESSED THE EVENTS AS FOLLOWED:

I HAVE FILED SEVERAL GRIEVANCES DURING MY STAY AT MENARD CORRECTIONAL CENTER, WHERE SAID GRIEVANCE FORMS WERE OBTAINED NOT BY STAFF BUT PURCHASED FROM OTHER OFFENDERS OFF OF THE GALLORIES. I ALSO HAVE REQUESTED GRIEVANCE FORMS FROM MULTIPLE STAFF, OFFICERS, AND COUNSELOURS TO INCLUDED COUNSELOUR PAYNE, WHERE PAYNE IN[redacted]FORMED ME THAT SHE DOES NOT PASS GRIEVANCES OUT, DOES NOT ACCEPT THEM, RESPOND TO THEM, OR RETURN THEM IF SHE RECEIVES THEM.

ON MULTIPLE OCCASIONS I HAVE WITNESSED OFFICER AND/OR STAFF TEAR UP GRIEVANCES FILED BY OFFENDERS AT THE END OF THE GALLERY INSTEAD OF PLACING THEM WITHIN THE HOUSING UNIT GRIEVANCE BOX FOR THE COUNSOLER

WITHOUT A COUNCELOURS RESPONSE ON A GRIEVANCE THE GRIEVANCE OFFICE WILL NOT ACCEPT YOUR GRIEVANCE THEREFORE YOU CAN NOT FULLY EXHAUST YOUR GRIEVANCE TO THE FULL EXTENT.

I HAVE HAD SEVERAL OFFICERS AND/OR STAFF TELL ME THAT THEY WILL NOT GIVE ME A GRIEVANCE FORM SO THAT I CAN NOT FILE A LAW SUIT AND/OR IN A ATTEMPT TO PREVENT ME FROM PROCEEDING TO THE UNITED STATES DISTRICT COURTS WITH A SECTION 1983 LAW SUIT.

THE STAFF AND/OR OFFICERS, AND COUNSOLERS PICK AND CHOOSE WHICH GRIEVANCES THAT THEY RESPOND TO, AS FAR AS THE REST YOU NEVER SEE THEM AGAIN.

I DAVID BENTZ DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING CONTAINED HEREIN IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEFE. I DO DECLARE AND AFFIRM THAT THE MATTER AT HAND IS NOT TAKEN EITHER FRIVIOUSLY OR MULICIOUSLY AND THAT I BELIEVE THE FOREGOING MATTER IS TAKEN IN GOOD FAITH.

SIGNED ON THIS 08 OF JULY, 2013

SUBSCRIBED AND SWORN TO ME ON THIS DAY 8th OF JULY, 2013

[signature]
NOTARY

BRAD BRAMLET
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
June 04, 2016

[signature]
DAVID BENTZ (#S-03210)
MENARD CORRECTIONAL CENTER
P.O. BOX #1000
MENARD, ILLINOIS
62259

COPY

State OF Illinois )
COUNTY OF Randolph } SS

[Ex. G (3)]

Exh.-B'
27-1.24

# AFFidAVIT

I. James Barnwell. do hereby declare and aFFirm that the Following information within this affidavit is true and correct in Substance and in Facts:

I have been a prisoner now at Menard C.C. for over 19 year's. I have filed More than 100 Grievances, Many of those Grievances Were'nt Never answered by staff Here at Menard. over the years Menard prison staff, C/O, Wardens have threaten inmates with punishment if they filed grievances I myself was one of the Victim of such a threat. by staff many of times over the years. and put in the Hole for filing Grievances.

DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: October 29, 13

/s/ J. Barnwell
NAME: James Barnwell
IDOC#: A15031
Menard Correctional Center
P.O. BOX 1000
Menard, IL 62259

COPY

Exh.-B: 29-of-29
1-of-5 pgs.
N1-4-30

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

| Date: April 12, 2014 | Offender: (Please Print) Dennis Bailey | ID#: B-44818 |
|---|---|---|
| Present Facility: Menard Corr. Center | Facility where grievance issue occurred: Menard C.C. | |

NATURE OF GRIEVANCE: Not submitted to Grievance within allotted 60 days. Out of Timeframe.

- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): ______
- [x] Disciplinary Report: 4 / 6 / 14 (Date of Report) Menard C.C. (Facility where issued)

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On April 6, 2014: Orange Crush (I.D.O.C. tactical team) shook down North One four gallery. I was in cell 4-37 along with inmate McCullum "N87587" both were excorded to the Chaplin building; during shake down: orange crush claimed to discovery dangerous contraband." Both of us were excorded from chaplin to North two: segregation. [See: disciplinary Report] McCullum took full responsibility for his action I was released 'kick out' April 9, 2014... I had to sort out both of our property in North One shower: 'OVER'

Relief Requested: Immediately return of missing Items: or Reimbursement of $90.60 be added to Bailey trust fund account: See: other side

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Dennis Bailey (Offender's Signature) B-44818 (ID#) 4 / 12 / 2014 (Date)

(Continue on reverse side if necessary)

RECEIVED
AUG 25 2014
GRIEVANCE OFFICE
MENARD CORRECTIONAL CENTER

Counselor's Response (if applicable)

Date Received: 8 / 11 / 14
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Unable to verify that offender filed this grievance through his counselor per grievance procedure.

RECEIVED
SEP 1 8 2014
Office of Inmate Issues

Inmate Issues
APR 2 8 2014

R Nieport CCII (Print Counselor's Name) [signature] (Counselor's Signature) / / (Date of Response)

EMERGENCY REVIEW

Date Received: / /
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ (Chief Administrative Officer's Signature) / / (Date)



Bailey v. State
15-CC-3493

Exhibit 1
000011

COPY

Ex.-B.
25-ol-29

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

I was advised by (4) four gallery 7-3 shift C/o that orange crush threw away alot of unnecessary items at just write an grievance.

Upon sorting out property I notice that my property Box side were split right down the middle Damage and Broken: Take notice: it was not like that at first. Orange crush at fault.

I also discover missing items: One book: title: Niggers To Gods Part Two by: Ahk (Note: part one still in property box)

One: Cable cord: One: speaker or ear bud extension cord: ONE: Ear bug: One: tube of Colgate Red toothe paste: Three: Soap dishes. TWO: bars of antibacterial Soap. One: Webster Dictionary (middle size): One: nail clipper TWO: coffie cups: playing cards Afro pick. and Chess pieces.

Clothing items: an set of Tecnols Top and Bottom XXL. TWO pair of Socks: T-shirts XXL and Boxer (XL): One gym shorts (XXL).

I was informed by inmates that they witness C/o throwing away my legal papers: I discover that legal paper's I had ready for copies were missing: Exhibit's I no longer have: copies of were missing: etc.

I have not received any shake down slip: or ANY explanation as to why my items were taking: that I brought legally at this institution commissary.

I can not afford to buy: same items again: and NEED: clothing items etc.

I'm Requesting my items returned: OR

an immediately Reimbursement 80.00. eighty dollars be transfer to my trust fund account.

That C/o that threw away my legal folders etc request disciplinary action... and TAKE notice to damage property box; I'm not at fault.

Cont's Next Page
PART TWO

COPY

Exh.-B,
26-ch-29

OFFENDER'S GRIEVANCE (Continued)

PART TWO

I am requesting that this institution informed the Court's that my mailed; motions were destroyed and trashed.

Now: I am unable to defend myself... without said legal documents.

RECEIVED
SEP 18 2014
Office Of Inmate Issues

Copies that need to be Returned:

Will County Sheriff Office: Received mail March 26, 2014, explained to Chief Deputy of court services: Jerome R. Nudera Jr. (RE): Summons Order Requests need proper address for defendant Judge Livas

Also need: copy of State's Attorney of Will County :- James W. Glasgow; I received Motion to Dismiss April 3, 2014, attorney for defendant's McGrath and Strzelecki;

Inmate Issues
APR 29 2014

Cases out of Will County IL. No. 13-MR-2258

Bailey, Dennis (plaintiff) vs. (defendant's) Judge Robert P. Livas; Jason Strzelecki and Timothy McGrath.

