**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEMETRIUS ROSS,** *on behalf of himself and all others similarly situated,* **et al.,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **GREG GOSSETT, et al,** <br><br> **Defendants.** | )<br>)<br>)<br>)<br>)<br>) Case No. 15-CV-309-SMY<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs' Motion for Class Certification was granted on March 26, 2020 and the following class was certified (Doc. 519):

> All prisoners housed at Menard Correctional Center between April 4, 2014 and April 16, 2014; Illinois River Correctional Center between April 21, 2014 and April 29, 2014; Big Muddy Correctional Center between May 12, 2014 and May 19, 2014; or Lawrence Correctional Center between July 7, 2014 and July 11, 2014.

On April 9, 2020, Defendants filed a Petition for Permission to Appeal Order Granting Class Certification and sought a stay in this matter until resolution of that appeal (Doc. 524). The request for a stay was denied on May 22, 2020 (Doc. 527). The Seventh Circuit Court of Appeals then granted the petition on June 5, 2020, setting a briefing schedule on Defendants' appeal. Now pending before the Court is Defendants' Motion to Reconsider Order on Motion to Stay (Doc. 536). Plaintiffs' filed a response opposing the Motion (Doc. 540).

As set forth in this Court's previous order, under Federal Rule of Civil Procedure 23(f), "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." A stay may be granted if there is a "demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court

exceed the costs of waiting." *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999).  Besides stating that the Court of Appeals has set forth a briefing schedule, Defendants have not made the necessary showing for reconsideration or a stay.  However, both parties agree that formal class notice should not be issued until after resolution of the appeal.  And, Plaintiffs suggest that fact discovery should continue but that expert discovery should be delayed until the Seventh Circuit rules.  The Court finds that Plaintiffs' suggested approach would both utilize resources efficiently and advance this litigation.

Accordingly, Defendants' Motion to Reconsider Order on Motion to Stay (Doc. 536) is **DENIED**.  Fact discovery shall continue; however, expert discovery and formal class notification are **STAYED** pending resolution of Defendant's appeal of class certification.

**IT IS SO ORDERED.**

**DATED:  July 21, 2020**

**STACI M. YANDLE**
**United States District Judge**