IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS ROSS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-309-SMY-MAB |
| | ) |
| **GREG GOSSETT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter has been referred to the undersigned Magistrate Judge by District Judge Staci Yandle pursuant to 28 U.S.C. § 636(b)(1)(A) and Amended Administrative Order No. 257 for a ruling on the Motion for Protective Order filed by Defendants (Doc. 550; Doc. 552).

Plaintiffs issued 178 Requests to Admit ("RTAs"), in two installments on September 29 and October 15, 2020, to all 22 Defendants in this case. The RTAs seek admissions about staffing levels and the specific shakedown tactics planned for and used during the April 2014 shakedowns at Menard and Illinois River, the May 2014 shakedowns at Big Muddy, and the July 2014 shakedowns at Lawrence (*see* Docs. 550-1; 550-2). The RTAs also seek admissions about any investigations conducted and discipline imposed as a result of the shakedowns and the alleged loss of video recordings that captured the shakedowns (*see* Docs. 550-1; 550-2).

Notably, the RTAs come *after* Defendants have already answered 224

interrogatories and 54 requests to produce and all 22 Defendants have been deposed—many for well over seven hours. And all 178 RTAs were issued to each Defendant, even though Plaintiffs' counsel was well-aware that they were not all applicable to each Defendant. For example, Plaintiffs' counsel knows that *only two* of the 22 Defendants were present at the shakedown in April 2014 at Illinois River, but they nevertheless sent RTAs pertaining to that shakedown to *all* 22 Defendants (*see* Docs. 550-1, 550-2).

Defense counsel objected to the RTAs, asserting they were too numerous, were not tailored in manner and scope, and sought admissions on topics that had already been covered in earlier depositions (Doc. 550, p. 2; Doc. 551, p. 2; Doc. 551-1). Plaintiffs' counsel refused to budge. But then a day later, in what Plaintiffs interestingly characterize as an attempt to "compromise" (Doc. 551, p. 2), Plaintiffs' counsel proposed that defense counsel go through the deposition transcripts for all 22 Defendants (some of which are 300 or 400 pages) to see if any of the 178 RTAs had already been addressed, provide citations for that testimony, and then they would "*consider*" whether to forego a response to that RTA by that specific Defendant (Doc. 551-1). As defense counsel points out, this so-called compromise imposed *more* of a burden than simply answering the RTAs (Doc. 550, p. 5). Unable to reach any type of workable solution with Plaintiffs' counsel, Defendants filed the instant motion seeking a protective order relieving them of any obligation to respond to the RTAs. In response, Plaintiffs' counsel once again refuses to budge and steadfastly maintains there is nothing inappropriate about the RTAs they served (Doc. 551). The Court does not see it that way.

"Requests to admit should not be excessive in number and, obviously, should

be tailored in a manner and scope to avoid harassment and improper motive." *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014) (quoting *Robinson v. Stanley,* 06 C 5158, 2009 WL 3233909, at *2 (N.D. Ill. Oct. 8, 2009)); *Rapp v. Laufers*, No. 17-CV-948-BBC, 2019 WL 121105, at *3 (W.D. Wis. Jan. 7, 2019).

Here, Defendants have to answer the RTAs separately, which means defense counsel is essentially responding to a total of 3,916 RTAs. Simply put; that is way too many. Furthermore, Defendants contend that almost all of the RTAs are duplicative of testimony already given at the depositions (Doc. 550, p. 3), which Plaintiffs' counsel does not dispute (*see* Doc. 551, pp. 9–10). Instead, they simply claim that they are entitled to take depositions *and* issue RTAs—they don't have to choose between the two (*Id.*). But it is well-established that parties are not entitled to unreasonably cumulative or duplicative discovery or to information they previously had ample opportunity to obtain through discovery. FED. R. CIV. P. 26(b)(2)(C). Here, Plaintiffs' counsel does not indicate that the RTAs are reasonably needed to follow-up on specific issues covered at the depositions or to explore specific issues overlooked at the depositions (*see* Doc. 551). In other words, they made no attempt to illustrate that the RTAs were intended to build upon, rather than simply duplicate, the deposition testimony.

Additionally, Plaintiffs' counsel readily acknowledges the RTAs were not tailored to any specific Defendant (Doc. 551, p. 8) ("With a very limited number of exceptions, the Requests do not seek information that is specific to any particular Defendant."). They simply issued all 178 RTAs to all 22 Defendants despite knowing many of the RTAs would be outside any given Defendant's realm of knowledge. However, Plaintiffs'

counsel apparently does not see this as a problem; they point out that Defendants are only obligated to respond to the RTAs that fall within their personal knowledge (Doc. 551, p. 9). In other words, Plaintiffs' counsel expects defense counsel to sift through 178 RTAs and pluck out the ones she believes are applicable to each of the 22 Defendants. And for the RTAs she deems inapplicable, she can simply write something to the effect of "despite a reasonable inquiry, Defendant ____ lacks sufficient knowledge and information to either admit or deny the Request." *See* FED. R. CIV. P. 36(a)(4). It follows that defense counsel will inevitably end up copying and pasting that response hundreds upon hundreds of times because Plaintiffs did not take the time at the outset to carefully craft RTAs targeted at specific defendants or even to specify to defense counsel which RTAs each Defendant needed to respond to. The burden of tailoring the RTAs is on the proponent, not the recipient.

For these reasons, the Court finds that Plaintiffs' Requests to Admit, as currently written, are improper and the time spent answering the requests by defense counsel would be abusive, unreasonable, and oppressive. Federal Rule 26(b)(2)(c) instructs the court to limit the frequency or extent of discovery otherwise allowed by the Rules when the discovery sought is unreasonably cumulative or duplicative; can be obtained from some other source that is more convenient and less burdensome; or if the party seeking the discovery had ample opportunity to obtain the information by discovery in the action. Rule 26(c) guides the court to issue a protective order when it is necessary to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The type of approach to discovery demonstrated here is precisely why the

Federal Rules of Civil Procedure provide for protective orders.

In sum, Plaintiffs have propounded an extremely onerous set of RTAs to each Defendant in this case and then has steadfastly refused to compromise, narrow the scope of the discovery, or come to the negotiating table in any meaningful way. In other words, Plaintiffs have taken an all or nothing approach to this discovery dispute. As a result, the motion for protective order (Doc. 550) will be **GRANTED** and Defendants are excused from responding to any of the Requests to Admit.

**IT IS SO ORDERED.**

**DATED: December 4, 2020**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**