**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 15 C 0309 |
| GREG GOSSETT, et al., | ) ) | Hon. Staci M. Yandle, J. |
| Defendants. | ) ) | Hon. Mark A. Beatty, M.J. |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SECOND MOTION**
**TO EXTEND DISCOVERY (DKT. 558)**

Defendants, by and through their attorney, KWAME RAOUL, Attorney General for the

State of Illinois, and in response to Plaintiffs' Second Motion to Extend Discovery, state as

follows:

**INTRODUCTION**

1.       On October 1, 2020, this Honorable Court issued an order, granting Plaintiffs'

Motion to extend discovery, giving the parties until October 15, 2020 to issue written discovery

and until December 15, 2020 to complete discovery. (Dkt. 549) The Court stated that "these

deadlines will not be continued absent extraordinary circumstances." (Dkt. 549).

2.       On December 15, 2020, the last day of discovery, at 11:15 p.m., Plaintiffs filed a

Motion to Extend the Discovery Deadline in order to take thirty-two (32) more depositions that

have not been noticed, issue extensive additional written discovery, and disclose more witnesses

that they have yet to identify. (Dkt. 558 at 4-5).

3.       On December 15, 2020, Plaintiffs also filed a Motion for Leave to issue 629 more

Requests to Admit and 506 more Interrogatories. (Dkt. No. 557) Plaintiffs proposed additional

written discovery was not served within the October 15, 2020 written discovery closure date. (Dkt. 549). The discovery was not served prior to the December 15, 2020 discovery closure date. Most importantly, the proposed discovery does nothing to address the Court's December 4, 2020 order finding that such excessive written discovery is improper. (Dkt. 554). Defendants will file a separate response motion to more fully address Plaintiff's Motion for Leave to issue Requests to Admit and Interrogatories.

4.     Additionally, on December 15, 2020, at 5:25 p.m., Plaintiffs served Defendants with updated Rule 26(a)(1) disclosures, adding for the first time the names of eleven individuals that were heretofore not known to Defendants. (Ex. 1).

5.     Plaintiffs last minute scramble to conduct discovery should not be rewarded with an extension. Plaintiffs have had more than five years to conduct discovery in this case. Plaintiffs have failed to meet their burden to show any circumstances, much less the extraordinary ones required by this Court's order, that would support an extension of discovery in this case. Moreover, the Plaintiffs' request for a stay of discovery, after twice objecting to Defendants' request for a stay, should likewise be denied.

6.     Any extension of discovery would severely prejudice the Defendants who have worked diligently to complete their own discovery within the Court's deadlines. For the reasons articulated below, Defendants request that Plaintiffs' Motion for Extension of Discovery be denied.

## BACKGROUND

7.     On April 14, 2020, upon agreement by both parties, the Court entered a minute entry setting the close of fact discovery as September 1, 2020. (Dkt. 525). Between April 14, 2020 until September 1, 2020, Plaintiffs conducted no discovery. Specifically, Plaintiffs did not issue

any written discovery, issue any notices of deposition, issue any subpoenas, take any depositions, update their disclosures or discovery answers, or send Defendants an updated privilege log.

8.      On September 1, 2020, Plaintiffs filed a motion requesting this Court extend the discovery deadline by three and half months, to December 15, 2020. (Dkt. 525) In addition, Plaintiffs requested another month and a half, until October 15, 2020, within which to serve written discovery pursuant to Fed. R. Civ. P. 33, 34 and 36. (Dkt. 525 at 4).

9.      On October 1, 2020, the Court granted Plaintiffs motion requesting a discovery extension, setting a deadline to issue written discovery of October 15, 2020 and a discovery closure date of December 15, 2020. (Dkt. 549). The Court stated that the deadlines would not be continued absent extraordinary circumstances. (Dkt. 549).

10.      Between September 1, 2020 to December 15, 2020, Plaintiffs issued extensive written discovery, noticed three depositions, and took one deposition[1].  Defendants agree that any discovery issued prior to December 15, 2020, including the two depositions noticed by Plaintiffs prior to December 15, 2020 should go forward.

11.      On December 11, 2020, four days before the closure of discovery, Plaintiffs sent Defendants an email indicating that they wished to depose twenty-four additional individuals who Plaintiffs had, until that email, not mentioned deposing and for which they had not issued notices for. (Exhibit 2, Dec. 11, 2020 Email from Plaintiffs).  Six of the individuals Plaintiff listed are named Defendants and have been known to the Plaintiffs since the inception of the case. The additional 18 individuals have been known to Plaintiffs since October 30, 2020.

12.      On December 14, 2020, one day before the closure of discovery, Plaintiffs sent Defendants a second email indicating they wanted to depose 14 more Defendants. Once again,

_____

[1] The second deposition Plaintiffs noticed is scheduled for January 7, 2021, and the third, a non-party 30(b)(6) deposition, is still being litigated.

this was the first time Plaintiffs indicated their desire to depose these Defendants and Plaintiff had at no point noticed any of these depositions. (Exhibit 3, Dec. 14 Email from Plaintiffs).

