**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEMETRIUS ROSS,** *on behalf of himself* *and all others similarly situated,* et al., | ) ) ) |
| **Plaintiffs,** | ) ) **Case No. 15-cv-309-SMY** |
| **vs.** | ) ) |
| **GREG GOSSETT,** et al, | ) ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiffs, inmates of the Illinois Department of Corrections ("IDOC") who were incarcerated at Illinois River, Big Muddy River, Lawrence and Menard correctional centers during the period April 2014 through July 2014, bring this action individually and on behalf others similarly situated, for violations of their constitutional and statutory rights as alleged in the Second Amended Complaint.  Now pending before the Court is Plaintiff's Motion for Leave to File One Exhibit Under Seal in support of a *Daubert* motion (Doc. 646).  Plaintiffs moved for leave to file the exhibit under seal and contemporaneously filed the exhibit under seal without first receiving leave.

The Seventh Circuit has articulated a rigorous standard for demonstrating good cause to seal documents. While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record," "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."  *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).  "Documents that affect the disposition of

federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, sealing documents is not justified simply by an agreement between the parties to keep matters private.

Plaintiffs move to seal a June 30, 2014 email from David White to Joseph Yurkovich regarding operational plans. This document, which was submitted in support of Plaintiffs' motion to exclude the opinions of defense expert Larry Reid, is open to public inspection absent a statute, rule, or privilege justifying confidentiality. Plaintiffs have provided the Court no reason to seal the requested document other than the parties' discovery protective order. But that is a legally insufficient basis according to Seventh Circuit precedent.

Accordingly, the motion for leave (Doc. 646) is **DENIED without prejudice**. Plaintiffs may refile the motion for leave within 14 days demonstrating adequate grounds for sealing the June 30, 2014 email. Absent that, the document will be unsealed.

**IT IS SO ORDERED.**

**DATED:  May 23, 2024**

**STACI M. YANDLE**
**United States District Judge**