```
                    UNITED STATES OF AMERICA
                   SOUTHERN DISTRICT OF ILLINOIS


DEMETRIUS ROSS, on behalf of    )
himself and others similarly    )
situated,                       )
                                )
              Plaintiffs,       )
v.                              ) No. 3:15-cv-00309-SMY
                                )
GREG GOSSETT, et al.,           )
                                )
              Defendants.       )
```

TRANSCRIPT OF MOTION HEARING

BEFORE THE HONORABLE STACI M. YANDLE
UNITED STATES DISTRICT JUDGE

October 24, 2024

REPORTED BY:    Christine Dohack LaBuwi, RDR, CRR
                Official Court Reporter
                301 West Main Street
                Benton, Illinois  62812
                (618) 439-7725
                Christine_Dohack@ilsd.uscourts.gov

Proceedings recorded by mechanical stenography, produced by computer-aided transcription.

```
 1    VIDEOCONFERENCE APPEARANCES:

 2    FOR PLAINTIFFS:      Sarah Copeland Grady, Esq.
                           Terah Tollner, Esq.
 3                         KAPLAN & GRADY
                           2071 N. Southport Ave., Suite 205
 4                         Chicago, IL 60614
                           (312) 852-2184
 5                         sarah@kaplangrady.com
                           terah@kaplangrady.com
 6
                           Nicole Schult, Esq.
 7                         UPTOWN PEOPLE'S LAW CENTER
                           4413 N. Sheridan Road
 8                         Chicago, IL 60640
                           (773) 769-1411
 9                         nicole@uplcchicago.org

10    FOR IDOC CLASS DEFENDANTS:
                           Joseph N. Rupcich, Esq.
11                         CASSIDAY SCHADE LLP
                           2040 W. Iles, Suite B
12                         Springfield, IL 62704
                           (217) 572-1714
13                         jrupcich@cassiday.com

14    FOR IDOC DEFENDANTS:
                           Laura K. Bautista, Esq.
15                         Victoria Fuller, Esq.
                           OFFICE OF THE ATTORNEY GENERAL
16                         500 South Second Street
                           Springfield, IL  62706
17                         (217) 557-0261
                           Laura.Bautista@ilag.gov
18                         Victoria.Fuller@ilag.gov

19

20

21

22

23

24

25
```

```
 1                (Videoconference proceedings began at 11:00 a.m.)
 2                COURTROOM DEPUTY:  The Court calls Case No.
 3    15-CV-309, Ross versus Gossett, et al.  This matter is
 4    called for a motion hearing.
 5                This hearing is connected via telephone for public
 6    access.  Those listening are observers only.  They are not
 7    allowed to speak or participate in the proceeding.
 8                Recordings and broadcasting by radio, television, or
 9    other means in connection with any judicial proceeding is
10    prohibited by federal and local rules.
11                Would the parties please state your presence for the
12    record beginning with counsel for plaintiffs?
13                MS. GRADY:  Good morning.  This is Sarah Grady for
14    the class.
15                MS. SCHULT:  And this is Nicole Schult for the
16    class.
17                MS. TOLLNER:  Good morning.  This is Terah Tollner
18    for the class.
19                MS. BAUTISTA:  Good morning, Your Honor.  Laura
20    Bautista for the defendants.
21                MR. RUPCICH:  Good morning.  Joe Rupcich for the
22    defendants.
23                MS. FULLER:  Good morning.  Victoria Fuller for the
24    defendants.
25                THE COURT:  Good morning, counsel.
```

