### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>GREG GOSSETT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 15 C 0309<br><br>Hon. Staci M. Yandle |

### DECLARATION OF JOSEPH YURKOVICH

I, JOSEPH YURKOVICH, state that I have personal knowledge of the facts set forth herein, that I am competent to testify, and pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.　　I am a former employee of the Illinois Department of Corrections ("IDOC") and a named defendant in this case. I left IDOC in summer 2015. I served in various roles at IDOC during my tenure there, most recently as Chief of Operations.

2.　　I currently reside in Fulton County, Illinois, and serve as the elected Township Supervisor, as well as the Treasurer, for Buckheart Township in Fulton County.

3.　　Buckheart is a four-hour drive, one way, from the federal courthouse in Benton, Illinois.

4.　　I understand I am a party in the above captioned case and that normally parties attend trial. However, my public service as Township Supervisor has certain duties, most of which are prescribed by law, that make in-person attendance for all three weeks of the forthcoming trial in this matter extremely difficult, if not impossible.

5.　　First, all Illinois townships are required by law to hold an annual township meeting on the second Tuesday in April—this year, April 8, 2025. *See* 60 ILCS 1/30-5(a) ("The

1

annual township meeting in the respective townships for the transaction of the business of the township shall be held on the second Tuesday of April in each year, after 6 p.m., at the place appointed for those meetings."). As Township Supervisor, I am responsible for organizing and leading this annual meeting, which cannot be rescheduled.

6. Second, the Illinois Consolidated Election will be held on April 1, 2025, the day after trial begins in this matter. The timing of this election is also mandated by statute. 10 ILCS 5/2A-1.1(b) ("In odd-numbered years, an election to be known as the consolidated election shall be held on the first Tuesday in April[.]"). As Township Supervisor, it is my responsibility to be available on election day to assist Buckheart Township election judges with the election equipment in the event any issues arise.  These responsibilities not only require me to be in Buckheart while polls are open on April 1, but also on March 31 to set up the polling place and for a substantial portion of April 2 to break down the polling place and store the election materials.

7. Third, as Township Supervisor, I am the only Buckheart official authorized to distribute General Assistance to the residents of Buckheart. General Assistance is a welfare program for needy individuals who do not independently qualify for any other Illinois welfare program. *See* 305 ILCS 5/6-1.3. Townships are "local governmental units" as defined by the Illinois Public Aid Code (305 ILCS 5/2-14) and are required to administer General Assistance to their residents. ILCS 305 ILCS 5/12-3. ("In counties under township organization (including any such counties in which the governing authority is a board of commissioners) the various towns other than those towns lying entirely within the corporate limits of any city, village or incorporated town having a population of more than 500,000 inhabitants shall provide funds for and administer such programs.").

8. As Township Supervisor, I am required to meet in person with an individual who is requesting General Assistance from the township, in order to evaluate that person's eligibility for the assistance.

9. In my experience, individuals seeking General Assistance usually need rapid monetary aid—for example, to avoid immediate shut-off of utility services—and would not be able to wait until the three-week trial is concluded, or even until a weekend when I could return home from Benton. While even remote attendance at the trial will somewhat inhibit my ability to administer General Assistance, remote attendance would at least allow me to meet these needy individuals on weekday evenings, after trial business for the day is concluded.

10. In addition to the foregoing responsibilities, I also have a 14-year-old daughter for whom I am one of the primary caregivers, as she lives with me at least half of the time. Her mother works in the medical field and is at work six days a week (Monday through Saturday) from 8 AM until 6 PM or later. Being absent from my home for three consecutive weeks would pose a significant hardship to my daughter and my family—especially as I do not have other family members who could care for and supervise my daughter while I am absent.

11. Finally, I have additional responsibilities that would also be impacted by attendance of trial in-person, namely assisting with caregiving for my elderly mother.

12. As a party in this case, it is important to me attend the proceedings and participate in my defense. If I were allowed to attend court remotely, I would do so in a private setting so the court proceedings would be observable only by me.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this ___13th___ day of ___February___, 2025.

_____
JOSEPH YURKOVICH