IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 15-cv-0309-SMY |
| v. | ) ) |
| GREG GOSSETT, et al., | ) ) |
| Defendants. | ) |

# FINAL PRETRIAL ORDER

**YANDLE, District Judge:**

**I.   COUNSEL OF RECORD**

**Attorney(s) for Plaintiff(s):**

Sarah Grady, Vanessa del Valle, and Terah Tollner, Kaplan & Grady, 2071 N. Southport Ave. Ste. 205, Chicago, IL 606014, (312) 852-2184, sarah@kaplangrady.com, vanessa@kaplangrady.com, terah@kaplangrady.com;

Lyla Wasz-Piper and Lewis Kaminski, Loevy & Loevy, 311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607, (312) 243-5900, wasz-piper@loevy.com, kaminski@loevy.com; and

Nicole Shult and Shireen Jalali-Yazdi, Uptown People's Law Center, 4413 N. Sheridan Ave., Chicago, IL 60640, (773) 769-1411, nicole@uplcchicago.org, shireen@uplcchicago.org.

**Attorney(s) for Defendant(s):**

Joseph N. Rupcich and Joy C. Syrcle, Special Assistant Attorneys General, Cassiday Schade LLP, 2040 W. Iles Suite B, Springfield, IL 62704, 217-572-1714, jrupcich@cassiday.com, jsyrcle@cassiday.com; and

Laura K. Bautista, Victoria Fuller, and Christopher Collum, Office of the Attorney General, 500 South Second Street, Springfield, IL 62701, 217-782-5819, laura.bautista@ilag.gov, victoria.fuller@ilag.gov, christopher.collum@ilag.gov.

II. **NATURE OF THE CASE**

This case is brought on behalf of a class of individuals incarcerated in one of four prisons within the Illinois Department of Corrections in 2014. The class alleges that 20 supervisory prison officials, who are defendants in this case, planned and executed prison-wide shakedowns in 2014 that were designed to humiliate and cause the class members pain, in violation of their Eighth Amendment rights. The class also alleges that the defendants conspired to violate the class's Eighth Amendment rights and failed to intervene in the violation of their rights. The defendants deny the prison-wide shakedowns at issue were designed to humiliate or cause pain to the incarcerated population. Defendants maintain the shakedowns at issue were designed and intended to promote staff and prisoner safety by removing contraband from circulation at the subject facilities.

III. **SUBJECT MATTER JURISDICTION**

This is an action for liability and damages pursuant to 42 U.S.C. § 1983.

The basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1331.

The existence of subject matter jurisdiction is not contested.

IV. **STIPULATED FACTS**

The parties do not have any stipulated facts.

V. **ISSUES**

1. Issues of law for the Court to decide:

    a. Whether the parties' respective motions *in limine* to bar (or expressly permit) certain types of evidence at trial should be granted. *See* Dkt. 694; Dkt. 696.

    b. If the jury returns a verdict for the class on the question of liability, what quantum of costs and attorneys' fees should be awarded to Plaintiffs' counsel.

    c. If the jury returns a verdict for the class and Plaintiffs, whether prejudgment interest should be assessed and in what amount, and what amount of post-judgment interest should be awarded.

    d. Whether the supervisory Defendants' plan for the 2014 facility-wide shakedowns violated Plaintiffs' Eighth Amendment rights.[1]

    e. Whether there was a valid penological purpose for the 2014 facility-wide

---

[1] The parties recognize that some of the issues of law listed in this section will overlap with the issues of fact, which the jury will decide.

      shakedowns and whether the 2014 facility-wide shakedowns were conducted in a manner designed to further that penological purpose or whether, instead, they were conducted in a manner designed to humiliate and abuse class members.

    f. Whether the supervisory Defendants failed to intervene to prevent the violation of Plaintiffs' Eighth Amendment rights.[2]

    g. Whether two or more Defendants participated in a conspiracy to deprive Plaintiffs of their constitutional rights.

    h. Whether Plaintiffs suffered damages.

    i. Whether Plaintiffs are entitled to compensatory damages other than nominal damages.

    j. Whether Plaintiffs are precluded from recovering mental/emotional injuries by 42 U.S.C. § 1997e(e), whether and how the statute applies in this case, and whether in any event, Defendants waived or forfeited invocation of 42 U.S.C. § 1997e(e) by failing to raise it to this point.

    k. Whether Plaintiffs are entitled to punitive damages.

    l. Whether Defendants are entitled to qualified immunity.

