IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 15-cv-309-SMY<br>)<br>) |
| GREG GOSSETT, et al., | )<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiffs (Doc. 735) and Defendants (Doc. 734).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, and for the reasons fully stated on the record during the final pretrial conference, the Court rules as follows.

**Plaintiffs' Motions *in Limine* (Doc. 735)**

1. Plaintiffs move to bar evidence of or reference to class members' criminal histories. The motion in limine is **GRANTED in part**. Evidence relating to a class member or witness' criminal history and details regarding their convictions are irrelevant and inadmissible. However, evidence that the witness and/or party is a convicted felon is admissible as relevant to their credibility.

2. Plaintiffs move to bar evidence of or reference to class members' disciplinary histories and security classifications. Any evidence regarding disciplinary histories or security classifications is irrelevant and inadmissible. Accordingly, the motion is **GRANTED**.

3. Plaintiffs move to bar reference to witnesses as felons, offenders, convicts, or inmates. The motion is **GRANTED in part**. Any pejorative terms utilized to refer to inmates is barred.

4. Plaintiffs move to bar evidence of or reference to unrelated litigation and grievances filed by class members. Any evidence or reference to unrelated litigation and grievances filed by class members is irrelevant and inadmissible. The motion is **GRANTED**.

5. Plaintiffs move to bar reference to dismissed defendants and defendants against whom the class was not certified. The motion is **GRANTED**; references to defendants against whom the class was not certified are irrelevant.

6. Plaintiffs move to bar evidence of or reference to any class member's alleged illegal drug or alcohol use. Any reference to a class members' drug or alcohol use is irrelevant to the claims and defenses in this case and is inadmissible. The motion is **GRANTED**.

7. Plaintiffs move to bar references to or evidence of alleged gang affiliations of class members. Any such evidence is irrelevant and inadmissible. The motion is **GRANTED**.

8. Plaintiffs move to bar testimony that prisoners with Class X convictions are violent, particularly dangerous, or more likely to have contraband. Such testimony or references are speculative, irrelevant, and immaterial. Accordingly, the motion is **GRANTED**.

9. Plaintiffs move to bar testimony about the number of grievances that a group of prisoners "would file" in a given situation. This testimony is irrelevant and inadmissible. The motion is **GRANTED**.

10. Plaintiffs move to bar undisclosed affirmative defenses. The motion is **GRANTED**.

11. Plaintiffs move to bar reference to class members' communication with class counsel and attorney compensation. Any such references are irrelevant and immaterial. The motion is **GRANTED**.

12. Plaintiffs move to bar evidence of or reference to contraband found during the shakedowns. Any evidence about what may have been found during the shakedown is irrelevant. Accordingly, the motion is **GRANTED**.

13. Plaintiffs move to bar Defendants' "good character" evidence. The motion is **GRANTED**.

14. Plaintiffs move to bar testimony from witnesses about what they "would have" done or remembered. The motion is **GRANTED.** Speculative testimony of what a witness would have done under a particular circumstance that they do not now remember is prohibited.

15. Plaintiffs move to bar reference to irrelevant security incidents after the shakedowns that are the subject of this litigation. Any evidence regarding shakedowns after the shakedowns at issue in this litigation are irrelevant and immaterial to the claims and defenses in this case. The motion is **GRANTED**.

16. Plaintiffs move to bar speculative testimony on witness credibility and specifically bar speculative testimony that class members colluded to write grievances about the shakedowns. Any reference to or insinuation that the class members coordinated to file grievances about the shakedown is speculative and irrelevant. The motion is **GRANTED**.

17. Plaintiffs move to bar unauthenticated video footage. The motion is **GRANTED**. Any unauthenticated video footage will be barred. An offer of proof shall be made prior to any examination regarding or attempt to admit videotape evidence in this case.

18. Plaintiffs move to bar reference to specific prison programs. The motion is **GRANTED**.

19. Plaintiffs move to bar reference to or argument about class counsel being from out of town. The motion is **GRANTED without objection**.

20. Plaintiffs move to bar undisclosed expert testimony. The motion is **GRANTED without objection**.

21. Plaintiffs move to bar reference to jurors' pecuniary interests. The motion is **GRANTED without objection**.

22. Plaintiffs move to bar evidence and witnesses not timely disclosed in discovery. The motion is **GRANTED without objection**.

23. Plaintiffs move to bar reference to class members' financial conditions. The motion is **GRANTED without objection**.

24. Plaintiffs move to bar all non-party witnesses from the courtroom during trial testimony. The motion is **GRANTED without objection**.

25. Plaintiffs move to bar use of police resources to run background checks on potential jurors. The motion is **GRANTED without objection**.

26. Plaintiffs move to bar reference to Defendants' financial inability to pay a judgment. The motion is **GRANTED without objection**.

### Defendants' Motions *in Limine* (Doc. 734)

1. Defendants move to bar Plaintiffs from presenting a theory of liability based on supervisory Defendants' alleged failure to intervene in misconduct originating at the tactical unit level. This is an improper motion *in limine*; it is **DENIED**.

2. Defendants move to bar Plaintiffs from introducing evidence regarding the Department's strip search procedures after July 11, 2014. Evidence regarding procedures implemented

after the incidents in question in this case is irrelevant and inadmissible. The motion is **GRANTED**.

3. Defendants move to bar Plaintiffs from introducing evidence about any alleged "missing" videos. There is no spoliation claim in this case. Therefore, such evidence is irrelevant and inadmissible. The motion is **GRANTED**.

4. Defendants move to bar Plaintiffs from describing the strip searches as torture or comparing the strip searches to Abu Ghraib or any other jail or prison. The motion is **GRANTED in part**. A witness will be allowed to describe their experience during the shakedowns.

5. Defendants move to bar Plaintiffs from offering testimony or otherwise suggesting that the State of Illinois will indemnify the Defendants. The motion is **GRANTED without objection**.

6. Defendants move to bar Plaintiffs from making a 'golden rule' argument. The motion is **GRANTED without objection**.

7. Defendants move to bar Plaintiffs from introducing certain expert testimony. The motion is an untimely *Daubert* motion; it is **DENIED**.

8. Defendants move to bar Plaintiffs from giving opinion testimony as to medical issues. The motion is **GRANTED** to the extent that Plaintiffs or any other lay witness cannot give medical opinions regarding diagnoses or the causation of a particular condition. However, a plaintiff may testify to their own symptoms.

9. Defendants move to bar Plaintiffs from offering evidence of other lawsuits against Defendants. The motion is **GRANTED**. Any evidence of other lawsuits against Defendants is irrelevant and inadmissible.

IT IS SO ORDERED.

DATED: March 10, 2025

**STACI M. YANDLE**
**United States District Judge**