IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREG GOSSETT, et al.,<br><br>Defendants. | Case No. 15 C 0309<br><br>Hon. Staci M. Yandle |

**DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In response to Defendants' Motion for Summary Judgment, Plaintiffs submit facts regarding the purported involvement in the shakedowns at issue by a small number of non-supervisory Defendants.  As discussed in detail below, Plaintiffs fail to establish personal involvement of any of these individuals sufficient to establish a claim under 42 U.S.C. §1983. The 432 non-supervisory Defendants addressed in Defendants' Motion for Summary Judgment are all entitled to judgment in their favor.

**RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS[1]**

As an initial matter, Plaintiffs' statement of additional material facts should be stricken in its entirety by the Court for violating the local rules, which require each material fact to be in a separately numbered paragraph. SDIL-LR 56.1. Instead, each of Plaintiffs' numbered paragraphs contain numerous facts.

1.  Unsupported by the record citation and immaterial. The cited document, Doc. 642-30, is Defendants' Summary Judgment Exhibit CC, a list of individuals housed at Illinois River

---

[1] Any facts admitted, are admitted only for purposes of summary judgment.

Correctional Center—not Plaintiff Ronald Smith's deposition transcript, as asserted by Plaintiffs. The Illinois River Inmate List does not establish any of the stated facts, including that Mr. Smith was housed at Menard Correctional Center in April 2014, or that the shakedown of Mr. Smith's housing unit occurred on April 8, 2014. Regardless, this fact is immaterial because Richard Harrington (the "defendant" who is the subject of paragraphs 1-2 of Plaintiffs' statement of facts) has been dismissed from this case. Doc. 516, Order Granting Plaintiffs' Motion to Dismiss Certain Defendants (Doc. 501).

2.   Unsupported by the record citation and immaterial. Plaintiffs again cite to Doc. 642-30, a list of individuals housed at Illinois River Correctional Center, which does not establish that Richard Harrington was present at Menard Correctional Center during the claimed "nuts to butts" line movement, as alleged in this fact. Regardless, this fact is immaterial because Richard Harrington has been dismissed from this case. Doc. 516, Order Granting Plaintiffs' Motion to Dismiss Certain Defendants (Doc. 501).

3.   Unsupported by the record citation. Pages 12 and 28-29 of Doc. 642-41, Defendants' Summary Judgment Exhibit NN, Edward Tenney's deposition, do not contain the information in this fact.

4.   Unsupported by the record citation and immaterial. The cited material, Doc. 642-41, is 29 pages long—the pages Plaintiffs cited, 53–56, do not exist. Plaintiffs' Exhibit 1, an email from Jerry Witthoft regarding Menard staff who participated in the April 2014 shakedown, does not establish that Eric Wenzel was present for the shakedown on the date that Plaintiff Tenney was poked in the ribs. Plaintiff also cites a news article that, in part, discusses an aggravated DUI sentencing for an individual named Eric A. Wenzel. However, a news article is not admissible evidence, which is required at the summary judgment stage. Fed. R. Civ. P. 56(c)(2). News articles

are hearsay when offered to prove the truth of their contents. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Additionally, Plaintiff is relying on a speculative leap that because someone with the name "Eric Wenzel", who is said to have worked at Menard and who is said to have been sentenced for aggravated DUI, must have been the person who Mr. Tenney said was incarcerated for vehicular homicide. *See McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003) (mere speculation or conjecture will not defeat summary judgment). Finally, this fact is immaterial because Mr. Tenney alleges that Mr. Wenzel poked him once, which is insufficient to establish an Eighth Amendment violation. D's MSJ Ex. NN, Doc. 642-41 at 15 (Dep. pages 55:5–56:10); *see* Argument, Section I, *infra*.

5. Unsupported by the record citation and immaterial. The cited material, Doc. 642-41 at 22–23, does not contain the information in this fact. Regardless, this fact is immaterial because Richard Harrington has been dismissed from this case. Doc. 516, Order Granting Plaintiffs' Motion to Dismiss Certain Defendants (Doc. 501).

6. Unsupported by the record citation. The cited material, Doc. 481-42 at 9, 32, does not contain the information in this fact.

