**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15-cv-309-SMY |
| vs. | ) ) | |
| GREG GOSSETT, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

After almost a decade in litigation and on the eve of trial, Plaintiffs now move pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss their class action without prejudice as to seven defendants against whom the class action was certified (Doc. 783). Defendants have no objection to the dismissal, but object to dismissal without prejudice.

As Defendants have served an answer and summary judgment motion and have not stipulated to a dismissal, Plaintiffs must obtain a court order before they can voluntarily dismiss their action. Fed. R. Civ. P. 41(a)(1)(A), (a)(2). Whether to grant or deny a motion for voluntary dismissal without prejudice under Rule 41(a)(2) is "within the sound discretion of the district court." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). A plaintiff must demonstrate that dismissal without prejudice is warranted; that the defendant will not suffer legal prejudice. Without such a showing, the Court "shall not" dismiss the action. *See Tolle*, 23 F.3d at 177–78; *Nwatulegwu v. Boehringer Ingelheim Pharm., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016) ("Rule 41(a)(2) requires that the plaintiff persuade the district court that a voluntary dismissal should be without prejudice, and, absent such a showing, voluntary dismissal is inappropriate.").

Here, the prejudice Defendants will suffer if Plaintiffs are permitted to dismiss the action against them without prejudice at this juncture is obvious; discovery has been completed, a class has been certified, class certification has been affirmed on appeal, the Court has ruled on summary judgment, and trial will commence in two days. And Plaintiffs make no attempt to persuade the Court otherwise – they offer no explanation or reason at all for their request. Therefore, the Court finds that dismissing Plaintiffs' action as to Defendants Frank Eovaldi, Brian Piper, Stephanie Dorethy, Chris White, Ken Finney, Robert Craig, and Richard Moore is only appropriate if it is with prejudice.

Accordingly, Plaintiffs have until 12:00 p.m. on March 30, 2025 to withdraw their motion for voluntary dismissal (Doc. 783). If Plaintiffs withdraw the motion, the case will proceed to trial against these defendants along with the remaining class defendants. If Plaintiffs do not withdraw the motion, the Court will grant it with prejudice.

**IT IS SO ORDERED.**

**DATED: March 29, 2025**

**STACI M. YANDLE**
**United States District Judge**