Members of the jury, you have seen and heard all the evidence. Now I will instruct you on the law, and then you will hear the arguments of the attorneys.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, Defendants are current or former employees of the Illinois Department of Corrections. The class members include people who are or were incarcerated within the Illinois Department of Corrections. All parties are equal before the law. Each of the parties in this case is entitled to the same fair consideration that you would give any individual person who is neither currently or formerly incarcerated nor currently or formerly employed by the Illinois Department of Corrections.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Certain things are not to be considered as evidence. I will list them for you:

If I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

The lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

During the trial, certain testimony was presented to you by the reading of a deposition and by video.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You may consider statements given by parties before trial as evidence of the truth of what they said in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You have heard evidence that certain individuals who testified have been convicted of a crime.  You may consider this evidence only in deciding whether these individuals' testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case

You must give separate consideration to each claim and each party in this case. Although there are 13 Defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a Defendant, you must not consider evidence admitted only against other Defendants.

You have heard evidence about whether Defendants' conduct complied with or violated a policy, procedure, or standard. You may consider this evidence in your deliberations. But remember that the issue is whether Defendants violated the Eighth Amendment rights of the class and not whether a policy procedure, or standard was complied with or violated.

Defendants are being sued as individuals. Neither the State of Illinois nor the Illinois Department of Corrections are parties to this lawsuit.

When I say a particular party must prove something by "a preponderance of the evidence,"
or when I use the expression "if you find," or "if you decide," this is what I mean: When you have
considered all the evidence in the case, you must be persuaded that it is more probably true than
not true.

This case is proceeding as a class action. A class action procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. In this case, the Plaintiff Class is comprised of all prisoners housed at:

–    Menard Correctional Center between April 4, 2014 and April 16, 2014;

–    Illinois River Correctional Center between April 21, 2014 and April 29, 2014;

–    Big Muddy River Correctional Center between May 12, 2014 and May 19, 2014; or

–    Lawrence Correctional Center between July 7, 2014 and July 11, 2014

Your verdict here as to liability will be binding on all class members. You should not hold the physical absence of any class member against the Plaintiff Class. Because this case is a class action, Plaintiffs are allowed to prove their claims by evidence which applies to the class as a whole as to liability, and do not need to prove each class member's claim individually.

Plaintiffs in this case make the following three claims against each Defendant:

1. Plaintiffs claim that each Defendant violated their rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment by designing and/or implementing a plan to conduct prison-wide shakedowns in an abusive and humiliating manner that did not further any legitimate penological purpose.

2. Plaintiffs claim that each Defendant failed to intervene and stop the violation of Plaintiffs' Eighth Amendment rights to be free from cruel and unusual punishment under the United States Constitution.

3. Plaintiffs claim that each Defendant entered into a civil conspiracy to violate their rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

Defendants deny each of these claims.

To succeed on their first claim, Plaintiffs must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. Plaintiffs were subjected to shakedowns that were executed in an abusive and humiliating manner that did not further any legitimate penological purpose.

2. The Defendant knew that Plaintiffs were being or about to be subjected to shakedowns that were executed in an abusive and humiliating manner that did not further any legitimate penological purpose.

3. The Defendant approved of, assisted with, condoned, or purposely ignored that Plaintiffs were being or about to be subjected to shakedowns that were executed in an abusive and humiliating manner that did not further any legitimate penological purpose.

4. As a result, Plaintiffs were harmed.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to the particular Defendant you are considering, then you should find for Plaintiffs as to that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to the particular Defendant you are considering, then you should find for that Defendant.

To succeed on their second claim, Plaintiffs must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. Plaintiffs were subjected to shakedowns that were executed in an abusive and humiliating manner that did not further any legitimate penological purpose.

2. The Defendant knew that Plaintiffs were being subjected to, or were about to be subjected to, shakedowns that were executed in an abusive and humiliating manner that did not further any legitimate penological purpose.

3. The Defendant had a realistic opportunity to do something to prevent harm from occurring.

4. The Defendant failed to take reasonable steps to prevent harm from occurring.

5. The failure to act by the Defendant caused Plaintiffs to suffer harm.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to the particular Defendant you are considering, then you should find for Plaintiffs as to that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for that Defendant.

To succeed on their third claim, Plaintiffs must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. The Defendant entered into an agreement with one or more other Defendants to subject Plaintiffs to shakedowns that were executed in an abusive and humiliating manner that did not further any legitimate penological purpose.

2. The Defendant took an overt action of any kind in furtherance of the agreement.

3. As a result of the Defendant's conduct, Plaintiffs were subjected to shakedowns that were executed in an abusive and humiliating manner that did not further any legitimate penological purpose.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence as to the particular Defendant you are considering, then you should find for Plaintiffs as to that Defendant.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence as to the particular Defendant you are considering, then you should find for that Defendant.

If you find for Plaintiffs on any of their claims against any of the Defendants, then you will go on to consider the question of damages as to each Plaintiff who testified at trial. Your verdict on damages will apply only to each Plaintiff who testified and will not be binding on all class members.

If you find for the Defendants on all the claims brought by the Plaintiffs, then you will not consider the question of damages.

If you find in favor of Plaintiffs on one or more of their claims against one or more Defendants, then you must determine the amount of money that will fairly compensate each Plaintiff who testified for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of being subjected to an unconstitutional shakedown. These are called "compensatory damages."

Each Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental or emotional pain and suffering that each Plaintiff who testified has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiffs, but find that a Plaintiff who testified has failed to prove compensatory damages, you must return a verdict for that Plaintiff in the amount of one dollar ($1.00).

If you find against a Defendant, you may, but are not required to, assess punitive damages against that Defendant.  The purposes of punitive damages are to punish a Defendant for his or her conduct and to serve as an example or warning to that Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant.  You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of a Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff.  Conduct is in reckless disregard of a Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party.  In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the Court Security Officer, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take the form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in the appropriate form, and all of you will sign it.