IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )   Case No. 15-cv-309-SMY |
| vs. | ) |
| GREG GOSSETT, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Demetrius Ross, Kevin L. Hamilton, Ronald Smith, Jonathan Tolliver, and Glenn Verser, current and former inmates of the Illinois Department of Corrections ("IDOC"), bring this class action on behalf of themselves and all others similarly situated for violations of their constitutional rights as alleged in the Second Amended Complaint. Plaintiffs' claims concern the constitutionality of facility-wide shakedowns that occurred at Illinois River, Big Muddy River, Lawrence, and Menard correctional centers during the period April 2014 through July 2014.

Plaintiffs assert the following causes of action in the Second Amended Complaint:

Count I:   Eighth Amendment cruel and unusual punishment claim under 42 U.S.C. § 1983 alleging that the Defendants designed and implemented a plan to conduct abusive and humiliating shakedowns that did not further any legitimate penological purpose;

Count II:  Eighth Amendment conspiracy claim under 42 U.S.C. § 1983 alleging Defendants reached an agreement to violate class members' constitutional rights;

Count III: Eighth Amendment failure to intervene claim under 42 U.S.C. § 1983;

      Count IV:      Prison Rape Elimination Act under 42 U.S.C. § 1983[1].; and

      Count V:      State law tort claim for intentional infliction of emotional distress.

The Court certified a class of approximately 10,000 prisoners housed at the four prisons on three claims against 22 supervisory defendants. The class was not certified with respect to the 400+ non-supervisory Defendants named in the Second Amendment Complaint.

Defendants moved for summary judgment on behalf of the 22 supervisory defendants and all but nine of the non-supervisory defendants[2] (Doc. 642). On January 8, 2025, the Court granted Defendants' motion in part when it dismissed supervisory defendants Alex Jones and Michael Gilreath and granted the motion as to Count V and as to any official capacity claims against the Director of the IDOC. The motion was denied as to the remaining 20 supervisory defendants, and the Court took Defendants' motion as to the non-supervisory defendants under advisement and permitted additional briefing (Doc. 716). Plaintiffs filed a response (Doc. 759), and Defendants filed a reply (Doc. 766).

This matter is now ripe for consideration. For the following reasons, Defendants' motion for summary judgment as to the non-supervisory Defendants is **GRANTED.**

## Factual Background[3]

Construed in the light most favorable to Plaintiffs, the evidence and reasonable inferences establish the following facts relevant to the pending summary judgment motion:

---

[1] The Court dismissed this Count with prejudice on January 28, 2016 (Doc. 76).
[2] Defendants did not move for summary judgment as to the following nine non-supervisory Defendants: Bradley Clark, Steven Conrad, Justin Eckelberry, Jason Furlow, James Gray, Marcus Jenkins, Brian Livingston, John Maragni, and Carson Winters. According to Defendants, these nine individuals are the only non-supervisory Defendants who were ever named by any named or consolidated Plaintiff as having personally engaged in any specific conduct that Plaintiffs assert is unconstitutional.
[3] For brevity, the Court incorporates the lengthy factual background in its January 8, 2025 order on Defendants' Motion for Summary Judgment (Doc. 716).

**The Non-Supervisory Defendants**

Numerous tact team members and correctional officers conducted the 2014 shakedowns at Menard, Illinois River, Big Muddy, and Lawrence Correctional facilities. Plaintiffs assert that they have identified 23 non-supervisory Defendants against whom there is sufficient evidence to survive summary judgment[4].

Eric Wenzel: Plaintiff Edward Tenney recalled a tact team officer of short stature whose name he could not recall but who he remembered worked at Menard but left after being incarcerated for a vehicular homicide-type crime (Doc. 642-41, at pp. 55-56). Wenzel was a member of the Menard tact team who participated in the April 2014 shakedowns at Menard (Doc. 759-2).

