IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS ROSS, on behalf of himself and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) GREG GOSSETT, et al., ) ) Defendants. ) | Case No. 15 C 0309 Judge Staci M. Yandle, J. |

**PLAINTIFFS' MOTION FOR RELIEF
FROM ORDER AND JUDGMENT AS TO 12 DEFENDANTS**

Plaintiffs, through their attorneys and by Defendants, request relief from this Court's Memorandum and Order (Dkt. 822, the "Order") and Judgment in a Civil Action (Dkt. 823, the "Judgment") pursuant to Federal Rule of Civil Procedure 60(a), and state as follows:

1. On May 22, 2024, Defendants moved for summary judgment on all but nine non-supervisory defendants. Dkt. 642.

2. On May 14, 2025, the Court granted Defendants' motion, noting in the Order that "Defendants moved for summary judgment on behalf of…all but nine of the non-supervisory defendants." Dkt. 822 at 2.

3. The Court nevertheless entered judgment on May 14, 2025 in favor of all Defendants and closed the case. Dkt. 823.

4. However, there has not yet been a finding as to liability against the nine remaining non-supervisory Defendants:

   a. Bradley Clark

   b. Steven Conrad

    c. Justin Eckelberry

    d. Jason Furlow

    e. James Gray

    f. Marcus Jenkins

    g. Brian Livingston

    h. John Maragni

    i. Carson Winters

5. In addition, several Plaintiffs maintain non-class claims[1] against some of the supervisory Defendants:

    a. Plaintiffs Ronald Smith, Stanley Chairs, and Edward Tenney each maintain a claim against Defendant Kim Butler for directly failing to intervene.

    b. Plaintiff Samuel Harding maintains a claim against Defendant Stephen Duncan for directly failing to intervene.

    c. Plaintiff Ramon Clark, by his Special Representative Gloria Luckett (Dkt. 727), maintains a claim against Defendant Greg Gossett for directly failing to intervene.

6. These individual Plaintiffs' claims against Defendants Butler, Duncan, and Gossett proceed notwithstanding the jury's verdict in their favor on the class claims because they are based

---

[1] These claims are pleaded in the following consolidated complaints:
- Ronald Smith Compl. at 7, *Smith v. Godinez, et al.*, No. 16-cv-0248 (S.D. Ill. Mar. 8, 2016), ECF No. 1.
- Stanley Chairs Compl. at 5, *Chairs v. IDOC*, No. 15-cv-1359 (S.D. Ill. Dec. 14, 2015), ECF No. 1.
- Edward Tenney Compl. at 12, *Tenney v. Baldwin, et al.*, No. 16-cv-00115 (S.D. Ill. Feb. 1, 2016), ECF No. 1.
- Samuel Harding Compl. at 5, *Harding v. Baldwin, et al.*, No. 16-cv-083 (S.D. Ill. Jan. 26, 2016), ECF No. 1.
- Ramon Clark Second Am. Compl. at 11-12, *Clark v. Tact Team, et al.*, No. 17-cv-00146 (S.D. Ill. Jun. 6, 2016), ECF No. 74.

on a different legal theory than the class's failure-to-intervene claim—i.e., that these Defendants personally witnessed the violations of Plaintiffs' constitutional rights and failed to intervene to stop them. *See, e.g., Bell v. PNC Bank, N.A.*, 800 F.3d 360, 378 (7th Cir. 2015) (recognizing that class members may have an individual claim against defendants even where the class has asserted the same claim if the individual claim is "based on an entirely different legal theory"). The Seventh Circuit recognized this fact in this very case when affirming class certification. *Ross v. Gossett*, 33 F.4th 433, 441 (7th Cir. 2022) (noting that the *class's* claims were not based on isolated actions by non-supervisors and so certification was appropriate despite the "possibility of other legal theories or individual cases" against the defendants against whom the class was certified).

7. Thus, Plaintiffs believe that the Court entered judgment based on a clerical error as to the above-mentioned Defendants.

8. For the foregoing reasons, Plaintiffs respectfully request relief from the Order and Judgment, pursuant to Fed. R. Civ. P. 60(a) and request that they be amended to clarify that the claims against the above-mentioned Defendants remain live.

Respectfully submitted,

/s/ Nicole Schult
Nicole Schult
Attorney for Plaintiffs

Sarah Grady
Vanessa Del Valle
Matthew Underwood
Terah Tollner
KAPLAN & GRADY LLC
2071 N. Southport Ave., Suite 205
Chicago, IL 60614
(312) 852-2184

sarah@kaplangrady.com

Nicole Schult
Shireen Jalali-Yazdi
UPTOWN PEOPLE'S LAW CENTER
4413 North Sheridan
Chicago, IL 60640
(773) 769-1411

Lewis Kaminski
Matthew Lee-Own
LOEVY & LOEVY
312 North May St., Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

    I, Shireen Jalali-Yazdi, an attorney, certify that on June 11, 2025 I caused Plaintiffs' Motion for Relief from Order and Judgment as to 12 Defendants to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                    /s/ Nicole Schult
                                    Nicole Schult
                                    Attorney for Plaintiff