**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DEMETRIUS ROSS, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GREG GOSSETT, et al., <br><br> Defendants. | Case No. 15 C 0309 <br><br> Hon. Staci M. Yandle |

**MOTION TO DECONSOLIDATE**

Defendants, by and through attorneys, CASSIDAY SCHADE LLP and KWAME RAOUL, Attorney General of the State of Illinois (for all defendants), and pursuant to Federal Rule of Civil Procedure 21 and 42 hereby submit their Motion to Deconsolidate, stating as follows:

**INTRODUCTION**

In 2015 and 2016, the Court consolidated *Johnson v. McAllister,* SDIL No. 15-308; *Hamilton v. McAllister,* SDIL No. 15-281; *Clark v. Tact Team,* CDIL No. 15-1116; *Verser v. Duncan,* SDIL No. 15-1263, ECF Doc. 1, par. 17; *Harding v. Baldwin,* SDIL No. 16-83; *Tenney v. Baldwin, et al.,* SDIL No. 16-115; *Smith v. Godinez, et al.,* SDIL No. 16-248; and *Knox v. Butler,* SDIL No. 17-494, into this case. These consolidations were done pursuant Rule 42(a) based on the similarity of allegations concerning Illinois Department of Corrections (IDOC) tactical operations at four prisons in the spring of 2014. Since the consolidations, the case has gone through years of discovery, class certification, summary judgment motions, and a jury trial on class claims, at which supervisory/class Defendants prevailed. All told, hundreds of Defendants have prevailed in this case and await final judgment.

The continued consolidation of the above eight cases into the *Ross* case prejudices the Defendants who have prevailed but cannot obtain final judgment. *See* Doc. 824 (Plaintiffs' May

1

14, 2025, Motion for Relief from Judgment, which seeks to amend the judgment as to the above listed Plaintiffs as to 12 specific Defendants,[1] thus seeking to preclude entry of final judgment). Moreover, the remaining consolidated cases share no common question, as the common questions were decided in the class action jury trial. These cases eight cases should be deconsolidated and proceed as they were originally filed, and final judgment should enter in *Ross*.

## BACKGROUND

### 1. *Johnson v. McAllister,* SDIL No. 15-308

On March 10, 2025, Jammel Johnson filed his pro se Complaint in the Southern District. *Johnson v. McAllister,* SDIL No. 15-308, ECF No. 1. Johnson claimed that on May 13, 2014, Big Muddy River Correctional Center (Big Muddy) was subjected to a tactical team search. *Id.* at pg. 9. Johnson said he was strip searched in the presence of female officers, not allowed to put on underwear, repeatedly pushed into another inmate, and smacked on the back of the head. *Id.* at pg. 10. The Court consolidated Johnson's case with *Ross* on March 17, 2016. *Id.,* ECF No. 28. Johnson testified in his deposition John Maragni was the individual defendant who strip-searched him. Exhibit A, deposition of Jammel Johnson, pg. 110. On March 17, 2016, the district court consolidated Johnson's case with *Ross*. *Johnson,* SDIL No. 15-308, ECF No. 28.

### 2. *Hamilton v. McAllister,* SDIL No. 15-281

On March 12, 2015, Kevin Hamilton filed his pro se Complaint in the Southern District. *Hamilton v. McAllister,* SDIL No. 15-281, ECF, Doc. 1. Hamilton alleged that on May 13, 2014, at Big Muddy he was subjected to a facility-wide search in which he was strip searched in violation

---

[1] Those Defendants are Kim Butler, Stephen Duncan, Greg Gossett, Bradley Clark; Steven Conrad, Justin Eckelberry; Jason Furlow; James Gray; Marcus Jenkins; Brian Livingston; John Maragni; and Carson Winters. Defendants are separately responding in opposition to Plaintiff's Motion for Relief from Judgment.

of his religion, received racial and religious threats, was not allowed to put on underwear, pushed and smacked in the back of the head, and made to walk with his head in the lower back of another inmate. *Id.* at pg. 8. The Court found Hamilton had stated a claim regarding being strip-searched in the presence of a female officer and being hit in the head. *Hamilton,* SDIL No. 15-281, ECF, Doc. 7 at 4-7. Hamilton later identified Jason Furlow in his interrogatory responses as using force on him during the shakedown. *See* Exhibit B, Hamilton's Interrogatory Response #2. On March 8, 2016, the court consolidated Hamilton's case with *Ross. Ross v. Gossett,* SDIL No. 15-309, ECF No. 88.