COPY

Exh. B: 27-8-21

1-of-1

DATE: April 22 2014.

TO: Administration Review Board;

RE: [Personal Property Trashed Reimbursement $80.00 and Replaced Property Box]

To whom this concern:

I am writing you to informed: that I have mailed Counselor: Mr. Grabberhouse grievance: 1-of-2 pages. April 12, 2014 and Supplement: Newly evidence discovery: 1-of-2 pages. April 21, 2014. "Enclosed packages." "Through counselor drop box" mailing system...

I am afraid (Grievance's Package) will be destroyed or misplaced or trashed...

And when I filed second grievance's after (30) thirty days expired; when first grieve's ~~failed to~~ responds: [SIC] this institution will deny my claims; for not filing in proper time frame:..

Inmate Issue
APR 2 9 2014

[Enclosed: 1-of-5 pgs.] By: Dennis Bailey (B-44818)

COPY

Exh-B
2E-0 29

N-1-430

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

Date: August 9, 2014 | Offender: Dennis Bailey | ID#: B-44818

Present Facility: Menard Corr. Center | Facility where grievance issue occurred: Menard C.C.

NATURE OF GRIEVANCE: Not submitted to Grievance within allotted 60 days. Out of Timeframe.

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): ____
- [x] Disciplinary Report: 4 / 6 / 2014 — Menard Corr. Center (Date of Report; Facility where issued)

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This is my second grievance on this Issue: i have not received any responds from my first filed grieva's. April 12, 2014. (mailing date)

i have wrote counselor Grabbarhouse several times May and June 2014 and spoke to him concerning "NO Respond" he stated that (I.A.) interal affairs investigate staff conduct incident. "July 30, 2014 Counselor Mr. Niepert during gallery (4) visits informed me to send him a copy: "waiting on law clerk for copies: ARB stamped..." Enclosed stamped ARB" (con't over) 6 pgs

Relief Requested: (con't other side). price list approximately calculated. $ 61.56 personal property $ 80.00 legal box damages...

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Dennis Bailey (Offender's Signature) — B-44818 — 8 / 9 / 2014 (ID# / Date)

(Continue on reverse side if necessary)

RECEIVED
AUG 25 2014
GRIEVANCE OFFICE
MENARD CORRECTIONAL CENTER

**Counselor's Response (if applicable)**

Date Received: 8 / 11 / 14 — [ ] Send directly to Grievance Officer — [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Unable to verify that offender filed the original grievance through his original counselor. Grievance is therefore out of timeframe.

RECEIVED
SEPT 8 2014

L. Niepert CCII (Print Counselor's Name) — [signature] (Counselor's Signature) — 8 / 13 / 14 (Date of Response)

**EMERGENCY REVIEW**

Date Received: __ / __ / __ — Is this determined to be of an emergency nature? [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

____ Chief Administrative Officer's Signature ____ / ____ / ____ Date

COPY

Exh.-B
24-05-29

OFFENDER'S GRIEVANCE (Continued)

It been well over four months and i have not received ANY responds from my first grieve's dated 4.12.2014 nor have any of my witnesses requested been interviewed: that overheard and witness c/o behavior of this incident...

This institution correctional officer name on log sheet that work four gallery North One: April 9, 2014 7-3 shift Knowingly intentionally and maliciously trashed and damaging my property box: throwing away personal property etc as stated on enclosed six page grieve's. "c/o name: Benefield".

I'm requesting that this issue be resolved: that my property or personal Box be replaced and items replaced also:

Price list Below: trashed legal documents unreplaceable.

One Webster dictionary (middle size) $4.50
One Book title Allegas to Gods Part two (by Rkl) $14.95
One cable cord (dream town) One ear bud $8.00
One playing cards: $1.20. One cable cord: $2.10
One ear bud extension cords: (swing shot cord) $3.00
One colgate red toothpaste $2.18 One nail clipper: $1.19
One Afro pick .90 Two: bars of antibacterial soap. $1.62
Two: coffee cups: $1.40 three soap dish: (40) $1.23
chess pieces: (still have board) $4.00

clothes: One gym shorts (XXL) $3.50
One t-shirt (XXL) $1.50 One: Boxer (XL) $1.50
pair of top and bottom thermals $8.00
Two pair of socks .80 [Personal Box] $80.00

items this institution don't sale anymore; or never did as I can remember.

approximately Total: $61.56
[including state issue personal box: Total in damages: $141.56]

I shouldn't have to filed this issue in the small court claims. for mental anguish destroying my legal documents etc I'll be requesting well over $400.00...