13.     On December 14, 2020, Defendants responded to Plaintiffs, explaining that they did not agree to a further extension of discovery for any discovery that had not previously been issued. (Exhibit 4, correspondence between the parties).

14.     On December 15, 2020, Plaintiffs filed a Motion for Extension of Time. (Dkt. 558). Plaintiffs did not specify in their motion how much more time they needed to complete discovery. One assumes the extension they require would be extensive because Plaintiffs indicated in their motion that they needed the extension to depose thirty-two more individuals and to issue more written discovery to the Defendants, including 629 Requests to Admit and 506 Interrogatories. (Dkt. 558 2-5). Buried in a footnote, Plaintiffs also indicated they were seeking to disclose still more potential (but unnamed) class member witnesses in yet-to-be issued updated Rule 26(a)(1) disclosures. (Dkt. 558 at 3, ft. nt. 1).

## ARGUMENT

15.     Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *U.S. v. 1948 South Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking the amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

**Plaintiffs Have Failed to Meet Their Burden for an Extension**

16.     In their Motion for Extension of Time, Plaintiffs fail to state any basis upon which an extension should be made. Instead, Plaintiffs state simply that they "have worked within the bounds of the schedule set by the Court to identify with specificity the discovery they wish to take and which needs to be completed—they simply seek a limited extension of the schedule to permit that identified discovery to take place." (Dkt. 558 at 5). This statement lacks substance and fails to articulate good cause. Specifically, Plaintiffs wish to take thirty-two additional depositions and seek time to do so. (Dkt. 558 at 5). It is unclear, and Plaintiffs do not explain, why they sought to take only three depositions total between April, 2020 and December 15, 2020, but now seek leave to take thirty-two additional depositions.

17.     Plaintiffs claim that the amount of discovery they would like to do is "limited." However, 32 depositions, 629 additional requests to admit, 506 additional interrogatories, and leeway to name untold new class member witnesses does not conjure in one's mind the term "limited."   To put Plaintiffs' request into context, Plaintiff is asking to take more than ten times the amount of depositions that Plaintiff has taken in the most recent discovery period of April 2020 to December 15, 2020.  To put Plaintiffs' request into further context, Plaintiffs are seeking to take *more depositions* now, after the close of discovery, than the total number of depositions the Plaintiffs have taken—26—over the course of the entire case.

18.     Plaintiffs allude to a "misunderstanding" between the parties, indicating they believed that because Defendants had agreed to mutually complete limited and <u>already served</u> discovery after December 15, 2020, Defendants had also agreed to extending discovery indefinitely for Plaintiffs to notice and take more than thirty additional depositions, to issue more written discovery, and to name an unknown number of additional witnesses in their disclosures.

(Dkt. 558 at 6).  Defendants at no point agreed to such an extension.  Plaintiffs' assertion of a misunderstanding lacks credulity because Plaintiffs can point to no written confirmation of such an agreement and because Defendants could not have agreed when they only learned about Plaintiffs plans for the first time on December 11 and December 14, 2020.  (Ex. 2-4).

19.     Twenty of the depositions Plaintiffs seek to take are of Defendants.  (Dkt. 558 at 5).  Plaintiffs have known about these individuals since the inception of their suit, over five years ago, as *Plaintiffs* named *them* as Defendants in this case. Plaintiffs give no explanation as to why they failed to depose these individuals over the last five years.  Plaintiffs similarly give no explanation as to why they could not have noticed and deposed these twenty individuals between April 2020 to December 15, 2020.   Plaintiffs' motion does not state that they received new discovery pertaining to these Defendants that would explain their inability to seek these depositions until now.  One must conclude, based on Plaintiffs' eleventh hour emails on December 11 and December 14, 2020, that Plaintiffs simply waited until the last minute to decide to depose these twenty Defendants. Based on Plaintiffs actions and the content of their motion, Plaintiffs have not and cannot establish the extraordinary circumstances the Court specifically required for an extension in its October 1, 2020 order.  (Dkt. 549).

20.     Plaintiffs also seek to depose 12 medical staff which they claim were "recently disclosed" by Defendants. (Dkt. 558 at 5).  This statement is misleading.  On April 13, 2016, Defendants served their first Rule 26(a)(1) disclosures on Plaintiffs.  (Ex. 5, Defendants' Rule 26(a)(1) Initial Disclosures).  Section i(a) of those initial disclosures included the category: "Medical staff present at each facility involved during the shakedowns at Menard Correctional Center, Lawrence Correctional Center, Illinois River Correctional Center, Pinckneyville Correctional Center, and Big Muddy River Corrections Center. They have information concerning

the conditions during the shakedowns and the availability of medical staff as needed." (Ex. 5). Since the issuance of these first disclosures, Defendants have diligently updated their disclosures eleven more times. Each amended disclosure included the above quoted section. On September 11, 2020, Plaintiffs asked Defendants, for the first time, to list individuals that corresponded with this category. (Exhibit 6, Email from Plaintiffs' Counsel). Defendants obliged, disclosing these individuals on October 30, 2020. Thus, Plaintiffs have been aware of these individuals as early as April of 2016. Nonetheless, even taking into account the latest date that Plaintiffs became aware of these individuals, October 30, 2020, Plaintiffs had ample time—forty-five days, in fact— to notice and seek depositions of these individuals before discovery closed. And yet, Plaintiffs failed to notice a single deposition of the disclosed medical staff prior to discovery closing in this case. Plaintiffs give no explanation in their motion for this failure.