1         So, we got a couple of things going on here.  Right
2    now we have a trial date of November 12.  The defendants
3    filed a Motion to Stay the Court's ruling on the pending
4    Motion for Summary Judgment and to vacate the trial date and
5    deadlines, raising the one-way intervention rule having to
6    do with class certification.
7         The plaintiffs responded in opposition to the Motion
8    to Stay and essentially cited the age of this case and the
9    plaintiffs' desire to move forward, which of course the
10   Court shares that desire to have this case move forward, and
11   I have expressed it several times.
12        But the reality of it is, things have been condensed
13   for -- and for a number of reasons, as it relates to the
14   trial date.  Following class certification, it took quite
15   some time for the parties to agree to and get the notice
16   out.  And so where we are is, the opt-in date is the same
17   date as the trial date.  That, obviously, poses problems.
18   And I don't disagree with the defendants' motion in terms of
19   -- I'm not sure it causes them to be prejudiced, but that's
20   an issue.
21        The other thing is, truthfully, the Motion for
22   Summary Judgment has just been ripe for about 30 days.  I
23   believe a Reply was just filed back in September.  And while
24   the Court is in the process of working on rulings on that,
25   there's a lot to dig through and, the truth of the matter

1   is, my ruling would not be coming out before November 12.
2           So, here's the reality.  The trial date,
3   reluctantly, from the Court's standpoint, is going to have
4   to be moved.  Although, I will say we are working on the
5   *Daubert* motions and the Motion for Summary Judgment, and it
6   is my anticipation and expectation that those rulings will
7   come out in the next 30 days.
8           But that being said, the trial dates do need to be
9   moved, and so the Court is looking at dates in January and
10  February because, again, it is the Court's intent to get
11  these rulings out in 30 days and then we will be prepared to
12  move forward unless summary judgment is granted.
13          So, because of that, I'm going to terminate and
14  really, honestly, the defendants' motion is moot because the
15  Court is not -- will not have a ruling out before November
16  12.  So, that motion is denied as moot and we don't need to
17  deal with the various arguments.  Although, again, the Court
18  does recognize the defendants' point, but also recognizes
19  and really shares the plaintiffs' position that we -- it's
20  time.
21          So, with that being said, the first date that I have
22  available -- let me ask this -- to the extent that I
23  understand summary judgment ruling is pending, et cetera --
24  but do you, folks, have any estimation at this point as to
25  how long you believe the trial will take in this case?

```
 1            MS. GRADY:  Your Honor, I can take that question,
 2   first, and then I'm happy to hear from defendants.
 3            We had been operating, when the trial was scheduled
 4   for November 12, that as a practical matter we would have to
 5   let the jury get a verdict by Thanksgiving.  And so, we had
 6   been working to make sure that happened.
 7            I think, if it's rescheduled to January or February
 8   -- and so we don't have a major holiday that we don't want
 9   to keep a jury over -- then I would expect three weeks for
10   the trial.  And it depends on a few things, one of which
11   being, it's our perspective that the class claims are -- you
12   know, the first trial that should happen in the class claims
13   alone, so that estimation is based on just trying the class
14   claims as opposed to the individualized claims by the
15   consolidated case plaintiffs, some of which the defendants
16   concede summary judgment is not proper.
17            But assuming that it's just the class that goes in
18   the January or February dates we're discussing, I think
19   three weeks is a reasonable estimation.
20            THE COURT:  Okay.  Anybody on the defense side feel
21   any differently about that?
22            MS. BAUTISTA:  Your Honor, this is Laura Bautista
23   for the defendants.
24            I would agree that the class claims will take three
25   weeks.  Defendants are -- I just want to flag for the Court,
```