2. Issues for the Jury to decide:

    a. Whether Defendants designed and implemented a uniform policy and practice to conduct shakedowns at the four facilities that were abusive and humiliating, rather than in furtherance of a proper penological purpose.

    b. Whether Defendants conspired to violate the Eighth Amendment rights of the class members.

    c. Whether Defendants failed to intervene to prevent the violation of the class's Eighth Amendment rights.[3]

    d. What quantum of compensatory damages should be awarded to testifying class members.

    e. Depending on the Court's resolution of the legal issues regarding the application of 42 U.S.C. § 1997e(e) in this case, there may or may not be additional questions

---

[2] Defendants have filed a motion *in limine* seeking to bar Plaintiffs from offering certain legal theories in support of the class's failure-to-intervene claim. *See* Dkt. 734 at 1-6. Plaintiffs have responded in opposition to that motion. *See* Dkt. 740 at 2-5. The parties do not repeat that disagreement here but agree that neither side has forfeited their position on the matter by agreeing to these statements regarding the relevant issues of law and fact.

[3] See Footnote 2 above.

of fact for the jury to determine, including whether Plaintiffs suffered a physical injury.

    f. Whether punitive damages should be imposed against Defendants in favor of testifying class members and if so, what quantum of punitive damages should be imposed.

## VI. WITNESSES

**NOTE: Identification of witnesses in this Final Pretrial Order does not relieve the parties of their obligation to timely file pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3). The parties should simply list below the witnesses that have been disclosed pursuant to Rule 26(a)(3) whom they intend to call at trial. Every party to the action should include a list of witnesses in the form set forth below. Any witness not properly disclosed will not be allowed to testify.**

Plaintiff intends to call the following witnesses:

    Expert witnesses: Dan Pacholke and Pat Hurley.

    Non-expert witnesses: Plaintiffs are attaching their Rule 26(a)(3) disclosures, which identify 27 witnesses that they intend to call with additional witnesses identified that Plaintiffs have indicated they may call, as Exhibit A to this Final Pretrial Order.

Defendant intends to call the following witnesses:

    Expert witnesses: Larry Reid.

    Non-expert witnesses: Defendants are attaching their Rule 26(a)(3) disclosures, which identify 32 witnesses that they intend to call with additional witnesses identified that Defendants have indicated they may call, as Exhibit B to this Final Pretrial Order.

## VII. EXHIBITS

The parties filed their Rule 26(a)(3) disclosures on March 1, 2025. *See* Dkt. 743 (Defs.' Disc.); Dkt. 744 (Pls.' Disc.). The parties have not yet filed their objections, which are due March 14, 2025. The parties anticipate objecting to some of the exhibits identified by the other side.

**NOTE:** The parties shall identify the exhibits they intend to use at trial in the disclosures timely made pursuant to Federal Rule of Civil Procedure 26(a)(3). When possible, objections filed pursuant to Rule 26(a)(3) will be resolved at the Final Pretrial Conference. The parties shall bring their Rule 26(a)(3) disclosures and any objections to the Final Pretrial Conference.

In addition to the provisions of Rule 26, the parties shall **jointly** prepare an Exhibit List stating the number and brief description of each exhibit they expect to present at trial. The Exhibit List must be submitted by email to Judge Yandle's proposed document in-box at: SMYpd@ilsd.uscourts.gov at least 2 **business days** before the first day of trial using Judge Yandle's approved form. A copy of that blank form can be found by accessing Judge Yandle's Case Management Procedures. The parties may also request the template by contacting Judge Yandle's Courtroom Deputy, Stacie Hurst, at (618) 439-7744 or by email at Stacie_Hurst@ilsd.uscourts.gov. Detailed instructions for completing the Exhibit List are explained in Judge Yandle's Case Management Procedures available on the Court's website, www.ilsd.uscourts.gov.

## VIII. DAMAGES

As noted below, the Court has certified a Rule 23(b)(3) class for determination of the 20 supervisory Defendants' liability. The parties agree that if a jury finds for the class on the question of liability for testifying class members, but acknowledge that determination of the quantum of damages for other class members will require separate, additional jury trials.

As for the testifying plaintiffs' damages, they seek compensatory damages for the pain and humiliation they suffered as a result of the shakedowns, including physical injuries, as well as mental and emotional injuries. They also seek compensatory damages for the deprivations they suffered during the periods of time that their prison was locked down for the purpose of conducting the shakedowns, which they contend were conducted in a manner intended to inflict pain and humiliation (and not for any legitimate penological purpose). Finally, they seek compensatory damages for the property that was inappropriately destroyed as a result of the shakedowns. The testifying plaintiffs further seek punitive damages against each of the 20 supervisory defendants.