7. Unsupported by the record citation and immaterial. The cited material, Doc. 481-42 at 36-39, 41, does not contain the information in this fact. This is also immaterial because Defendants did not seek summary judgment as to Defendant Kenneth Hamilton—defendants sought summary judgment for 432 non-supervisory Defendants named in Plaintiffs' second amended complaint, which does not include Kevin Hamilton. D's MSJ, Doc. 642 at 53.[2]

---

[2] That Kenneth Hamilton is not a named defendant in the operative pleading is made clear through the procedural history of the Second Amended Complaint, consolidation of Ted Knox's case, dismissal of certain defendants, and class certification.

8.  Unsupported by the record citation and immaterial. The cited material, Doc. 481-42 at 40-41, 46-47, 50, does not contain the information in this fact. This is also immaterial because Defendants did not seek summary judgment as to Defendant Kenneth Hamilton—defendants sought summary judgment for 432 non-supervisory Defendants named in Plaintiffs' second amended complaint, which does not include Kevin Hamilton. D's MSJ, Doc. 642 at 53.

9.  Unsupported by the record citation and immaterial. The cited material, Doc. 481-42 at 52-53, does not contain the information in this fact. This is also immaterial because Defendants did not seek summary judgment as to Defendant Kenneth Hamilton—defendants sought summary judgment for 432 non-supervisory Defendants named in Plaintiffs' second amended complaint, which does not include Kevin Hamilton. D's MSJ, Doc. 642 at 53.

10. Unsupported by the record citation and immaterial. The cited material, Doc. 481-42 at 55-59, does not contain the information in this fact. This is also immaterial because Defendants did not seek summary judgment as to Defendant Kenneth Hamilton—defendants sought summary

---

- 531 Defendants were named in Plaintiffs filed a second amended complaint, filed October 31, 2016. Doc. 197.
- On July 6, 2017, the Court in *Knox v. Butler, et al.*, SDIL No. 3:17-cv-494 entered an order consolidating some of Ted Knox's claims with this case, and Defendant Kevin Hamilton was ordered to answer the operative complaint in this case. *See Knox* No. 17-cv-494 Doc. 10. Yet, the number of Defendants named in Plaintiffs' Second Amended Complaint remained at 531.
- 68 Defendants who had been named in the Second Amended Complaint were dismissed on August 21, 2019. Doc. 516. This order brought the number of Defendants remaining in the Second Amended Complaint to 463.
- Class was certified as to 22 supervisory Defendants on March 26, 2020. Doc. 519. This brought the number of individual Defendants in the Second Amended Complaint to 441.
- Defendants specified in the motion for summary judgment that they were not seeking summary judgment as to nine individual Defendants named in Plaintiffs' operative complaint. Doc. 642 at 53. This brings the number of individual Defendants for whom summary judgment is being sought to 432, which does not include Kevin Hamilton.

judgment for 432 non-supervisory Defendants named in Plaintiffs' second amended complaint, which does not include Kevin Hamilton. D's MSJ, Doc. 642 at 53.

11. Unsupported by the record citation and immaterial. The cited material, Doc. 481-42 at 62-63, does not contain the information in this fact. This is also immaterial because Defendants did not seek summary judgment as to Defendant Kenneth Hamilton—defendants sought summary judgment for 432 non-supervisory Defendants named in Plaintiffs' second amended complaint, which does not include Kevin Hamilton. D's MSJ, Doc. 642 at 53.

12. Unsupported by the record citation and immaterial. The cited material, Doc. 481-42 at 74-76, 92, does not contain the information in this fact.  Regardless, this fact is immaterial because Richard Harrington has been dismissed from this case. Doc. 516, Order Granting Plaintiffs' Motion to Dismiss Certain Defendants (Doc. 501). Additionally, Defendants did not seek summary judgment as to Carson Winters, Doc. 642 at 53 n.6, and Plaintiffs did not identify Carson Winters of one of the 28 individuals against whom summary judgment should be denied. Doc. 759 at 3.

13. Unsupported by the record citation. The cited material, Doc. 481-31 at 9, 149, does not contain the information in this fact.

14. Unsupported by the record citation and immaterial. The cited material, Doc. 481-31 at 102-104, does not contain the information in this fact. This fact is immaterial because it does not present sufficient evidence to establish that Defendant Albrecht violated Plaintiff Ross' Eighth Amendment rights. *See* Argument, Section I, *infra*.

15. Unsupported by the record citation and immaterial. The cited material, Doc. 481-31 at 109, does not contain the information in this fact. This fact is immaterial because it does not present sufficient evidence to establish that Defendant Albrecht violated Plaintiff Ross' Eighth Amendment rights. *See* Argument, Section I, *infra*.