Steve Albrecht: Plaintiff Demetrius Ross testified in his deposition that after tact team officers moved the inmates to the gymnasium, officers ordered them to remain standing, face the wall, and not to look around or talk (Doc. 481-31, at pp. 102-104). Ross could not identify the officer was that was directing them to face the wall. *Id*. at 103. He heard other men in the gym ask to use the bathroom and heard at least one man ask for medical attention. *Id.* at 104-105. According to Ross, the unidentified officer's response was simply, "shut the fuck up." *Id.* Ross was later told by his cellmate that one of the officers in the gym was named Albrecht. *Id.* at p. 127.

Sarah Arnett, Ashley Thompson, Michael Stufflebeam, and Andrew Bottrell: These non-supervisory defendants participated in the April 2014 shakedown of Illinois River. Plaintiff

---

[4] Plaintiffs also identified Richard Harrington, Gary Perkins, Kyle Brooks, and Kevin Hamilton as non-supervisory defendants. However, Harrington, Perkins, and Brooks were dismissed on August 21, 2019 (Doc. 516) and Hamilton is not a named defendant in the Second Amended Complaint (*see* Doc. 197).

Ramon Clark testified that he heard Arnett and Thompson's voices during the shakedown (Doc. 481-36, at pp. 60-62, 89-91). Stufflebeam and Bottrell were present in the gym. *Id*. at p. 118.

Jason Furlow: Furlow conducted the search of Plaintiff Kevin Hamilton's cell on May 13, 2014 (Doc. 759-4).

Shane Smith and Nick Nalley: Smith and Nalley participated in the Big Muddy shakedown. Plaintiff Zachary Watts was incarcerated at Big Muddy and testified that Smith and Nalley told him to "put [his] fucking head down" during the shakedown (Doc. 481-35, pp. 25-29).

Ayla Heinzmann: Heinzmann was present during the Big Muddy shakedown (Doc. 485-35, at pp. 38-39).

Christopher Sherrod: Sherrod conducted the search of Plaintiff Samuel Fisher's cell on May 13, 2014 during the Big Muddy shakedown (Doc. 759-8).

Dale Martin: Martin was present during the Lawrence shakedown in July 2014. Plaintiff Glenn Verser testified at his deposition that two officers came to his cell, a taller officer and a shorter officer (Doc. 481-33 at pp. 72–73). During the strip search, the shorter officer instructed him to first touch his genitals then put his hands in his mouth, and punched him when he said he had a medical cuffing permit. *Id.* at 75–76, 81. Verser said he identified the officer who strip searched him as Martin because Martin completed the shakedown slip and Verser believed that the person who strip searched you was also assigned to shakedown the room. *Id.* at 77. Verser admitted that he did not know whether the taller officer or shorter officer completed the shakedown slip. *Id*. at pp. 77-78.

Eric Weber, Russell Goins, and Brad Stuck: Plaintiff Verser testified during his deposition that these men brushed him off after he told them that his cuffing permit was not being honored (Doc. 481-33, at p. 132).

Timothy Conrad: According to IDOC's records, Conrad was not present during the July 10, 2014, shakedown because he worked 3 to 11 p.m., and the search was completed prior to 3 p.m. (Doc. 766-1, Doc. 766-2).

Gary Perkins, Akeem Hamilton, and Kyle Brooks: According to IDOC's records, Perkins, Hamilton, and Brooks were not working on July 10, 2014 (Doc. 766-1, Doc. 766-2).

Edwin Gladney: Gladney was a member of the Menard tact team who participated in the Lawrence shakedowns (Doc. 759-14). He conducted the search of Plaintiff Charles Sultan's cell on July 7, 2014 (Doc. Doc. 759-15).

Jeremy Alwerdt: Alwerdt conducted the search of Plaintiff Clark Truly's cell on July 9, 2014 (Doc. 759-16).

James Berry and Samuel Shehorn: Berry and Shehorn were members of the Lawrence tact team (Doc. 481-77). Plaintiff Samuel Harding testified that Berry and an officer "Sharron" were present and participated in the shakedowns (Doc. 481-40, at pp. 150-154).