### 3. *Clark v. Tact Team,* SDIL No. 17-146

On March 25, 2015, Ramon Clark filed his pro se Complaint concerning events at Illinois River in April 2014. *Clark v. Tact Team,* SDIL No. 17-146, ECF No. 1. Clark alleged that on April 22, 2014, approximately 50 tactical team members rushed into his housing unit making noise and ordering residents to get him and strip search. *Id.* at pg. 3. Clark said that after being strip-searched he was not allowed to put on underwear and was escorted to the gym with threats of segregation if they looked up. *Id.* at 3-4. Clark said he asked to use the bathroom and to have his handcuffs loosened but was denied, despite having a bullet lodged in his back. *Id.* at 4. Clark alleged that when he got back to his cell, his property was damaged, missing, and not documented on a shakedown slip. *Id.* at 5. Clark said, "Warden Greg Gossett was present during Tact Team's shakedown, and had the authority to stop their misconduct…but he did not, allowing the Tact Team to conduct unreasonable, unnecessary and [sic] a degrading shakedown." *Id.* Clark said that by witnessing the Tact Team's illegal action, failing to correct that misconduct and encouraging the continuation of the misconduct, [Gossett violated] Plaintiff's rights under the

3

Fourth and Eighth Amendments to the United States Constitution…" *Id.* at 6-7.[2]  On April 4, 2017, Clark's case was consolidated into *Ross*. *Clark,* SDIL No. 17-146, ECF No. 130.

### 4. *Verser v. Duncan,* SDIL No. 15-1263

On August 6, 2015, Glen Verser filed his pro se Complaint in the Central District. *Verser v. Duncan,* CDIL No. 15-3221, ECF Doc. 1.  Verser alleged that on July 10, 2014, at Lawrence Correctional Center his housing unit was shaken down by the orange crush. *Verser v. Duncan,* SDIL No. 15-1263, ECF Doc. 1, par. 1.  Verser said during this shakedown he was reverse strip searched and ordered to dress without underwear. *Id.* pars. 4-7.  Verser said when he told tactical team members he had a permit prohibiting single cuffing behind his back, he was hit in the stomach. *Id.* at par. 10.  Verser further alleged that when he complained in the dining area to Steven Conrad, Justin Eckelberry, Marcus Jenkins, and Brian Livingston about his cuffing, they assaulted him by striking him in the stomach and groin. *Id.* at par. 17-18.  The Central District transferred the case to the Southern District on November 12, 2015. *Id.* at ECF No. 15.  The Southern District consolidated Verser's pro se case into *Ross* on March 8, 2016. *Id.* at ECF No. 37.

### 5. *Harding v. Baldwin,* SDIL No. 16-83

On January 26, 2016, Samuel Harding filed his pro se Complaint in the Southern District concerning events at Lawrence in July 2014. *Harding v. Baldwin,* SDIL No. 16-83, ECF No. 1. Harding alleged on July 7, 2014, the tactical team aggressively entered his cell house, yelling and banging sticks against the cell doors. *Id.* at 7.  Harding said an officer inserted his finger in Harding's anus. *Id.* at 9.  Harding said an officer slammed his head into his chest and repeatedly

---

[2] In its Merit Review Order, the Court found that Plaintiff only stated a claim under the Eighth Amendment. *Clark*, No. 17-146, ECF No. 7 at 2.

hit him with an open hand and then with a stick. *Id.* at 9. Harding said he was not allowed to wear underwear and had his genitals forced into the person in front of him. *Id.* at 10. Harding said Warden Duncan was present. *Id.* On May 13, 2016, the district court consolidated Harding's case with *Ross. Id.* at 7.