Distribution: Master File; Offender Page 2 DOC 0046

Bailey v. State
15-CC-3493

Exhibit 1
000010

2018SC000116D 001
BAILEY, DENNIS # B-44818
VS.
BUTLER, KIMBERLY ET AL

PRO SE RECORD

BEASLEY, KYRSTIN AAG

[Exhibit-C]
1-of-2 pg.

| ENTERED | JDG CR | TEXT | CHANGED | USER |
|---|---|---|---|---|
| | | on 5-14-19. copy of docket entry mailed to PL and e-mailed to AAG | | JAC |
| | | Beasley | | JAC |
| 6/17/2019 | | First Motion for an Extention of Time on file. | | JAC |
| 6/19/2019 | GG | Motion for extension of time is DENIED. | | JAC |
| | | Court will review file on 7-8-19. | | JAC |
| | | copy of entry mailed to PL | | JAC |
| 6/19/2019 | | Judge review set for 07/08/2019 at 9:00 in courtroom 1. | | JAC |
| 7/05/2019 | | Plaintiff Response Motion to the Defendants Motion to Dismiss on file. | 7/08/2019 | JAC |
| | | Memorandum of Law to Support Plaintiff's Response Motion on file. | 7/08/2019 | JAC |
| 7/08/2019 | GG | Order on file. (DISMISSED) copy e-returned to AAG K. Beasley and | | JAC |
| | | mailed to PL | | JAC |
| 7/18/2019 | | Motion for an Notice of Appeal on file. | 7/19/2019 | JAC |
| 7/19/2019 | | Appellate Court letter on file. (appeal due 9-19-19) | 7/29/2019 | JAC |
| 7/23/2019 | | Appeal prep letter mailed to Pl | 7/29/2019 | JAC |
| 8/01/2019 | | Motion for the Court to Enter an Order for the clerk's Office to | | JAC |
| | | Prepare the Transcripts et., Free of Charge on file. | | JAC |
| | | Appellate letter on file.(filing due dates) | 8/02/2019 | JAC |
| 8/02/2019 | | Appellate Order on file. (waive appellant fee/not CC or CR fee) | | JAC |
| 8/12/2019 | GG | This Court is without authority to waive the cost of the record on | 8/15/2019 | JAC |
| | | appeal;Therefore, Plaintiff request is DENIED. | 8/15/2019 | JAC |
| 8/14/2019 | | Copy of entry mailed to PL | 8/15/2019 | JAC |

Exh.-C. 2-1-2

FILED
August 02, 2019
APPELLATE
COURT CLERK

5-19-0300

DENNIS L. BAILEY,
Plaintiff-Appellant,
v.
KIMBERLY BUTLER, et al.,
Defendant-Appellee.

Randolph County
Trial Court/Agency No.: 18SC116

ORDER

This cause coming on to be heard on appellant's application to proceed as a poor person and free record request, the court's own motion, and the court being advised in the premises: IT IS THEREFORE ORDERED as follows:

Appellant's application to proceed as a poor person is granted to the extent this court's $50 filing fee is waived. However, as this is a civil appeal, appellant is not entitled to appointed counsel or a free record on appeal and therefore, any such relief is denied;

Appellant is advised that a request to the Circuit Clerk of Randolph County to prepare the record will not be sufficient. The clerk of the trial court prepares the record on appeal only upon prepayment by the appellant of the clerk's prescribed fee. The court reporter prepares the transcript of the court proceedings. Appellant must send payment in full (by cashier's check or money order) to the clerk of the trial court and the court reporter before they are under any obligation to prepare the record on appeal.