21.     In contrast to Plaintiffs, Defendants have worked diligently to complete discovery in this case, understanding that the Court was serious when it indicated the last extension was final. Since the most recent extension, Defendants have taken four additional depositions, issued written discovery, and updated their disclosures. On the other hand, Plaintiffs have offered no demonstration of diligent effort to conduct the enormous amount of discovery they now seek an extension to complete. *Alioto*, 651 F.3d at 720; see also, *Jackson-El v. City of Markham*, 332 F.R.D. 583, 585 (N.D. Ill., 2019)(court found that moving party offered an insufficiently robust explanation of diligence where moving party had not scheduled or taken any depositions ten days prior to the close of discovery). Here, Plaintiffs, have not noticed any of the thirty-two depositions they seek to take, did not update their disclosures until the last day of discovery, adding 11 new class member witnesses, did not seek leave to issue more written discovery until the last day of

discovery, seek even more time to disclose still more unknown class member witnesses, and waited until the very last day of discovery to seek an extension from the Court.

22.     Plaintiff cite the fact that this is a "significant case" with a presently certified class of nearly 10,000 inmates as a justification for the extension. (Dkt. 558 at 7). Yet, Plaintiffs have been aware of the contours of this case since its inception. Neither the amount nor the identity of class members has changed. Plaintiffs point to no new information they have received in the last few days, or even months, that have prevented them from conducting the discovery they now claim is paramount to their case.

23.     Plaintiffs should be prohibited from issuing any further discovery. Any discovery extension at this time—essentially allowing Plaintiffs a do-over to conduct enormous amounts of discovery—could only be prejudicial to the Defendants. Plaintiffs failure to meet their burden to show diligence in completing discovery is fatal to their Motion. Moreover, the Court required a showing of extraordinary circumstances for a further extension. As no extraordinary circumstances have been articulated, Plaintiffs Motion must be denied.

### A Stay of Discovery at this Juncture is Prejudicial to Defendants

24.     Plaintiffs request, in the alternative to an extension, a stay of fact discovery until after the Seventh Circuit has ruled on class certification. (Dkt. 558 at 8). In April and June of 2020, Defendants sought a stay of discovery pending the 7th Circuit's ruling on class certification. Both times, the Plaintiffs vehemently opposed a stay, arguing that the Court has "already provide[d] a lengthy period of time to complete the remaining discovery." (Dkt. 526 at 10). The Court ultimately denied Defendants' requests for a stay of discovery. (Dkt. 527, 541).

25.     Plaintiffs do not argue (nor can they) that the appeal is preventing them from conducting discovery. The appeal was initiated on April 9, 2020, *before* Plaintiffs asked for and

were granted a discovery extension to December 15, 2020. Thus, the existence of the appeal is not a new circumstance such that Plaintiffs would suddenly need more time to conduct discovery. Granting a stay of discovery now, when Plaintiffs twice opposed a discovery stay sought by Defendants, would allow Plaintiffs to benefit from a total lack of diligence during the discovery period *they themselves insisted* was lengthy and adequate. Plaintiffs failure to conduct the discovery they now claim they need cannot be a basis for a stay. A stay at this juncture, after the Court has given the parties sufficient time to complete discovery, would have the same effect as granting Plaintiff an extension. Plaintiffs have shown no basis for a do-over on the discovery clock.

## CONCLUSION

Plaintiffs have failed to demonstrate diligence in completing discovery before the Court's deadline, have failed to show good cause, and have failed to show any extraordinary circumstances upon which an extension could be granted.

WHEREFORE, based on the above and foregoing, Defendants respectfully request this Honorable Court DENY Plaintiffs' request for an extension to issue or conduct any discovery not issued prior to the discovery closure date of December 15, 2020.

Dated: December 17, 2020                    Respectfully submitted,


                              By:    /s/ Emma Steimel
                                     Emma Steimel
                                     Alan Remy Taborga
                                     Assistant Attorneys General
                                     100 West Randolph St., 13th Floor
                                     Chicago, Illinois 60601
                                     (312) 814-5163
                                     (217) 278-3332
                                     esteimel@atg.state.il.us
                                     ataborga@atg.state.il.us

## CERTIFICATE OF SERVICE


I, Emma Steimel, an attorney, certify that on December 17, 2020, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.



                              By:    /s/ Emma Steimel
                                     Emma Steimel
                                     Assistant Attorneys General
                                     100 West Randolph St., 13th Floor
                                     Chicago, Illinois 60601
                                     (312) 814-5163
                                     esteimel@atg.state.il.us