1     we're taking the position that any individual claims need to
2     be addressed at the same trial.  So, to the extent that that
3     would take longer, that's our position.
4                THE COURT:  I think that -- and I will give it some
5     more thought, but I do think that that bifurcation that the
6     plaintiffs propose and anticipate makes more sense.  I think
7     the class certification issues need to be tried first and
8     then we go from there.
9                So, okay, three weeks.  That being the case then,
10    the first date that the Court needs to look at is January
11    21.  The final pretrial for that one would be on January 9
12    at 9:30.
13               Any conflicts from the plaintiffs?
14               MS. GRADY:  May I have just one minute, Your Honor?
15               THE COURT:  Sure.
16               MS. GRADY:  I don't believe so.  Let me just look at
17    my calendar.  You said -- with the January 21st setting, the
18    final pretrial conference would be on the 9th?
19               THE COURT:  Yes.  We can be flexible on the final
20    pretrial.
21               MS. GRADY:  Those dates work for me.  I'm actually
22    pretty open in January so, yeah, that works.
23               THE COURT:  From the defense.
24               MR. RUPCICH:  Go ahead, Laura.
25               MS. BAUTISTA:  That's fine for me.

```
 1              Mr. Rupcich?
 2          MR. RUPCICH:  I think that should work.  I will have
 3   some trials I'll need to get moved but they're -- I don't
 4   believe -- as old as this and I, I would hope --
 5          THE COURT:  I would be shocked if you had something
 6   as old as this.
 7          MR. RUPCICH:  Yeah, so I think I'll get -- they're
 8   federal cases so we can, I think, work with the other
 9   district judges on that.
10          THE COURT:  Miss Fuller?
11          MS. FULLER:  I don't have any conflicts.
12          THE COURT:  Okay.  Stacie, is there any -- before we
13   nail this down -- and this certainly would be a priority.
14   Is there anything -- I can't imagine anything else that
15   can't be moved in that three-week period that we would need
16   to deal with.
17          COURTROOM DEPUTY:  I think the only thing I see is
18   February 4th, we'd have to probably be dark.
19          THE COURT:  I'm not talking about dark days.  I'm
20   talking about anything --
21          COURTROOM DEPUTY:  Okay.
22          THE COURT:  -- that would give us a problem with a
23   three-week trial.
24          COURTROOM DEPUTY:  I don't see anything as being a
25   problem.
```

```
 1              THE COURT:  If we have to be dark one day, we can
 2    work that out.  We can deal with that when we get closer to
 3    it and at the final pretrial.  I assume we'd be dark on
 4    February 4th because the courtroom wouldn't be available?
 5              COURTROOM DEPUTY:  Correct.
 6              THE COURT:  Okay.  That's fine.
 7              So, the -- again, defendants' motion is denied as
 8    moot.
 9              The current trial and final pretrial dates would be
10    vacated and reset for January 9, 2025, final pretrial at
11    9:30, and jury trial beginning on January 21, 2025.
12              I think what I anticipate doing is, once I issue
13    rulings on the Daubert motions and the Motion for Summary
14    Judgment, I'll set this case for a status conference so that
15    we can see where we are logistically and, and deal with any
16    detail plan that we need to hash out.  Okay?
17              MS. GRADY:  Your Honor?  We have some deadlines
18    that, based on the trial setting and the filings in this
19    case, are coming up today and tomorrow.
20              THE COURT:  Yeah.  So, the final pretrial related
21    deadlines that are -- that trigger off of the trial dates?
22    For instance, motions in limine, 26(a)(3) disclosures, all
23    of that moves with the trial date.
24              MS. GRADY:  Okay.  So, I understand then the motion
25    in limine response deadline is now vacated because of the
```

```
1    moving of the trial deadline, but the 26(a)(3) disclosures
2    have been filed by the parties.  And my understanding of the
3    rule is that the deadline is actually -- the deadline for
4    objections is actually set based on the 14 days from the
5    filing.
6              THE COURT:  Yes.
7              MS. GRADY:  I haven't raised this with defendants
8    but ours -- our objections are due tomorrow and theirs are
9    due on Tuesday, and I was hoping that maybe we could get --
10   I could move here for a one-week extension of that deadline?
11             THE COURT:  That's fine.
12             MR. RUPCICH:  Can I make a proposal, Judge, please?
13             THE COURT:  Yes.
14             MR. RUPCICH:  Since we're going to re -- sort of --
15   calculate these deadlines off the new trial date, could we
16   do, I guess, amended 26(a)(3)'s after we have seen the
17   summary judgment orders and the *Daubert* orders?  I think
18   that would help.
19             THE COURT:  Why don't we do this.  Yes, you can do
20   amended 26(a)(3) disclosures triggered off the new trial
21   date and after the Court rules on the motions, and I'll
22   strike the current motions in limine.
23             So, in other words, once I issue the rulings, we
24   have the new trial date, then you guys can file or refile
25   26(a)(3) disclosures and motions in limine, responses, and
```

```
1    objections.
2            MR. RUPCICH:  Okay.  Thank you.
3            THE COURT:  Okay.  All right.  Anything else?
4            MR. RUPCICH:  I don't have anything.
5            THE COURT:  Okay.
6            MS. BAUTISTA:  I have just one question, Judge
7    Yandle, and this might -- I mean, we could handle this at a
8    later status, but it came up when talking to some of the
9    defendants who are out of state now.  Would testimony by
10   video be allowed during the trial?
11           THE COURT:  Yeah, as long as -- we have that
12   capability.
13           MS. BAUTISTA:  Okay.  Great.
14           THE COURT:  Anything else?
15           MS. GRADY:  Not from plaintiffs, Your Honor.  Thank
16   you.
17           THE COURT:  Okay.  And if -- I would suggest, Miss
18   Bautista, that you let the plaintiffs' counsel know who you
19   anticipate or would like to have testimony by video.
20   Generally, that's fine with the Court and we certainly have
21   the capability, but we've also run into situations with
22   particular -- certain witnesses that for whatever reason
23   there are issues with that based on who they are, where,
24   what have you.  So, I would just ask you to run that by
25   plaintiffs' counsel.
```