Defendants deny liability and further deny that any damages should be awarded. Defendants also contend that if Plaintiffs fail to show a physical injury, they cannot recover compensatory damages for mental and emotional injuries pursuant to 42 U.S.C. § 1997e(e).

## IX. BIFURCATED TRIAL

The class in this case was certified as a Rule 23(b)(3) class for determination of liability only. Accordingly, the parties agree that if the jury finds for the class on the question of liability, it should simultaneously determine the quantum of compensatory damages and punitive damages (if the jury decides that an award of punitive damages is appropriate) for testifying class members, but acknowledge that determination of the quantum of damages for other class members will require separate, additional jury trials.

## X. TRIAL BRIEFS

The parties have not yet filed any trial briefs but will do so promptly if a dispute requiring such briefs arises.

**NOTE:** Judge Yandle does not *require* trial briefs. In certain cases, Judge Yandle may direct the parties to file trial briefs on a particular legal issue. Moreover, if there are complex evidentiary or other issues which trial briefs would help clarify, the parties should file trial briefs no later than **14 calendar days** prior to the first day of trial. Trial briefs should not be used to rehash issues previously rejected by the Court via ruling on a dispositive motion.

XI. **MOTIONS *IN LIMINE***

The parties filed their respective motions *in limine* on February 13, 2025, and responded to the other side's motions *in limine* on February 27, 2025. *See* Dkt. 734; Dkt. 735; Dkt. 739; Dkt. 740. The Court ruled on the parties' motions *in limine* during the March 6, 2025 final pretrial conference and a written Order will be entered.

**NOTE:** Unless the Court, by written Order or Notice in a particular case, has set a different deadline, all motions *in limine* must be filed **no later than 21 calendar days before the Final Pretrial Conference**. Responses to motions *in limine* must be filed **no later than 14 days after the date the motion is filed**. Judge Yandle will hear argument on motions *in limine* at the Final Pretrial Conference, or she may schedule a separate hearing on motions *in limine*. Given the nature of motions *in limine*, failure to file motions by the deadline generally will not prejudice a party's ability to move *in limine* before the jury is impaneled. Later-filed motions, however, may be stricken if their consideration would delay the start of trial.

XII. **JURY INSTRUCTIONS**

The parties anticipate that they will submit joint instructions for the majority of the jury instructions that the parties will propose. They further anticipate that they may have disputes regarding the issue instructions to be given in this case, as well as certain additional instructions, but will work collaboratively to narrow any areas of disagreement.

**NOTE:** Jury instructions should be provided in Microsoft Word format by email to SMYpd@ilsd.uscourts.gov no later than 2 business days prior to the first day of trial. Each instruction should be marked to designate the party offering the instruction (e.g., "Plaintiff's Instruction No. 1" or "Parties Agreed Instruction No. 1") and the source of the instruction (e.g., "Seventh Circuit Pattern Instruction No. 1.01"). Plaintiff is primarily responsible for the burden of proof instructions, the damage instructions, the verdict instructions, and the verdict forms. Defendant is primarily responsible for the cautionary instructions. ***The parties should work together in an effort to produce one set of proposed instructions***. If the parties are unable to agree on certain instructions, each party may submit a version of the contested instructions. The Court will compile a packet of proposed final instructions and give the instructions to the parties during trial before a formal jury instruction conference is held.

### XIII. LIMITATIONS, RESERVATIONS AND OTHER MATTERS

    A. **Trial Date.** Trial is set for March 31, 2025.

    B. **Length of Trial**. The probable length of trial is 12 days. The case will be listed on the trial calendar to be tried when reached.

        **Mark Appropriate Box:** JURY. . . . X    NON-JURY. . . . ☐

    C. **Number of Jurors.** There shall be a minimum of 6 jurors.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

DATED: March 7, 2025

_____
STACI M. YANDLE, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

___/s/ Sarah Grady_____
ATTORNEY FOR PLAINTIFF(S)


___/s/ Joseph Rupcich_____
ATTORNEY FOR DEFENDANT(S)

**NOTE:** Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, this Order may be suitably modified.

This order should be submitted as a proposed order directly to chambers (mailto:SMYpd@ilsd.uscourts.gov) with counsel's s/ signatures provided.

**IT IS SO ORDERED.**