16. Unsupported by the record citation and immaterial. The cited material, Doc. 481-31 at 127, does not contain the information in this fact. This fact is immaterial because it does not present sufficient evidence to establish that Defendant Albrecht violated Plaintiff Ross' Eighth Amendment rights. *See* Argument, Section I, *infra*.

17. Admitted.

18. Unsupported by the record citation. The cited material does not contain the information in this fact. Mr. Clark testified simply that he heard Sarah Arnett and Ashley Thompson's voices during the shakedown, but *not* that they were present during his strip search, that they saw the strip search, that they ordered him to line up "nuts to butts," or that they failed to intervene to stop his "mistreatment." *See* Doc. 481-36 at 60–62, 89–91.

19. Unsupported by the record citation. The cited material simply states that Defendants Mike Stufflebeam and Andrew Bottrell were present in the gym; not that they either participated in, saw, or heard tact team members order Mr. Clark and others to stand in "stress" positions, and not to ask to use the bathroom, for water, or to sit down. Rather, Mr. Clark testified that he *cannot* say whether Bottrell was personally responsible for "refusing to get medical attention or allowing me to use the restroom or anything that I testified to. I can't identify that. I'll say all I can recall is hearing his voice as one of the officers rotating around the gym, making sure guys was still up against the wall and complying with their directives." Doc. 481-36 at 118:12–24.

20. Unsupported by the record citation.

21. Unsupported by the record citation and immaterial. Plaintiffs have no support for the assertion that Jason Furlow destroyed or took Plaintiff Hamilton's property, other than speculation that because the property was claimed to be destroyed/missing, and because Furlow completed the shakedown slip for Hamilton's cell, that it must have been Furlow who destroyed/took Hamilton's

property. However, speculation and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003). Additionally, Defendants did not seek summary judgment as to Jason Furlow, Doc. 642 at 53 n.6, and Plaintiffs did not identify Jason Furlow of one of the 28 individuals against whom summary judgment should be denied. Doc. 759 at 3.

22. Unsupported by the record citation.

23. Unsupported by the record citation. The cited material simply states that C/O Smith and Nick Nalley told Mr. Watts to "put [his] fucking head down." The cited material does not state that these officers were enforcing the claimed "nuts to butts" movement pattern, that they were present for any mistreatment of Mr. Watts, or that they had a reasonable opportunity to intervene in any alleged mistreatment yet failed to do so.

24. Admitted, but immaterial. Defendant Smith and Nalley's mere presence at Big Muddy on May 13, 2014, is an insufficient basis to deny summary judgment. *See* Argument, Section I, *infra*.

25. Unsupported by the record citation. The cited material establishes that Ayla Heinzemann was present when the shakedown began, but it does not support Plaintiffs' statement that she was present for Mr. Watts' strip search, that she was present for any mistreatment of Mr. Watts, or that she had a reasonable opportunity to intervene in any alleged mistreatment yet failed to do so.

26. Unsupported by the record citation.

27. Unsupported by the record citation. Plaintiffs have no support for the assertion that Christopher Sherrod destroyed or took Plaintiff Fisher's property, other than speculation that because the property was destroyed/missing, and because Sherrod completed the shakedown slip for Fisher's cell, that it must have been Sherrod who destroyed/took Fisher's property. However,

speculation and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341

F.3d 600, 604 (7th Cir. 2003).

28. Unsupported by the record citation.

29. Unsupported by the record citation. Plaintiffs have no support for the assertion that it was

Defendant Dale Martin who ordered Mr. Verser to perform a reverse strip search, ignored Mr.

Verser's medical cuffing permit, punched Mr. Verser, or unnecessarily tightened Mr. Verser's

handcuffs. Rather, Mr. Verser testified that two officers came to his cell, a taller officer and a

shorter officer. 481-33 at 72–73. Mr. Verser testified that, during the strip search, the shorter officer

instructed him to first touch his genitals then put his hands in his mouth, and punched Mr. Verser

when he said he had a medical cuffing permit. 481-33 at 75–76, 81. Mr. Verser said he identified

the officer who strip searched him based on the person completing the shakedown slip because

Mr. Verser believed that the person who strip searched you was also assigned to shakedown the

room. 481-33 at 77. However, Mr. Verser admitted that both officers who were at his cell would

have shaken down his cell, and he does not know whether the taller officer or shorter officer

completed the shakedown slip. 481-33 at 77–78. As such, although Dale Martin completed Mr.