Robert Walsh: Walsh conducted the search of Plaintiff Sergio Cortes's cell during the July 2014 Lawrence shakedown (Doc. 759-18).

Jerry Tanner: Tanner conducted the search of Plaintiff James Dunmore's cell during the Lawrence shakedown (Doc. 759-20).

David Moore: Moore conducted the search of Plaintiff Vincent Smith's cell during the July 2014 Lawrence shakedown (Doc. 759-21).

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party is entitled to summary judgment where the non-moving party

"has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

As an initial matter, Plaintiffs' response addresses only 23 non-supervisory defendants. Plaintiffs have not produced any evidence to support their claims against the remaining 409 non-supervisory defendants named in the Amended Complaint. Accordingly, summary judgment will be granted as to those defendants on Plaintiffs' claims in the Second Amended Complaint.

Regarding the remaining 23 Defendants, Plaintiffs have failed to provide sufficient evidence of personal involvement to survive summary judgment as to either Counts I or III because individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citation and internal quotation marks omitted). As such, the plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

"An officer who is present and fails to prevent other law enforcement officers from infringing the constitutional rights of a citizen is liable under § 1983 if that officer had reason to know that a constitutional violation was being committed and a realistic opportunity to intervene." *Doxtator v. O'Brien*, 39 F.4th 852, 864–65 (7th Cir. 2022) (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Plaintiffs must present facts that support each of these prongs as to each Defendant.

Here, the evidence submitted by Plaintiffs as to the non-supervisory Defendants shows, at most, that these individuals were present during one of the shakedowns. However, mere presence, without more is not enough to establish personal involvement. *Moss v. Schimp*, 2022 WL 1443422, at *6 (S.D. Ill. May 6, 2022) (collecting cases). There is no evidence demonstrating a causal connection between these defendants and any alleged violations of Plaintiffs' constitutional rights. And although Plaintiffs attempt to make a causal link between the testimony of some plaintiffs and records indicating that some defendants were at a particular shakedown, Plaintiffs cannot rely on mere allegations and speculation to create a genuine issue of material fact at the summary judgment stage.

As for the non-supervisory Defendants who signed shakedown slips, the fact that they completed shakedown slips alone is insufficient to prove Plaintiffs' allegations that these defendants also damaged or stole Plaintiffs' personal property. Again, speculation and conclusory statements cannot defeat summary judgment. *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003). Thus, Defendants are entitled to summary judgment on Counts I and III of Plaintiffs' Second Amended Complaint.

Similarly, Defendants are entitled to summary judgment on Plaintiffs' conspiracy claim. To prevail on their § 1983 conspiracy claim, Plaintiffs must prove: (1) an express or implied agreement among defendants to deprive them of their constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir.1988). Again, Plaintiffs have not produced evidence of an agreement between the non-supervisory defendants. Summary judgment will therefore be granted in favor of Defendants on Count II of Plaintiffs' Second Amended Complaint.

### Conclusion

Defendants' motion for summary judgment (Doc. 642) is **GRANTED** as to the following non-supervisory defendants: Sarah Arnett, Ashley Thompson, Mike Stufflebeam, Andrew Bottrell, Shane Smith, Nick Nalley, Ayla Heinzmann, Christopher Sherrod, Jeremy Alwerdt, James Berry, Samuel Shehorn, Robert Walsh, David Moore, Eric Wenzel, Steve Albrecht, Brad Stuck, Russell Goins, Dale Martin, Timothy Conrad, Akeem Hamilton, Jerry Tanner, Eric Weber, and Ed Gladney. The Clerk of Court is **DIRECTED** to enter judgment in favor of these defendants and against Plaintiffs at the close of this case.

**IT IS SO ORDERED.**

**DATED: May 14, 2025**

**STACI M. YANDLE**
**United States District Judge**