### 6. *Tenney v. Baldwin, et al.,* SDIL No. 16-115

On February 1, 2016, Edward Tenney filed his case in the Southern District, concerning events at Menard in April 2014. *Tenney v. Baldwin, et al.,* SDIL No. 16-115. In his Complaint, Tenney alleged that on April 12, 2014, the orange crush entered his gallery, ordered inmates to strip search, and then dress with no "underclothing" on." *Tenney, et al.,* SDIL No. 16-115, ECF No. 1, pg. 8. He said he was then cuffed palms out, thumbs up and taken to Randolph Hall, all the while being yelled at, pushed into each other, hit, and poked by the orange crush. *Id.* Tenney said in Randolph Hall, inmates were lined up, told to keep their heads down, and poked and slapped for 4 ½ hours while suffering excruciating pain from the cuffing. *Id.* at 8-9. Tenney said the inmates were then taken back to their cellhouse and again yelled at and poked with sticks. *Id.* at 9. Tenney alleged upon examining his property, it was torn up and he was missing things. *Id.* at 9-10.

In claim II, Tenney alleged Kim Butler was Assistant Warden and was present and walking the galleries the day of the search and was a first-hand witness to the improper actions of the tactical response team but did nothing to stop it. *Id.* at 12. On February 23, 2016, the district court observed that "Plaintiff's complaint concerns a strip search and shakedown performed by the Orange Crush Tactical Team at Menard Correctional Center in April 2014 [that] closely tracks the pleading in *Ross v. Gossett,* Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015." *Tenney, et al.,* SDIL No. 16-115, ECF No. 8. The district court therefore

5

reassigned the case to Judge Yandle. *Id.* On May 13, 2016, Judge Yandle consolidated *Tenney* with *Ross.* ECF No. 137, May 13, 2016, text order.

### 7. *Smith v. Godinez, et al.,* SDIL No. 16-248

On March 8, 2016, Ronald Smith filed his pro se Complaint in the Southern District concerning events at Menard in April 2014. *Smith v. Godinez, et al.,* SDIL No. 16-248, ECF No. 1. Smith alleged that on April 8, 2014, his housing unit at Menard was searched by the Orange Crush Tactical Team. *Smith,* SDIL No. 16-248, ECF No. 10, pg. 2. Per Smith, the search began with officers ordering all inmates to strip. Smith, along with all of the other inmates on the unit, was then subjected to a visual strip search which included bending over, spreading his buttocks and lifting his genitals, and then opening his mouth using his fingers. *Id.* Following the strip search, Smith and the other inmates were ordered to get dressed, face the wall and keep their heads down. Officers then proceeded to handcuff the inmates' wrists behind their backs. *Id.* The inmates were then ordered to line up so that their genitals came in contact with the buttocks of the man in front of them, "nuts-to-butts." *Id.* Officers flanked the line, batons in hand, pushing and prodding inmates and also laughing. *Id.* While Smith was standing in line, Officer Bradley Clark forcefully pushed Smith's head and neck down, inflicting pain. *Id.* Defendants Harrington and Butler were observing the whole time. *Id.* The inmates were then ordered to march in this formation (genitals touching) to the chapel. *Id.* at 2-3.

Once in the chapel, Smith said he and other inmates were forced to stand in a stress position for "a prolonged period of time," causing Smith to fall to the floor and urinate on himself. *Id.* at 3. Smith was given medical attention and, only then, was he allowed to sit. *Id*. Smith maintained that the strip search and movement orders were purposely conducted in a humiliating manner, maliciously and sadistically. *Id*. He further contended that the Orange Crush Tactical Team was

6

acting pursuant to an IDOC policy and practice, at least sanctioned by Director Salvador Godinez, and overseen in this instance by Defendants Harrington and Butler, who were present and participated in the shakedown, use of force by Officer Bradley Clark, and the march to the chapel. *Id.* at 3. Smith also claims that neither Harrington, Butler, Clark nor any of the unidentified members of the Orange Crush Team intervened to stop what was occurring. *Id.* at 3. The district court consolidated Smith's case with *Ross*. *Id.* at 6.