Exhibit-D
1 of 1



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CAROLYN TAFT GROSBOLL
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

March 19, 2018

Dennis L. Bailey
Reg. No. B-44818
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

In re: People v. Bailey
121450

Dear Dennis L. Bailey:

The Supreme Court today entered the following order in the above-entitled cause:

Petition for rehearing denied.

The mandate of this Court will issue to the Appellate Court and/or Circuit Court or other agency on 04/23/2018.

Very truly yours,

Carolyn Taft Grosboll

Clerk of the Supreme Court

cc: Attorney General of Illinois - Criminal Division
Brian McLeish
State's Attorney Will County
State's Attorneys App. Pros. Ottawa

[Exh.- 5]
1-of-2

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC 20543-0001**

November 30, 2016

Dennis Bailey
#B-44818
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

RE: Bailey v. Landeros, et al.
USCA 7 No. 15-3231

Dear Mr. Bailey:

The application for an extension of time within which to file a petition for a writ of certiorari in the above-entitled case was postmarked November 17, 2016 and received November 30, 2016. The application is returned for the following reason(s):

The Rules of this Court make no provision for filing an application for an extension of time to file a corrected petition for writ of certiorari.

Sincerely,
Scott S. Harris, Clerk
By:

Jacob C. Travers
(202) 479-3039

Enclosures

**Supreme Court of the United States**
**Office of the Clerk**
**Washington, DC 20543-0001**

{Exhibit-E}
2 of 2

Scott S. Harris
Clerk of the Court
(202) 479-3011

May 15, 2017

Mr. Dennis Bailey
Prisoner ID B-44818
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Re: Dennis Bailey
v. Tizoc Landeros, et al.
No. 16M123

Dear Mr. Bailey:

The Court today entered the following order in the above-entitled motion:

The motion to direct the Clerk to file a petition for a writ of certiorari out of time under Rule 14.5 is denied.

Sincerely,

Scott S. Harris, Clerk

(F)

IN THE COURT OF CLAIMS

OF THE STATE OF ILLINOIS

DENNIS BAILEY )
Claimant )
vs ) No. 15-CC-3493
State of Illinois and the )
Illinois Department of Corrections )
Respondents )

Notice of Filing

To: Kwame Raoul - Asist. Jamie Kendel #6256218
Illinois Attorney General
Court of Claims Division
500 South Second Street
Springfield, IL 62701

Please take notice that on the ______ day of November 25, 2019, I mailed a copy of the attached Motion for Production of Documents to the Clerk of the Illinois Court of Claims for filing.

s/s Dennis Bailey

Certificate of Service

I, Dennis Bailey, hereby certify that I mailed a copy of the attached Motion for Production of Documents to be served on the above-named party by mailing a copy of the same to the Attorney for the Respondents at the above address on the 25 day of November, 2019.

s/s Dennis Bailey
DOC # B-44818
Stateville Correctional Center
Joliet, IL 60434

Subscribed and sworn to before me this
25 day of November 2019.

Cheryl Kettmann
Notary Public

OFFICIAL SEAL
CHERYL KETTMANN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/15/23

Form revised 11/1/01

(G).

IN THE COURT OF CLAIMS

OF THE STATE OF ILLINOIS

DENNIS BAILEY )
Claimant )
vs ) No. 15-CC-3493
State of Illinois and the ) $ 5,000.00
Illinois Department of Corrections ) Amount Claimed
Respondents

Certificate of Service

I, DENNIS BAILEY, claimant in the above entitled action, certify that on the ____ day of November, 2019, I deposited in the United States Postal Service box at Stateville Correctional Center an envelope with postage fully prepaid and addressed to the Respondents' attorney, Kwame Raoul, Attorney General of the State of Illinois, at 500 South Second Street, in Springfield, IL 62701 and marked Attention: Court of Claims Division. Contained in the envelope was a copy of the Request for Admission. At the same time, the original of the request was mailed to the Clerk of the Court of Claims.

s/s Dennis Bailey
DOC # B-44815
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

Subscribed and sworn to before me this
25 day of November, 2019.

Cheryl Kettmann
Notary Public

OFFICIAL SEAL
CHERYL KETTMANN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/15/23

Form revised 11/1/01

(H.)