|   |   |
|---|---|
| 1 | And then, Miss Grady, if there are any particular -- |
| 2 | if you have any objections to the presentation of any of |
| 3 | those witnesses by video, that I would just ask you guys to |
| 4 | deal with that by way of motion. |
| 5 | MS. BAUTISTA: Yes, Your Honor. Thank you. |
| 6 | THE COURT: Okay. |
| 7 | MS. GRADY: Yes, Your Honor. I'm sorry. I did my |
| 8 | -- I did have one issue that we need to raise. Do we need |
| 9 | to send an amended class notice? The current class notice |
| 10 | informs the class the trial is beginning on November 12th, |
| 11 | and it also informs the class that the opt-out deadline is |
| 12 | November 12. Defendants did not ask for an extension of |
| 13 | that opt-out deadline so -- |
| 14 | THE COURT: I think the opt-out deadline stays the |
| 15 | same. But I think that you probably need to send out an |
| 16 | amended notice of the trial date. There is no reason to |
| 17 | change the opt-out date. |
| 18 | MS. GRADY: Okay. Then what I would suggest is that |
| 19 | we work with defendants to create something that we will |
| 20 | send to the class and we file a motion for the Court to |
| 21 | approve that language, and then we'll send it out. And |
| 22 | we'll work to do that as quickly as we can. |
| 23 | THE COURT: And my deep hope is that you are able to |
| 24 | work something out quicker than you were able to work out |
| 25 | the class notice issue, which kinda has us backed up. It |

```
1   should be simple.  I can't imagine something adversarial
2   about it.  It's simple.  Hopefully, you guys can keep it
3   simple to get it done.
4              MS. BAUTISTA:  We've been working collaboratively in
5   this case, Your Honor, Miss Grady and I, on the class notice
6   and issues.  So, I don't anticipate any issues with that.
7              THE COURT:  That will be great.  Okay.  Anything
8   else?
9              MS. GRADY:  No, Your Honor.
10             THE COURT:  All right.  Okay.  Thank you.
11             (Court adjourned at 11:19 a.m.)
12                            *  *  *  *  *
13                       REPORTER'S CERTIFICATE
14        I, Christine Dohack LaBuwi, RDR, CRR, Official Court
15   Reporter for the U.S. District Court, Southern District of
16   Illinois, do hereby certify that I reported with mechanical
17   stenography the proceedings contained in pages 1-13; and
18   that the same is a full, true, correct and complete
19   transcript from the record of proceedings in the
20   above-entitled matter.
21
22             DATED this 15th day of December, 2024,
23
24                       s/Christine Dohack LaBuwi, RDR, CRR
                         _____
25                       Christine Dohack LaBuwi, RDR, CRR
```