Verser's shakedown slip (Doc. 759-10), Plaintiffs only present speculation and conclusory

statements for their assertion that Dale Martin took the actions alleged by Mr. Verser, which is

insufficient to deny summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003).

30. Unsupported by the record citation. According to IDOC's records, Timothy Conrad was

not present during the July 10, 2014, shakedown, because he worked 3 to 11 p.m., and the search

was completed prior to 3 p.m. Ex. 1, Decl. of Stephen Duncan; Ex. 2, Lawrence Rosters. Gary

Perkins, Akeem Hamilton, and Kyle Brooks were not working on July 10, 2014. *Id.*

31. Unsupported by the record citation.

32. Unsupported by the record citation. Plaintiffs have no support for the assertion that Dale Martin destroyed or took Plaintiff Verser's property, other than speculation that because the property was destroyed/missing, and because Martin completed the shakedown slip for Verser's cell, that it must have been Martin who destroyed/took Verser's property. However, speculation and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003).

33. Admitted; however, Brooks' complaint is not verified (sworn to under penalty of perjury); therefore, it is not admissible evidence at the summary judgment stage. Fed. R. Civ. P. 56(c)(2); *Ford v. Wilson*, 90 F,3d 245, 247 (7th Cir. 1996).

34. Unsupported by the record citation. The cited materials do not support the assertion that Defendant Edwin Gladney took the actions described therein. Additionally, the Brooks complaint is not verified (sworn to under penalty of perjury); therefore, it is not admissible evidence at the summary judgment stage. Fed. R. Civ. P. 56(c)(2); *Ford v. Wilson*, 90 F,3d 245, 247 (7th Cir. 1996). Mr. Brooks' only sworn testimony in this case is that he could not identify any officers, and the only inmate who may have seen some of the alleged abuse inflicted on Mr. Brooks was Mr. Moore, not Marques Boyd (who completed the declaration relied on by Plaintiffs). Ex. 3, Brooks' Interrog. Resp. at 3.

35. Unsupported by the record citation. The cited materials do not support the assertion that Defendant Edwin Gladney took the actions described therein. Additionally, the Brooks complaint is not verified (sworn to under penalty of perjury); therefore, it is not admissible evidence at the summary judgment stage. Fed. R. Civ. P. 56(c)(2); *Ford v. Wilson*, 90 F,3d 245, 247 (7th Cir. 1996). Mr. Brooks' only sworn testimony in this case is that he could not identify any officers, and the only inmate who may have seen some of the alleged abuse inflicted on Mr. Brooks was Mr.

Moore, not Marques Boyd (who completed the declaration relied on by Plaintiffs). Ex. 3, Brooks' Interrog. Resp. at 3.

36. Unsupported by the record citation. The cited materials do not support the assertion that Defendant Edwin Gladney took the actions described therein. Additionally, the Brooks complaint is not verified (sworn to under penalty of perjury); therefore, it is not admissible evidence at the summary judgment stage. Fed. R. Civ. P. 56(c)(2); *Ford v. Wilson*, 90 F,3d 245, 247 (7th Cir. 1996). Mr. Brooks' only sworn testimony in this case is that he could not identify any officers, and the only inmate who may have seen some of the alleged abuse inflicted on Mr. Brooks was Mr. Moore, not Marques Boyd (who completed the declaration relied on by Plaintiffs). Ex. 3, Brooks' Interrog. Resp. at 3. This fact, which asserts that Edwin Gladney "or the other tact team member" took the actions described therein, is an insufficient basis to deny summary judgment as to Defendant Gladney as Plaintiffs state explicitly that there is no clear evidence that Gladney took the actions described therein.

37. Unsupported by the record citation. The cited materials do not support the assertion that Defendant Edwin Gladney took the actions described therein. Additionally, the Brooks complaint is not verified (sworn to under penalty of perjury); therefore, it is not admissible evidence at the summary judgment stage. Fed. R. Civ. P. 56(c)(2); *Ford v. Wilson*, 90 F,3d 245, 247 (7th Cir. 1996). Mr. Brooks' only sworn testimony in this case is that he could not identify any officers, and the only inmate who may have seen some of the alleged abuse inflicted on Mr. Brooks was Mr. Moore, not Marques Boyd (who completed the declaration relied on by Plaintiffs). Ex. 3, Brooks' Interrog. Resp. at 3. This fact, which asserts that Edwin Gladney "or the other tact team member" took the actions described therein, is an insufficient basis to deny summary judgment as to

Defendant Gladney as Plaintiffs state explicitly that there is no clear evidence that Gladney took the actions described therein.