### 8. *Knox v. Butler,* SDIL No. 17-494

On May 10, 2017, Ted Knox filed his pro se case in the Southern District. *Knox v. Butler,* SDIL No. 17-494, ECF No. 1. Knox claimed that on April 14, 2014, he was subjected to a tactical team operation at Menard in which he was forced to strip search and then dress with no underwear. *Id.* at 2. Knox said despite showing a medical permit for double-cuffing tactical team members forced him to be cuffed behind his back. *Id.* at 2-3. Knox said during movement to the chapel, he was struck with an oak stick multiple times. *Id.* at 3. Knox alleged that after standing single cuffed for over an hour he became ill, at which point Defendant Winters viciously struck him with an oak stick and yanked his cuffs upward. *Id.* at pg. 3-4. Knox said Defendants Butler and Harrington witnessed Winters beat him but did not do anything. *Id.;* ECF No. 9, pg. The Court found Knox had stated an Eighth Amendment claim against Hamilton, Winters, Butler, Harrington, and Doe for subjecting him to a humiliating strip search, excessive force, and deliberate indifference to his injuries from being beaten on April 14, 2014. *Knox,* SDIL No. 17-494, ECF No. 9, pg. 6. On July 6, 2017, the court severed the claim against Hamilton, Butler, Harrington, Winters, and Doe and consolidated that claim into *Ross. Id.*, ECF 10.

## **ARGUMENT**

**A. Legal Standard**

Federal Rule of Civil Procedure 42(a) allows for consolidation of actions that involve a common question of law or fact. *United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987). To determine if a common question of law or fact exists, the Court must find "a common question that must be answered identically in each case in which it is presented." *Habitat Education Center, Inc. v. Kimbell*, 2008 U.S. Dist. LEXIS 46377 * 3 (E.D. Wis. 2008). When common questions of law or fact are present, cases should be consolidated if it will streamline litigation without causing undue prejudice to any party. *Habitat Education*, *3, citing *Fleishman v. Prudential-Bache Sec., Inc.,* 103 F.R.D. 623, 624-25 (E.D. Wis. 1984). Consolidation is proper where no undue prejudice exists as to any party and it will promote judicial efficiency and prevent inconsistent rulings. *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2011 U.S. Dist. LEXIS 102213 at *8 (N.D. Ill. September 9, 2011). The court always retains the power to deconsolidate when subsequent events reveal that consolidation is no longer appropriate. *See New England Energy Inc. v. Keystone Shipping Co*., 855 F.2d 1, 9 n.9 (1st Cir. 1988); *Liberty Media Corp. v. Vivendi Universal, S.A*., 842 F. Supp. 2d 587, 593 (S.D. N.Y).

Additionally, Rule 20(a) allows for permissive joinder "when two requirements are met. First, the cases to be joined must contain a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences. Second, there must be a question of law or fact common to all the plaintiffs." *McDowell v. Morgan Stanley & Co.*, 645 F.Supp.2d 690, 694 (N.D. Ill. 2009). If "the Court finds that joinder is improper, Rule 21 comes into effect." *Id.* Under Rule 21, on motion or on its own, the court may at any time, on just terms, add or drop a party. Fed. R. Civ. Pro. 21. It is within the district court's broad discretion whether to sever a claim or

8

party under Rule 21. *See Rice v. Sunrise Express*, Inc., 209 F.3d 1008, 1016 (7th Cir. 2000). A court may sever claims, creating separate proceedings, so long as claims are discrete and separate. *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006).

### B. Continued Consolidation is Prejudicial to Hundreds of Defendants

Plaintiffs' recent Motion for Relief from Judgment, while legally correct in part, demonstrates the prejudice continued consolidation imposes on hundreds of defendants. According to the judgment entered on May 14, 2025, 463 Defendants were entitled to judgment. Plaintiffs take issue with judgment for Bradley Clark; Steven Conrad, Justin Eckelberry; Jason Furlow; James Gray; Marcus Jenkins; Brian Livingston; John Maragni; Carson Winters, Greg Gossett, Stephen Duncan, and Kim Butler. Doc. 824 at 1-2. This is based on the eight cases identified above: *Johnson v. McAllister,* SDIL No. 15-308; *Hamilton v. McAllister,* SDIL No. 15-281; *Clark v. Tact Team,* CDIL No. 15-1116; *Verser v. Duncan,* SDIL No. 15-1263, ECF Doc. 1, par. 17; *Harding v. Baldwin,* SDIL No. 16-83*; Tenney v. Baldwin, et al.,* SDIL No. 16-115; *Smith v. Godinez, et al.,* SDIL No. 16-248; and *Knox v. Butler,* SDIL No. 17-494.