IN THE COURT OF CLAIMS

OF THE STATE OF ILLINOIS

DENNIS BAILEY )
Claimant )
vs ) No. 15-CC-3493
State of Illinois and the ) $ 5,000.00
Illinois Department of Corrections ) Amount Claimed
Respondents

Request for Admission

I, DENNIS BAILEY, Claimant in the above captioned action, requests the Respondents make the following admissions for the purposes of this action only. The admissions will be subject to pertinent objections which may be raised at a hearing on this matter. Said response must be made within time provided by statute.

Each of the following, exhibited with this request are genuine:

1. Subpoena witnesses Inmates et., 'interview: [CEVIN STANFORD
2. #R-20946;] that were present in cell-house North One four gallery cell
3. 38: to confirmed % Benefield misconduct et: See: this complaint
4. P.7]; and case laws [Exhibit-A; P. 5.6] Sec. 790.155

Date Nov. 25, 2019

s/s Dennis Bailey
Claimant
Stateville Correctional Center
P.O. BOX 112
Joliet, IL 60434

(I)

IN THE COURT OF CLAIMS

OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| DENNIS BAILEY<br>Claimant | ) | |
| vs | ) | No. 15-CC-3493 |
| State of Illinois and the | ) | $ 5,000.00 |
| Illinois Department of Corrections<br>Respondents | ) | Amount Claimed |

Motion for Production of Documents

Now comes the claimant, DENNIS BAILEY, who moves this court to order Respondents, State of Illinois and the Illinois Department of Corrections, to produce for inspection and copying by the claimant, the following documents. (Documents is used to mean, but not limited to, any reports, memoranda, letters, receipts and/or permits regarding the above captioned matter.) Time and place for the production to be set by the court as the documents are necessary to the presentation and preparation of claimant's action.

The documents include:

1. Any and all incident reports or memos regarding occurrences on the dates in question.

2. Any and all documents issued by Department of Corrections, its agents or employees, concerning the occurrence, care, treatment or examination of the claimant and/or his property at MENARD Correctional Center or its auxiliary facilities.

3. Any and all documents or memos reflecting any investigation by DOC into claimant's inquiries or claims of improper treatment as detailed in the above-mentioned complaint.

4. Any and all reflecting responses by DOC or communication to the claimant in regard to his claim for loss or damage.

Respectfully,
s/s Dennis Bailey
DOC # B-44818
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Form revised 11/1/01

(J)

IN THE COURT OF CLAIMS

OF THE STATE OF ILLINOIS

| | | |
|---|---|---|
| DENNIS BAILEY<br>Claimant | ) | |
| vs | ) | No. 15-CC-3493 |
| State of Illinois and the | ) | $ 5,000.00 |
| Illinois Department of Corrections<br>Respondents | ) | Amount Claimed |

Motion for Leave to File in Forma Pauperis

Now comes, DENNIS BAILEY, (claimant) and moves this court for permission to file this action in Forma Pauperis without pre-payment of fees and costs. As the attached affidavit indicates, he/she is unable to pay such costs or give security.

This motion is based on the affidavit and complaint submitted herein.

Respectfully,

s/s Dennis Bailey

Date: November 2019

#

PLEASE TAKE NOTICE. that the Claimant financial situation has not made an drastic change from the first filing. as to this date November 2019. he's unable to pay any requested filing fee's. he therefore repeat and realleged his previously filed Motion To leave to file in Forma Pauperis. which was granted to proceed as an poor person. on or about April 27. 2015 in this court.

Form revised 11/1/01

[Exhibit - B]

IN THE COURT OF CLAIMS
OF THE STATE OF ILLINOIS

FILED
COURT OF CLAIMS
MAR 1 9 2020
Secretary of State and
Ex-Officio Clerk Court of Claims

DENNIS BAILEY, )
Claimant, )
)
v. ) No. 15-CC-3493
)
STATE OF ILLINOIS, )
Respondent. )

## ORDER

This cause comes before the Court on Claimant's Motion to Refile a Complaint and Claimant's Motion for Default Judgment, the Court having reviewed the Court file, and the Court being fully advised in the premises, finds:

1. That this Court entered an Opinion denying Claimant's claim on March 1, 2017.

2. That on March 31, 2017, Claimant filed a Petition for Rehearing.

3. That on June 14, 2017, Claimant's Petition for Rehearing was denied.

4. That on December 2, 2019, nearly two and one half years after the denial, Claimant filed a Motion to Refile a Complaint.