38. Admitted. However, Plaintiffs are relying on a speculative leap that someone who was referred to as "Ed" took the actions described in the paragraphs above (while also stating it could have been another officer), and that "Ed" must have been Edwin Gladney based on only one officer's name on the Menard tact team roster beginning with "Ed," without showing any of the tact team rosters from any of the other facilities participating in the Lawrence shakedown. This is insufficient at the summary judgment stage. *See McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003) (mere speculation or conjecture will not defeat summary judgment).

39. Unsupported by the record citation.

40. Unsupported by the record citation. Additionally, according to IDOC records, Akeem Hamilton was not working during the shakedown at Lawrence Correctional Center, as he worked 11 p.m. to 7 a.m. on July 7, 2014. Ex. 1, Decl. of Stephen Duncan; Ex. 2, Lawrence Rosters. Charles Sultan testified that the shakedown of his unit began at 9:00 a.m. on July 7, 2014. Dep. of Sultan, Doc. 481-47 at 54–55.

41. Disputed. Akeem Hamilton could not have taken the actions complained of because he was not working during the Lawrence shakedown. Ex. 1, Decl. of Stephen Duncan; Ex. 2, Lawrence Rosters.

42. Disputed. Akeem Hamilton could not have taken the actions complained of because he was not working during the Lawrence shakedown. Ex. 1, Decl. of Stephen Duncan; Ex. 2, Lawrence Rosters.

43. Unsupported by the record citation. Plaintiffs have no support for the assertion that Edwin Gladney destroyed or took Plaintiff Sultan's property, other than speculation that because the

property was destroyed/missing, and because Gladney completed the shakedown slip for Sultan's

cell, that it must have been Gladney who destroyed/took Sultan's property. However, speculation

and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600,

604 (7th Cir. 2003).

44. Admitted that Clark Truly was housed at Lawrence in July of 2014 when Defendants

conducted the facility-wide shakedown. Unsupported by the record citation that the shakedown of

Clark Truly's cell occurred on July 9, 2014.

45. Unsupported by the record citation. Plaintiffs have no support for the assertion that Jeremy

Alwerdt destroyed or took Plaintiff Truly's property, other than speculation that because the

property was destroyed/missing, and because Alwerdt completed the shakedown slip for Truly's

cell, that it must have been Alwerdt who destroyed/took Truly's property. However, speculation

and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600,

604 (7th Cir. 2003).

46. Unsupported by the record citation.

47. Immaterial. Plaintiffs did not seek denial of summary judgment based on the actions of

James Gray (P's Rsp., Doc. 759 at 3), and for good reason—Defendants did not seek summary

judgment for him. P's Rsp., Doc. 759 at 2 fn.1; D's Mem. at 53 fn.6.

48. Immaterial. Plaintiffs did not seek denial of summary judgment based on the actions of

James Gray (P's Rsp., Doc. 759 at 3), and for good reason—Defendants did not seek summary

judgment for him. P's Rsp., Doc. 759 at 2 fn.1; D's Mem. at 53 fn.6.

49. Immaterial. Plaintiffs did not seek denial of summary judgment based on the actions of

James Gray (P's Rsp., Doc. 759 at 3), and for good reason—Defendants did not seek summary

judgment for him. P's Rsp., Doc. 759 at 2 fn.1; D's Mem. at 53 fn.6.

50. Immaterial. Plaintiffs did not seek denial of summary judgment based on the actions of James Gray (P's Rsp., Doc. 759 at 3), and for good reason—Defendants did not seek summary judgment for him. P's Rsp., Doc. 759 at 2 fn.1; D's Mem. at 53 fn.6.

51. Unsupported by the record citation and immaterial. Even if Defendant James Berry was present at the facility-wide shakedown at Lawrence, that does not present sufficient evidence to establish that he violated Plaintiff Harding's Eighth Amendment rights. *See* Argument, section *infra*.

52. Admitted but immaterial. Even if an officer named "Sharron" was present at the facility-wide shakedown at Lawrence, that does not present sufficient evidence to establish that he violated Plaintiff Harding's Eighth Amendment rights. *See* Argument, Section I, *infra*.