As long as the above cases remain consolidated with this case, final judgment cannot enter for the balance of the Defendants, further delaying finality to the hundreds of Defendants who have already prevailed. To wait for each of the above individual cases to resolve will likely take months to years. While Plaintiffs' intention to appeal the jury's verdict is unclear at present, that process could add additional years to this matter, which will further delayed by waiting for resolution of the eight cases. Defendants, many of whom have long retired from IDOC employment, want and are entitled to closure as soon as possible in this 10-year-old case.

### C. The Primary Questions Supporting Consolidation Have Been Resolved

The Seventh Circuit said in its order affirming class certification, "plaintiffs did not seek class status as to each and every defendant involved in the shakedown." *Ross v. Gossett*, 33 F.4th 433, 442 (7th Cir. 2022). The class portion resolved whether the supervisors responsible for the creation and implementation of the uniform shakedown plan, and the allegations the plan itself utilized measures designed to inflict pain or humiliation with no penological purpose, violated the Eighth Amendment in their actions in imposing those conditions on the inmates. *Id.* at 440. The Seventh Circuit was clear that mini-trials concerning the conduct of individual officers were separate from the claims regarding the uniform plan. *Id.*

The claims remaining in the above-listed eight cases are just the type of individual claims requiring "mini-trials" the Seventh Circuit referenced. For example, Johnson claims he was strip searched by John Maragni in front of female staff. Exhibit A, deposition of Jammel Johnson, pg. 110. Hamilton says officer Jason Furlow used force on him during the shakedown. *See* Exhibit B, Hamilton's Interrogatory Response #2. Verser says Steven Conrad, Justin Eckelberry, Marcus Jenkins, and Brian Livingston beat him. *Verser,* CDIL No. 15-3221, ECF Doc. 1, pars. 17-18. Harding claims an officer inserted a finger in Harding's anus. *Harding,* SDIL No. 16-83, ECF No. 1, pg. 9. Smith says Officer Bradley Clark used force on him. *Smith,* SDIL No. 16-248, ECF No. 10, pg. 2. Knox says Winters beat him in the presence of other staff. *Knox v. Butler,* SDIL No. 17-494, ECF No. 1, pg. 3-4.

The individualized nature of the eight remaining cases would preclude them being tried together, as they have different defendants and arise out of different prisons at different times. *See* Fed. R. Civ. Pro. 42(b) ("for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims,

10

or third-party claims"). When deciding whether to order separate trials, the "court must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). Rather than ordering separate trials within *Ross,* judicial economy favors deconsolidating these cases so they may proceed as appropriate.

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court grant Defendants' Motion to Deconsolidate, or such other relief as deemed appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Joseph N. Rupcich
One of the Attorneys for Class Defendants

Joseph N. Rupcich
ARDC No. 6283899
CASSIDAY SCHADE LLP
2040 West Iles Avenue, Suite B
Joseph N. Rupcich
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jrupcich@cassiday.com

*Counsel for Class Defendants*

KWAME RAOUL
Attorney General of Illinois

Laura Bautista
ARDC No. 6289023
Assistant Chief Deputy Attorney General
500 S. Second Street
Springfield, Il 62701
Phone: (217) 782-5819
Fax: (217) 782-8767
Laura.bautista@ilag.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Jon Loevy, Maria Makar, Scott Rauscher, Megan Porter,
Michael Kanovitz, Ruth Brown, Stephen Weil
Loevy & Loevy
312 North May, Suite 100
Chicago, IL  60607
weil@loevy.com
jon@loevy.com
makar@loevy.com
porter@loevy.com
mike@loevy.com
ruth@loevy.com
scott@loevy.com

Alan Mills, Nicole Schult
Uptown People's Law Center
4413 North Sheridan Rd.
Chicago, IL.  60640
alan@uplcchicago.org
nicole@uplcchicago.org

Terah Tollner, Sarah Grady
Kaplan & Grady
2071 N. Southport Avenue, Suite 205
Chicago, IL  60614
nabihah@kaplangrady.com
terah@kaplangrady.com
sarah@kaplangrady.com

/s/ Joseph N. Rupcich

13368800