5. That on February 24, 2020, Claimant filed a Motion for Default Judgment.

IT IS THEREFORE ORDERED THAT:

1. Claimant's Motion to Refile a Complaint is denied.

2. Claimant's Motion for Default Judgment is denied.

3. The Opinion filed on March 31, 2017 denying Claimant's claim and the Order filed on June 14, 2017 denying Claimant's Petition for Rehearing remain in full force and effect.

ENTER:

[signature]

CHIEF JUSTICE, COURT OF CLAIMS

CONCURRING:

[signature] J.

[signature] J.

[signature] J.

The date stamped hereon is the filing date of this Order.



Peter J. Birnbaum
Chief Justice

STATE OF ILLINOIS

COURT OF CLAIMS

630 SOUTH COLLEGE
SPRINGFIELD, ILLINOIS 62756

217/782-7101

Jesse White
Secretary of State
and Ex Officio Clerk
of The Court of Claims

Erica L. Katava
Deputy Clerk

MARCH 19, 2020

BAILEY, DENNIS-#B-44818
PO BOX 112
JOLIET IL 60434-0000

RE: 15CC3493 - BAILEY, DENNIS-#B-44818

Enclosed you will find a copy of the order in the above entitled cause, which was handed down by the Court of Claims, wherein the case was denied.

Sincerely,

Illinois Court of Claims

EK: CD
CC: ATTORNEY GENERAL - SPRINGFIELD
COMM. MURPHY, PATRICIA



[Exhibit- C]

Peter J. Birnbaum
Chief Justice

STATE OF ILLINOIS

# COURT OF CLAIMS

630 SOUTH COLLEGE
SPRINGFIELD, ILLINOIS 62756

217/782-7101

Jesse White
Secretary of State
and Ex Officio Clerk
of The Court of Claims

Erica L. Katava
Deputy Clerk

JUNE 15, 2020

BAILEY, DENNIS-#B-44818
PO BOX 112
JOLIET IL 60434-0000

RE: 15CC3493 - BAILEY, DENNIS-#B-44818

Enclosed you will find a copy of the order in the above entitled cause, which was handed down by the Court of Claims, wherein the case was denied.

Sincerely,

Illinois Court of Claims

EK: CD
CC: ATTORNEY GENERAL - SPRINGFIELD
COMM. MURPHY, PATRICIA




JUN 15 2020

Secretary of State and
Ex-Officio Clerk Court of Claims

IN THE COURT OF CLAIMS
OF THE STATE OF ILLINOIS

DENNIS BAILEY, #B-44818 )
Claimant, )
vs. ) NO. 15 CC 3493
STATE OF ILLINOIS, )
Respondent. )

**ORDER**

Claimant is before the Court on a Motion to Default and to Re-File Complaint.

Claimant filed his original complaint on April 27, 2015. The Court ordered dismissal of that complaint on March 1, 2017. On March 31, 2017, Claimant filed a Petition for Rehearing. The Court denied that petition on June 14, 2017.

On December 2, 2019, Claimant filed the Motion to Re-File citing newly discovered evidence vis a vis a case alleging a pattern of misconduct by Warden Kimberly Butler. That case is still pending.

The citation to *Ross v. Gossett* does not rise to the level of newly discovered evidence that would warrant rehearing. Nor does Claimant's allegation of default by Respondent prevail as the Court up until now has not ruled on the Motion to Re-File. Having now ruled that the Motion to Re-File is denied the Motion to Default is rendered moot.

For the above stated reasons, this claim is denied.

ENTER:

CHIEF JUSTICE, COURT OF CLAIMS

CONCURRING:

J.

J.

J.

The date stamped hereon is the filing date of this Order.