53. Admitted. However, Plaintiffs are relying on a speculative leap that someone who Plaintiff described as named "Sharron" was Defendant Samuel Shehorn based solely on Lawrence tact team sign-in sheets. This is insufficient at the summary judgment stage. *See McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003) (mere speculation or conjecture will not defeat summary judgment). Further, this is immaterial because even if Shehorn was the officer Harding meant to identify, merely being present at the shakedown does not present sufficient evidence to establish that he violated Plaintiff Harding's Eighth Amendment rights. *See* Argument, Section I, *infra*.

54. Unsupported by the record citation, in part, and immaterial. The cited material supports only that Mr. Harding saw Richard Moore during the shakedown, but does not support the assertion that Richard Moore was 15 feet away when Defendant Gray was allegedly abusing Harding. This fact is also immaterial because Richard Moore is a class defendant (Order Granting Class Certification, Doc. 519 at 2 fn.1), and therefore is not part of this portion of Defendants' motion for summary judgment.

55. Unsupported by the record citation, in part, and immaterial. Admitted that Sergio Cortes' housing unit at Lawrence was shaken down on July 10, 2014. The remainder of the facts are unsupported by the record citations. It is immaterial whether Mr. Cortes spoke limited English.

56. Unsupported by the record citation. Plaintiffs have no support for the assertion that Robert Walsh destroyed Plaintiff Cortes' property, other than speculation that because the property was destroyed, and because Walsh completed the shakedown slip for Cortes' cell, that it must have been Walsh who destroyed Cortes' property. However, speculation and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003).

57. Unsupported by the record citation.

58. Unsupported by the record citation. Plaintiffs have no support for the assertion that Jerry Tanner destroyed or took Plaintiff Dunmore's property, other than speculation that because the property was destroyed/missing, and because Tanner completed the shakedown slip for Dunmore's cell, that it must have been Tanner who destroyed/took Sultan's property. However, speculation and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003).

59. Admitted.

60. Unsupported by the record citation. Plaintiffs have no support for the assertion that David Moore destroyed or took Plaintiff Smith's property, other than speculation that because the property was destroyed/missing, and because D. Moore completed the shakedown slip for Smith's cell, that it must have been D. Moore who destroyed/took Sultan's property. However, speculation and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003).

**ARGUMENT**

I.    **Plaintiffs Provide Insufficient Evidence of Personal Involvement as to their
      Listed Non-Supervisory Defendants**

In response to Defendants' argument that Plaintiffs have failed to provide any evidence of

personal involvement by 432 non-supervisory Defendants in any alleged deprivation of the Eighth

Amendment, Plaintiffs purport to have put forth facts to support a claim as to 28 individuals.[3]  As

a threshold matter, Plaintiffs' list includes Kenneth Hamilton, who is not a Defendant in the

operative Second Amended Complaint. *See FN 2, infra.*    Plaintiffs' list also includes three

dismissed Defendants (Richard Harrington, Gary Perkins, and Kyle Brooks) and one class

Defendant (Richard Moore). Plaintiffs, therefore, concede 409 non-supervisory Defendants are

entitled to summary judgment as to Counts I (42 U.S.C. §1983-Cruel & Unusual Punishment

(Eighth Amendment) and III (failure to intervene).

Moreover, Plaintiffs' evidence as to the remaining 23 individuals they identify falls short.

For any claim brought pursuant to §1983, Plaintiffs must show "personal involvement" as to each

Defendant.  Plaintiffs cannot support a claim merely by showing any activity by a Defendant.

Rather, as to each Defendant, Plaintiffs must show that individual's personal involvement *in the

deprivation* of Plaintiffs' rights.    *Townsend v. Fuchs*, 522 F.3d 765, 775 (7th Cir. 2008) ("An

individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged

constitutional deprivation.") (*quoting Galdikas v. Fagan*, 342 F.3d 684, 693 (7th Cir. 2003)).

For 13 of the non-supervisory Defendants, Plaintiffs submit evidence only that the

individual was present at the time of one of the searches.  PSMF ¶¶ 19, 23, 25, 27, 45, 51, 52–53,

---

[3] In their statement of additional facts, Plaintiffs also assert facts as to individuals other than the
28 Defendants they specifically identified, including individuals on whose behalf the Defendants
did not seek summary judgment. *See* Resp. to Add'l Fact ¶ 12 (Carson Winters); ¶ 21 (Jason
Furlow); ¶¶47–50 (James Gray).

15

56, 60.  Mere presence is insufficient.  See *Moss v. Schimp,* No. 3:20-CV-107-MAB, 2022 U.S. Dist. LEXIS 82827, at *17 (S.D. Ill. May 6, 2022) (being present at the scene at a time plaintiff alleges he was knocked down by police officers is insufficient to establish personal liability as to defendant);  *and Trout v. Frega*, 926 F. Supp. 117, 121 (N.D. Ill. 1996) (granting summary judgment for defendants alleged to be present during arrest in which plaintiff claimed unlawful use of force, noting "[p]resence is not enough"). Plaintiffs provide nothing more as to Defendants Sarah Arnett, Ashley Thompson, Mike Stufflebeam, Andrew Bottrell, Shane Smith, Nick Nalley, Ayla Heinzmann, Christopher Sherrod, Jeremy Alwerdt, James Berry, Samuel Shehorn, Robert Walsh, and David Moore and these individuals are entitled to judgment on Count I.  PSMF ¶¶ 18, 19, 23, 25, 27, 45, 51, 52–53, 56, 60.

Further, *de minimums* inconveniences do not rise to the level of constitutional protection and cannot support a claim for violation of one's Eighth Amendment rights.  *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000).   "Occasional discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1980)).   "The measure is whether the conditions they were forced to endure exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994).   Here, for example, poking a Plaintiff does not constitute cruel and unusual punishment.  *See DeWalt*, 224 F.3d at 620 (7th Cir. 2000) (finding shoving qualifies as the kind of de minimis use of force that does not constitute cruel and unusual punishment").  As such, Plaintiffs provide no evidence to withstand summary judgment on Count I as to Eric Wenzel, Steve Albrecht, Brad Stuck, and Russell Goins and these individuals are entitled to summary judgment on Count I.  PSMF ¶¶ 4, 14, 31.

Finally, Plaintiffs do not have admissible, non-speculatory evidence supported by the record citations on Count I as to Dale Martin, Timothy Conrad, Akeem Hamilton, Jerry Tanner, Eric Weber, and Ed Gladney. D's Rsp. to Add'l Facts ¶¶ 29, 30, 32, 34–38, 40–43, 58. Purported facts unsubstantiated by admissible evidence do nothing to further their claims or defeat Defendants' motion for summary judgment. *Murphy v. ITT Educational Services*, 176 F.3d 934, 937 (7th Cir. 1999) (holding allegations, unsubstantiated by the record, are insufficient to oppose summary judgment).

Plaintiffs fair no better in support of Count III of the Second Amended Complaint, alleging failure to intervene.  "An officer who is present and fails to prevent other law enforcement officers from infringing the constitutional rights of a citizen is liable under § 1983 if that officer had reason to know that a constitutional violation was being committed and a realistic opportunity to intervene." *Doxtator v. O'Brien*, 39 F.4th 852, 864–65 (7th Cir. 2022) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)).   Plaintiffs must present facts that support each of these prongs as to each Defendant.  *Ball v. Beachem,* No. 22-cv-02219, 2024 U.S. Dist. LEXIS 150922, at *21 (N.D. Ill. Aug. 22, 2024), *citing Matz v. Klotka,* 769 F.3d 517, 530 (7th Cir. 2014).

Here, the "evidence" Plaintiffs use to support the requirement that the identified non-supervisory defendants failed to intervene falls far short of supporting an inference such that a jury could conclude that they "had reason to know" or "had a reasonable opportunity to intervene." Rather, Plaintiffs make only conclusory statements.  For example, Plaintiff Zachary Watts claim Ayla Heinzmann was "part of the tactical team that shook down his cell, was present for his strip search, and failed to intervene to stop his mistreatment."  PSMF ¶ 25.  However, Plaintiffs failed to provide any facts showing what mistreatment Heinzmann witnessed or what opportunity Heinzmann had to intervene.  As discussed above, Plaintiffs claim many individuals were present

17

at some time during a search, but mere presence falls far short of showing these individuals had reason to know of a violation of Plaintiffs' rights and an opportunity to stop it.   *Doxtator*, 39 F.4th at 864–65; *See* discussion at p. 16, *supra*.

## II.   Plaintiffs Fail to Provide Evidence of Any Conspiracy by The Non-Supervisory Defendants

In Count II of the Second Amended Complaint, Plaintiffs bring a §1983 conspiracy claim. Specifically, Plaintiffs allege "Defendants reached an agreement among themselves to deprive the prisoners housed at Illinois River, Big Muddy River, Lawrence, and Menard (including Plaintiffs) of their constitutional rights and to protect one another from liability for depriving the prisoners of their rights. . ."   [Doc. 197 at ¶81].

Contrary to Plaintiffs' assertion, they cannot dispense with the need to show personal involvement by each Defendant simply by claiming conspiracy.  *Galdikas*, 342 F.3d at 693 ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault . . ."); *see also Gummow v. Monyelle*, No. 3:22-CV-50433, 2024 U.S. Dist. LEXIS 91686, at *1 (N.D. Ill. May 22, 2024) (personal involvement required regardless of the theory of liability, including one based in conspiracy).  In fact, the elements for a conspiracy claim specify the nature of personal involvement necessary:  "(1) the individuals reached an agreement to deprive [a plaintiff] of his constitutional rights, and (2) overt acts in furtherance that actually deprived him of those rights." *Beaman v. Freesmeyer,* 776 F.3d 500, 510 (7th Cir. 2015).  "[P]laintiff can use circumstantial evidence to establish a conspiracy, but such evidence cannot be speculative." *Id. citing Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003)

That the non-supervisory Defendants may have "participated in" searches is not evidence of their participation in a conspiracy.  Rather, Plaintiff must have sufficient evidence, "that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties

had an understanding to achieve the conspiracy's objectives." *Sexton v. Cotton*, 2008 WL 11516444 (N.D. Ill. Nov. 5, 2008) (dismissing claim of conspiracy under §1983); (*quoting Hernandez v. Joliet Police Dept.,* 197 F.3d 256, 263 (7th Cir. 1999)).   Plaintiffs' response, however, is devoid of any evidence of any agreement by the non-supervisory Defendants, much less one sufficient to show they "achieved a meeting of the minds" to deprive Plaintiffs of rights.

Plaintiffs must put forth sufficient facts of such agreement and meeting of the minds as to *each* Defendant.   *Cook v. City of Chicago*, 2014 WL 4493813 (N.D. Ill. Sept. 9, 2014) (granting summary judgment in favor of defendants on §1983 conspiracy claim where plaintiff failed to "offer evidence to support the claim that *each* conspirator understood the general objectives of the scheme and agreed to further the scheme") (emphasis added).  Plaintiffs' reliance on this Court's prior ruling as to Count II is inapposite.   The Court's Order addressed only the supervisory Defendants, relying on evidence in the record regarding communications between these Defendants as to planning and implementing the shakedowns.  [Doc. 716, p. 22]. While Defendants dispute that the cited communication evidences a conspiracy to deprive Plaintiffs of their rights, Plaintiffs have presented no evidence whatsoever as to the non-supervisory Defendant movants.

Merely "lumping all of defendants' acts together, [and] adding the word 'conspiracy' adds nothing" to substantiate such a claim. *Stanley v. Litscher,* 213 F.3d.340, 343 (7th Cir. 2000) *citing Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857 (7th Cir. 1999). This is precisely what Plaintiffs have done.   All 432 non-supervisory Defendants are entitled to judgment as a matter of law as to Count II of Plaintiff's Second Amended Compliant.

WHEREFORE Defendants respectfully request this Court enter judgment in favor of the 432 non-supervisory Defendants addressed in Defendants' Motion for Summary Judgment and grant such other relief deemed appropriate.

Dated: March 21, 2025                                      Respectfully submitted,

Joseph N. Rupcich                                          Defendants GREG GOSSETT, et al.
Joy C. Syrcle
Special Assistant Attorneys General                        KWAME RAOUL,
Cassiday Schade LLP                                        Illinois Attorney General
2040 W. Iles, Suite B
Springfield, IL 62704                                      *By: s/ Laura K. Bautista*
(217) 572-1714                                                 Assistant Chief Deputy Attorney General
jrupcich@cassiday.com
jsyrcle@cassiday.com

*Counsel for Supervisory Defendants*

Laura K. Bautista
Victoria Fuller
Christopher Collum
Office of the Attorney General
500 South Second Street
Springfield, IL 62701
Tel.: (217) 782-9075
laura.bautista@ilag.gov
victoria.fuller@ilag.gov
christopher.collum@ilag.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Laura K. Bautista, an attorney, certify that on March 21, 2025, I caused the foregoing motion to be filed using the Court's CM/ECF system, which affected service on all counsel of record.

/s/ <em>Laura K. Bautista</em>